UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CloudofChange, LLC, | |
| Plaintiff, | Case No. 6:19-cv-00513 |
| v. | |
| NCR Corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff CloudofChange, LLC ("CloudofChange" or "COC" or "Plaintiff") files this Original Complaint for Patent Infringement against Defendant NCR Corporation ("NCR" or "Defendant").

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §271 *et seq.*  This action involves U.S. Patent No. 9,400,640 (the "'640 Patent") and U.S. Patent No. 10,083,012 (the "'012 Patent").  *See* Ex. A (the '640 Patent), Ex. B (the '012 Patent).

## PARTIES

2.      Plaintiff CloudofChange, LLC is a New York corporation having its principal place of business at 7 Mansion St., Suite 215, Poughkeepsie, New York 12601.  Plaintiff CloudofChange, LLC is the owner by assignment of the '640 Patent and the '012 Patent.

3.      Defendant NCR Corporation is a Maryland corporation having its principal place of business at 864 Spring Street NW, Atlanta, Georgia 30308.  Defendant NCR Corporation also has a regular and established place of business at 1077 Central Parkway South, San Antonio, Texas 78232.  Defendant NCR Corporation is registered as a foreign for-profit corporation doing business in the State of Texas and may be served through its registered agent—Corporation

Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

## JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction over this action in accordance with 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §101, *et seq.*

5.      The Court has personal jurisdiction over Defendant NCR Corporation because, upon information and belief, Defendant NCR Corporation maintains a regular and established place of business in the State of Texas within this judicial district and has committed acts of patent infringement in the State of Texas and in this judicial district.

6.      Venue is proper in this district under 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND

7.      This case involves technology for the online building and configuration of a web-based point of sale system.  Ex. A, '640 Patent, at Abstract. In particular, the technology includes a web-based POS builder that "can assist non-expert business operators in building, editing and testing a point of sale system to manage their businesses" which can "range from a single branch to a large chain of stores or branches."  *Id*.

8.      Historically, "practice in the field of assembling point of sale systems includes manually coding front-of-screen information … by a business expert with the help of a programmer or data expert."  *Id*. at 1:20-26.  Further, POS systems assembled manually are prone to mistakes and difficult to change.  *See id*. at 1:33-35.  As such, prior to the Plaintiff's patents, "store owners tend[ed] to retain older, inaccurate, out-of-date POS screens in order to avoid the POS screen editing process."  *Id*. at 1:35-38.

9.      Plaintiff CloudofChange has U.S. patents directed to innovations in assembling POS systems including the '640 Patent and the '012 Patent.  The named inventors of the '640 Patent and the '012 Patent are Wayne Baratta and Quentin Olson, who are the two founders of CloudofChange.

10.      The '640 Patent generally describes and claims a web-based POS builder system that includes one or more point of sale terminals, an internet connection, one or more local or remote PC workstations, and point of sale builder software.  The use of the web-based POS builder system described and claimed in the '640 Patent reduces the need for manually coding POS systems with the help of a programmer or a data expert.

11.      On information and belief, NCR has begun making, using, importing, selling and/or offering for sale products in this district and elsewhere in the United States that infringe the '640 Patent literally, directly or indirectly, or under the doctrine of equivalents.  On information and belief, one of the infringing products is NCR Silver, including NCR Silver® software as a service, related hardware, application software (collectively, "NCR Silver") as specifically discussed herein.

12.      The '012 Patent generally describes and claims a web-based POS builder system that includes a web server, one or more POS terminals, and a POS builder interface.  The use of the web-based POS builder system described and claimed in the '012 Patent reduces the need for manually coding POS systems with the help of a programmer or a data expert.

13.      On information and belief, NCR has begun making, using, importing, selling and/or offering for sale products in this district and elsewhere in the United States that infringe the '012 Patent literally, directly or indirectly, or under the doctrine of equivalents.  On

information and belief, one of the infringing products is NCR Silver as specifically discussed herein.

14.     Plaintiff CloudofChange, through its counsel, sent Defendant NCR Corporation a notice letter, dated January 19, 2018, ("Notice Letter"), identifying the '640 Patent and pending continuation patent applications claiming priority to the '640 Patent, as well as infringement by the NCR Silver POS System.  This Notice Letter was received by Defendant NCR Corporation on or about January 23, 2018.

15.     On information and belief, Defendant NCR Corporation's infringement has been willful since at least receipt of the Notice Letter.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 9,400,640)

16.     Plaintiff incorporates herein all paragraphs above by reference.

17.     Plaintiff CloudofChange, inventor Wayne Baratta, and inventor Quentin Olson have invested a substantial amount of time and money to develop improvements for the point of sale systems industry, including web-based point of sale builder systems.

18.     As part of those efforts, on February 5, 2008, a non-provisional application was filed with the United States Patent and Trademark Office describing a web-based point of sale builder system.  On July 26, 2016, the United States Patent and Trademark Office issued the '640 Patent, titled "Web-Based Point of Sale Builder."  Plaintiff CloudofChange is the owner through assignment of the '640 Patent.

19.     The '640 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

20.     The claims of the '640 Patent are directed to a web-based point of sale (POS) builder system, which comprises patent-eligible subject matter.  The claims of the '640 Patent

are not directed to an abstract idea, a law of nature, or a natural phenomenon. The claims are directed to a particular web-based point of sale builder system comprising a particular software architecture with particular hardware elements. For example, the web-based point of sale builder system includes one or more point of sale terminals that display POS screens, an internet connection from said one or more point of sale terminals to a web server, one or more local or remote PC workstations, and a point of sale builder software that runs on said web server. The claims of the '640 Patent, considered as a whole, at the time of the invention were neither routine, conventional, nor well known. The claims of the '640 Patent provide a technical solution to a technical problem. For example, as explained in the Specification, "[c]urrently in the prior art, a touch screen as shown in FIG. **1** is manually configured by a programmer who knows the specific proprietary point of sale system used by a store or business. … In this invention, this product data and the touch key structure is stored in relational databases in the back office which is stored on the web servers **36** shown in FIG. **3**." Ex. A at 2:42-52.

21.     NCR has committed acts of direct infringement of the '640 Patent under 35 U.S.C. § 271(a) at least by making, using, selling, offering to sell, and/or importing into the United States NCR Silver, as described herein.

22.     In addition to directly infringing the '640 Patent through making, using, selling, offering to sell, and/or importing into the United States NCR Silver, the use of NCR Silver by others, as intended by NCR and in accordance with instructions provided by NCR, directly infringes the '640 Patent. Specifically, NCR sells and/or leases NCR Silver to customers in the United States with the expectation and intent that such customers will use NCR Silver, thereby directly infringing the '640 Patent. NCR has had knowledge of the '640 Patent, and the

infringement of the '640 Patent, since at least the receipt of the Notice Letter. As such, NCR has induced infringement of the '640 Patent under 35 U.S.C. § 271(b).

23. NCR has been aware, since at least the receipt of the Notice Letter, that NCR Silver was especially made or especially adapted for use in an infringement of the '640 Patent, is not a staple article or commodity of commerce, and has no substantial use that does not infringe the '640 Patent. Because NCR Silver itself infringes the '640 Patent, any use or sale thereof infringes the '640 Patent. As such, NCR's sale and/or lease and offering for sale and/or lease of NCR Silver constitutes contributory infringement of the '640 Patent under 35 U.S.C. § 271(c).

24. NCR has infringed and continues to infringe, literally, directly or indirectly, or under the doctrine of equivalents, one or more claims, including at least Claim 1 of the '640 Patent by NCR Silver, a web-based point of sale (POS) builder system as described in the '640 Patent. Specifically, NCR Silver comprises one or more point of sale terminals, that display POS screens, an internet connection from said one or more point of sale terminals to a web server, one or more local or remote PC workstations, and point of sale builder software that runs on said web server as described in the '640 Patent. Further, NCR Silver includes functionality wherein said local or remote workstations are utilized to build or edit said POS terminals in real time, from anywhere in the world and over the worldwide web, wherein said web servers are provided as a vendor subscription service, wherein web server software resides and is hosted on said vendor's remote servers as described in the '640 Patent. Further, NCR Silver includes functionality wherein subscriber company's POS terminals access and repeatedly interact with said web server software from said vendor's remote servers in order to perform the subscriber's desired terminal function, over a network, wherein the network comprises the Internet as described in the '640 Patent.

25.     NCR has infringed and continues to infringe, literally, directly or indirectly, or under the doctrine of equivalents, one or more claims, including at least Claim 1 of the '640 Patent by NCR Silver, which includes a web-based point of sale (POS) builder system, as illustrated in NCR Silver Point of Sale System Overview video[1]:



*See also* Ex. D, p. 1 (identifying NCR Silver as including "NCR Silver® Software as a Service suite of applications ('Service'), the related hardware ('Hardware') and the user application software and updates ('Software') that NCR provides you in connection with the Service…" and stating "NCR will use commercially reasonable efforts to make the Service available to you 24 hours per day via Internet access…").

26.     NCR has infringed and continues to infringe, literally, directly or indirectly, or under the doctrine of equivalents, one or more claims, including at least Claim 1 of the '640

---

[1] *See* https://www.youtube.com/watch?v=Tny9H4gY9mw (published April 24, 2014, last visited August 27, 2019).

Patent by NCR Silver, which includes one or more point of sale terminals, that display POS screens as described and shown in at least Ex. C, p. 1 (illustrating a list of registered devices including iPad and iPhone devices), p. 7-9 (illustrating a POS screen on an iPad).

27.     NCR has infringed and continues to infringe, literally, directly or indirectly, or under the doctrine of equivalents, one or more claims, including at least Claim 1 of the '640 Patent by NCR Silver, which includes an internet connection from said one or more point of sale terminals to a web server as described and shown in at least Ex. C, p. 5 (illustrating an Internet connection from the iPad), p. 6 (illustrating the connection from the iPad to "Apple.com," "Silver Back Office," "Credit," and "NCR Silver Host").  *See also* Ex. D, p. 1, 7 (stating "NCR will use commercially reasonable efforts to make the Service available to you 24 hours per day via Internet access" and "With respect to any NCR computer system, network, or service, you agree not to…interfere with or disrupt NCR websites, servers, systems, or networks…").

28.     NCR has infringed and continues to infringe, literally, directly or indirectly, or under the doctrine of equivalents, one or more claims, including at least Claim 1 of the '640 Patent by NCR Silver, which includes one or more local or remote PC workstations as illustrated in Getting started with Silver video[2]:

---

[2] *See* https://www.youtube.com/watch?v=Z106MoJCOUU (published October 3, 2017, last visited August 27, 2019).



29.     NCR has infringed and continues to infringe, literally, directly or indirectly, or under the doctrine of equivalents, one or more claims, including at least Claim 1 of the '640 Patent by NCR Silver, which includes point of sale builder software that runs on said web server, wherein said local or remote workstations are utilized to build or edit said POS terminals in real time, from anywhere in the world and over the worldwide web, wherein said web servers are provided as a vendor subscription service, wherein web server software resides and is hosted on said vendor's remote servers.  Further, NCR Silver includes functionality wherein subscriber company's POS terminals access and repeatedly interact with said web server software from said vendor's remote servers, in order to perform the subscriber's desired terminal function, over a network.  Further, NCR Silver includes functionality wherein the network comprises the Internet

as illustrated in the NCR Silver Point of Sale System Overview video[3] as a "cloud-based software":



*See also* Ex. D, p. 1 (identifying NCR Silver as including "NCR Silver® Software as a Service suite of applications ('Service'), the related hardware ('Hardware') and the user application software and updates ('Software') that NCR provides you in connection with the Service…" and stating "NCR will use commercially reasonable efforts to make the Service available to you 24 hours per day via Internet access…"), p. 7 ("With respect to any NCR computer system, network, or service, you agree not to…interfere with or disrupt NCR websites, servers, systems, or networks…").  *See also* Ex. C, p. 2-10 (illustrating a workstation adding an item to a POS terminal that is connected to the Internet; illustrating a POS terminal on an iPad that was generated from the Back Office using NCR Silver; and illustrating POS transactions at the

---

[3] *See* https://www.youtube.com/watch?v=Tny9H4gY9mw (published April 24, 2014, last visited August 27, 2019).

workstation from the POS terminal connected to the Internet).  *See also* Ex. E, "NCR Silver™ Point of Sale – Life is about to get easier," at p. 1 (stating "NCR Silver comes with real-time Back Office access from anywhere").

30.     NCR has infringed and continues to infringe, literally, directly or indirectly, or under the doctrine of equivalents, one or more claims, including at least Claim 1 of the '640 Patent by NCR Silver because NCR Silver includes web servers provided as a vendor subscription service is further illustrated by the NCR Silver website.[4]



31.     On information and belief, Defendant NCR Corporation's infringement has been willful since at least receipt of the Notice Letter.

**COUNT II**
**(INFRINGEMENT OF U.S. PATENT NO. 10,083,012)**

32.     Plaintiff incorporates herein all paragraphs above by reference.

33.     On September 25, 2018, the United States Patent and Trademark Office issued the '012 Patent.  The '012 Patent is a continuation of U.S. Patent Application No. 15/198,117, filed

---

[4] *See* https://www.ncr.com/silver/shop/ncr-silver-one-essentials (last visited August 27, 2019).

on June 30, 2016, now U.S. Patent No. 9,715,371, which is a continuation of U.S. Patent Application No. 12/012,666, filed on February 5, 2008, now the '640 Patent.  CloudofChange is the owner through assignment of the '012 Patent.

34.     The '012 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

35.     The claims of the '012 Patent are directed to a web-based point of sale (POS) builder system, which comprises patent-eligible subject matter.  The claims of the '012 Patent are not directed to an abstract idea, a law of nature, or a natural phenomenon.  For example, the claims are directed to a particular web-based point of sale builder system comprising a particular software architecture with particular hardware elements.  Specifically, the web-based point of sale builder system includes a web server including POS builder software installed thereon, one or more POS terminals generated by said POS builder software, and a POS builder interface. The claims of the '012 Patent, considered as a whole, at the time of the invention were neither routine, conventional, nor well known.  The claims of the '012 Patent provide a technical solution to a technical problem. *See, e.g.,* Ex. B at 2:57-67.

36.     NCR has committed acts of direct infringement of the '012 Patent under 35 U.S.C. § 271(a) at least by making, using, selling, offering to sell, and/or importing into the United States NCR Silver, as described herein.

37.     In addition to directly infringing the '012 Patent through making, using, selling, offering to sell, and/or importing into the United States NCR Silver, the use of NCR Silver by others, as intended by NCR and in accordance with instructions provided by NCR, directly infringes the '012 Patent.  Specifically, NCR sells and/or leases the NCR Silver to customers in the United States with the expectation and intent that such customers will use NCR Silver,

thereby directly infringing the '012 Patent.  On information and belief, NCR has had knowledge of the pending application that later issued as the '012 Patent and its infringement since at least the receipt of the Notice Letter.  As such, NCR has induced infringement of the '012 Patent under 35 U.S.C. § 271(b).

38.     NCR knew or should have known that NCR Silver was especially made or especially adapted for use in an infringement of the '012 Patent, is not a staple article or commodity of commerce, and has no substantial use that does not infringe the '012 Patent. Specifically, because NCR Silver itself infringes the '012 Patent, any use or sale thereof infringes the '012 Patent.  As such, NCR's sale and/or lease and offering for sale and/or lease of NCR Silver constitutes contributory infringement of the '012 Patent under 35 U.S.C. § 271(c).

39.     NCR has infringed and continues to infringe, literally, directly or indirectly, or under the doctrine of equivalents, one or more claims, including at least Claim 1 of the '012 Patent by NCR Silver, a web-based point of sale (POS) builder system as described in the '012 Patent. Specifically, NCR Silver comprises a web server including POS builder software installed thereon; one or more POS terminals generated by said POS builder software and said one or more POS terminals configured to be accessible at one or more terminal devices, said POS terminals configured to accept POS transactions and collect corresponding transaction data; and a POS builder interface configured to be accessible via network communication with said web server over a communications network as described in the '012 Patent.  Further, NCR Silver includes functionality wherein said POS builder interface is configured to be utilized to access said POS builder software for programmatically creating or modifying said one or more POS terminals in real time over the communications network.  Further, NCR Silver includes functionality wherein said POS builder software is configured to interact with said one or more

POS terminals over the communications network in order for the web-based point of sale (POS) builder system to perform functions in accordance with instructions sent from the POS builder interface as described in the '012 Patent.  Further, NCR Silver includes functionality wherein said POS transactions and corresponding transaction data from said one or more POS terminals are configured to be transmitted to said web server via the communications network as described in the '012 Patent.  Further, NCR Silver includes functionality wherein each POS transaction is correlated with corresponding transaction data occurring at said one or more POS terminals as described in the '012 Patent.

40.     NCR has infringed and continues to infringe, literally, directly or indirectly, or under the doctrine of equivalents, one or more claims, including at least Claim 1 of the '012 Patent by NCR Silver, which includes a web-based point of sale (POS) builder system as illustrated in the NCR Silver Point of Sale System Overview video[5]:



---

[5] *See* https://www.youtube.com/watch?v=Tny9H4gY9mw (published April 24, 2014, last visited August 27, 2019).

*See also* Ex. D, p. 1 (identifying NCR Silver as including "NCR Silver® Software as a Service suite of applications ('Service'), the related hardware ('Hardware') and the user application software and updates ('Software') that NCR provides you in connection with the Service…" and stating "NCR will use commercially reasonable efforts to make the Service available to you 24 hours per day via Internet access…").

41.     NCR has infringed and continues to infringe, literally, directly or indirectly, or under the doctrine of equivalents, one or more claims, including at least Claim 1 of the '012 Patent by NCR Silver, which includes a web server including POS builder software installed thereon as illustrated in the NCR Silver Point of Sale System Overview video[6] as a "cloud-based software":



*See also* Ex. D, p. 1, 7.

---

[6] *Id.*

42.     NCR has infringed and continues to infringe, literally, directly or indirectly, or under the doctrine of equivalents, one or more claims, including at least Claim 1 of the '012 Patent by NCR Silver, which includes one or more POS terminals generated by said POS builder software and said one or more POS terminals configured to be accessible at one or more terminal devices, said POS terminals configured to accept POS transactions and collect corresponding transaction data as described and shown in at least Ex. C, p. 1-10 (illustrating a POS terminal on an iPad that was generated from the Back Office using NCR Silver; illustrating a list of registered devices accessible from the Back Office; illustrating POS terminal that is connected to the Internet with added item from the Back Office; and illustrating in the Back Office the POS transactions collected from the POS terminal).

43.     NCR has infringed and continues to infringe, literally, directly or indirectly, or under the doctrine of equivalents, one or more claims, including at least Claim 1 of the '012 Patent by NCR Silver, which includes a POS builder interface configured to be accessible via network communication with said web server over a communications network; wherein said POS builder interface is configured to be utilized to access said POS builder software for programmatically creating or modifying said one or more POS terminals in real time over the communications network. Further, NCR Silver includes functionality wherein said POS builder software is configured to interact with said one or more POS terminals over the communications network in order for the web-based point of sale (POS) builder system to perform functions in accordance with instructions sent from the POS builder interface. Further, NCR Silver includes functionality wherein said POS transactions and corresponding transaction data from said one or more POS terminals are configured to be transmitted to said web server via the communications network. Further, NCR Silver includes functionality wherein each POS transaction is correlated

with corresponding transaction data occurring at said one or more POS terminals as described and shown in at least Ex. D, Ex. C, and Ex. E. *See* Ex. D, p. 1 (identifying NCR Silver as including "NCR Silver® Software as a Service suite of applications ('Service'), the related hardware ('Hardware') and the user application software and updates ('Software') that NCR provides you in connection with the Service…" and stating "NCR will use commercially reasonable efforts to make the Service available to you 24 hours per day via Internet access…"), p. 7 ("With respect to any NCR computer system, network, or service, you agree not to…interfere with or disrupt NCR websites, servers, systems, or networks…"). *See also* Ex. C, p. 1-10 (illustrating a POS terminal on an iPad that was generated from the Back Office using NCR Silver; illustrating a list of registered devices accessible from the Back Office; illustrating POS terminal that is connected to the Internet with added item from the Back Office; and illustrating in the Back Office the POS transactions collected from the POS terminal). *See also* Ex. E, "NCR Silver™ Point of Sale – Life is about to get easier," at p. 1 (stating "NCR Silver comes with real-time Back Office access from anywhere").

44.     On information and belief, Defendant NCR Corporation's infringement has been willful since at least the issuance of the '012 Patent.

45.     The facts and circumstances surrounding the subject of this lawsuit, on information and belief, make this an "exceptional case" under 25 U.S.C. § 285 and as such, Plaintiff is entitled to recover attorneys' fees under 25 U.S.C. § 285.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, CloudofChange LLC respectfully requests the following relief:

A.      Enter judgment that NCR Corporation has infringed the '640 Patent and the '012 Patent and that such infringement was willful;

B.      Enter an Order enjoining NCR Corporation, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with NCR Corporation who receive notice of the order from further infringement of the '640 Patent and the '012 Patent;

C.      Award CloudofChange LLC damages in an amount sufficient to compensate it for NCR Corporation's infringement of the '640 Patent and the '012 Patent, including enhanced damages, together with pre-judgment and post-judgment interest and costs in accordance with 35 U.S.C. § 284;

D.      Award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damages for any such acts of infringement;

E.      Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses and costs incurred in this action; and

F.      Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated:  August 30, 2019                                   Respectfully submitted,


                                                          By: */s/ John H. Barr, Jr.*

                                                          John H. Barr, Jr.
                                                          Attorney In Charge
                                                          Texas Bar No. 00783605
                                                          jbarr@pattersonsheridan.com

                                                          John A. Yates
                                                          Texas Bar No. 24056569
                                                          jyates@pattersonsheridan.com

B. Todd Patterson
Texas Bar No. 00789537
tpatterson@pattersonsheridan.com

**Patterson + Sheridan LLP**
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel): 713-623-4844
(Fax): 713-623-4846

Abelino Reyna
Texas Bar No. 24000087
areyna@pattersonsheridan.com

**Patterson + Sheridan LLP**
900 Washington Ave., Suite 503
Waco, Texas 76701
(Tel.): 254-777-5248
(Fax): 877-777-8071

*Attorneys for Plaintiff,*
*CloudofChange LLC*