UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT Of TEXAS
WACO DIVISION

------------------------------------------------------------------- x
CloudofChange, LLC                                    )
                                                      ) Case No. 6:19-CV-00513
                Plaintiff,          )
                                                      )
    v.                                            ) JURY TRIAL DEMANDED
                                                      )
NCR Corporation                                       )
                                                      )
                Defendant.          )
                                                      )
------------------------------------------------------------------- x

**DEFENDANT'S MOTION TO TRANSFER VENUE
TO THE NORTHERN DISTRICT OF GEORGIA
PURSUANT TO 28 U.S.C. § 1404(a)**

Pursuant to 28 U.S.C. § 1404(a), Defendant moves the Court to transfer this case from the Western District of Texas to the Northern District of Georgia, Atlanta Division, for the convenience of the parties and witnesses and in the interest of justice. None of the known facts and events allegedly giving rise to the instant action occurred in the Western District of Texas. None of the parties in the instant action reside in the Western District. In contrast, substantially all of the documents and other evidence relevant to the instant action are or are likely to be located in the Northern District of Georgia. Likewise, all currently-known potential non-party witnesses are expected to reside in the Atlanta area, including former and retired NCR employees with relevant knowledge. Therefore, for the convenience of the parties and witnesses and in the interest of justice, Defendant NCR Corporation ("NCR") respectfully moves this Court for an order transferring this case to the United States District Court for the Northern District of Georgia, Atlanta Division.

## TABLE OF CONTENT

I. BACKGROUND ................................................................................................................ 4

   A. The Parties ................................................................................................................ 4

   B. Nature of the Case..................................................................................................... 4

II. LEGAL STANDARD GOVERNING DECISION TO TRANSFER ................................ 6

III. THE CASE SHOULD BE TRANSFERRED .................................................................... 7

   A. This Action Could Have Been Brought in the Northern District of Georgia ........... 8

   B. Private Interest Factors Weigh in Favor of Transfer ................................................ 8

      1. Relative Ease of Access to Sources of Proof ...................................................... 8

      2. Availability of Compulsory Process ................................................................... 9

      3. Cost of Attendance for Willing Witnesses........................................................ 10

      4. Other Practical Problems .................................................................................. 11

   C. Public Interest Factors Weigh in Favor of Transfer................................................ 11

      1. Administrative Difficulties Flowing From Court Congestion .......................... 11

      2. Local Interest in Deciding Localized Controversies at Home .......................... 12

      3. Familiarity of the Forum with the Law............................................................. 13

      4. Avoidance of Unnecessary Problems of Conflict of Laws ............................... 13

V. CONCLUSION ................................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*,
 321 F.2d 53 (5th Cir. 1963) ................................................................................................6

*In re Genentech, Inc.*,
 566 F.3d 1338 (Fed. Cir. 2009) ................................................................................8, 10, 11

*In re Horseshoe Entm't*,
 337 F.3d 429 (5th Cir. 2003) .............................................................................................11

*In re Nintendo Co., Ltd.*,
 589 F.3d 1194 (Fed. Cir. 2009) ........................................................................................6, 7

*In re TS Tech USA Corp.*,
 551 F.3d 1315 (Fed. Cir. 2009) ..............................................................................6, 7, 8, 12

*In re Volkswagen AG*,
 371 F.3d 201 (5th Cir. 2004) ...................................................................................... *passim*

*In re Volkswagen of Am., Inc.*,
 545 F.3d 304 (5th Cir. 2008) .................................................................................7, 8, 9, 12

*In re Volkswagen of America*,
 566 F.3d 1349 (Fed. Cir. 2009) ....................................................................................11, 13

**Federal Rules**

Fed. R. Civ. P. 45(c)(1)(B) ..........................................................................................................9

**Federal Statutes**

28 U.S.C. § 1391 .........................................................................................................................8

28 U.S.C. § 1391(c) ....................................................................................................................8

28 U.S.C. § 1404(a) ....................................................................................................................6

I.   BACKGROUND

   A.   The Parties

NCR is a Maryland corporation with its corporate headquarters currently located at 864 Spring St. NW, Atlanta, Georgia 30308. Declaration of Marni Reinlieb ("Reinlieb Decl.") at ¶ 3. NCR has offices all over the world, including several in Texas. *See* NCR Website at https://www.ncr.com. As the Website explains, NCR has helped companies better connect, interact, and transact with customers for over 130 years. *Id*. NCR is the world leader in enterprise technology for restaurants, retailers, and banks. *Id*. It is the No. 1 global point-of-sales (POS) software provider for the retail and hospitality industries and the No. 1 provider of multi-vendor ATM software. *Id*. It creates software, hardware, and services that run enterprises from back office to front end and everything in between. *Id*.

Plaintiff CloudofChange, LLC ("Plaintiff"), on the other hand, does not appear to make or sell anything. According to its Complaint, Plaintiff is a New York corporation with its principal place of business at 7 Mansion St., Suite 215, Poughkeepsie, New York 12601. Complaint (Dkt. 1) at ¶ 2. According to the New York State Department of State, Corporate Division, Plaintiff was formed on November 18, 2016, shortly after issuance of the '640 Patent. *See* NYS Department of State printout, Ex. A. Upon information and belief, Plaintiff has no offices in the Western District of Texas or any employees with relevant information to whom the Western District would be a more convenient venue. But for the instant action, Plaintiff does not appear to have any Texas connections at all, let alone in the Western District.

   B.   Nature of the Case

Plaintiff brought this action on August 30, 2019 alleging NCR infringes certain claims of U.S. Patent No. 9,400,640 ("the '640 Patent") and U.S. Patent No. 10,083,012 ("the '012 Patent") (collectively, "Asserted Patents"). Complaint at ¶ 1. In its Complaint, Plaintiff alleged that a

product called NCR Silver ("Accused Product") infringes certain claims of the Asserted Patents. Complaint at ¶¶ 11, 13. NCR Silver is an off-the-shelf point-of-sale (POS) subscription service designed for small business. Reinlieb Decl. at ¶ 4; *see also* https://www.ncrsilver.com.

Plaintiff also alleged that NCR "has a regular and established place of business at 1077 Central Parkway South, San Antonio, Texas 78232," which is in the Western District. Complaint at ¶ 2. Presumably this was an attempt to establish a connection between NCR and the Western District. However, Plaintiff failed to allege whether that San Antonio office has any relevance to the Accused Product. It does not. The San Antonio office and the employees working there have no responsibility for NCR Silver. Reinlieb Decl. at ¶ 8. No NCR Silver business operations are located, or supported by NCR employees, in the Western District of Texas. *Id*.

Rather, the Accused Product is supported almost exclusively from NCR's headquarters in Atlanta, with some level-one support services provided out of Serbia and some software programmers located in India. Reinlieb Decl. at ¶ 7. For example, software development related to the Accused Product take place in Atlanta. *Id*. at ¶ 9. Sales and marketing related to the Accused Product are handled out of Atlanta. *Id*. Customer support operations for the Accused Product are provided from Atlanta. *Id*. As such, substantially all NCR documents and information related to the Accused Product are located in Atlanta. *Id*. at ¶ 10. These include records related to the platform software, sales, marketing, customers and financial information. *Id*.

Moreover, one or more aspects of the Asserted Patents are disclosed by a prior NCR patent, U.S. Patent No. 5,920,312 ("the '312 Patent"). The '312 patent is entitled "System and Method for Building Testing and Integrating a Graphical Dinakey User Interface" and was issued on July 6, 1999, which predates the Asserted Patents. The named inventors on the '312 Patent, Samuel J. Wagner and Gary R. Young, are former NCR employees. Reinlieb Decl. at ¶ 14. Messrs. Wagner

and Young are last known to reside in the Atlanta area and may have technical knowledge relevant to this action that predates the Asserted Patents. *Id*.

The below table lists potential party and non-party witnesses NCR has identified thus far:

| Name | Affiliation | Location | Knowledge |
|---|---|---|---|
| Marni Reinlieb | NCR | Atlanta, GA | Business operation for NCR Silver |
| Janice Bailey | NCR | Atlanta, GA | Sales for NCR Silver |
| McGill Quinn | NCR | Atlanta, GA | Software engineering for NCR Silver |
| Elizabeth Vos Reeves | NCR | Atlanta, GA | Product management for NCR Silver |
| Jennica Evans | NCR | Atlanta, GA | Customer support for NCR Silver |
| Andy Deutsch | NCR | Atlanta, GA | Marketing for NCR Silver |
| Samuel J. Wagner | Non-party | Atlanta, GA | Building and testing POS systems |
| Gary R. Young | Non-party | Atlanta, GA | Building and testing POS systems |
| Wayne Baratta | CloudofChange | Poughkeepsie, NY | Inventorship, prior sales and public disclosure of Asserted Patents |
| Quentin Olson | CloudofChange | Port Townsend, WA | Inventorship, prior sales and public disclosure of Asserted Patents |

TABLE 1

## II.   LEGAL STANDARD GOVERNING DECISION TO TRANSFER

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a) (2006).  The first inquiry when analyzing an action's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009).  The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.  The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*").  Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319.  Additionally, although the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

### III. THE CASE SHOULD BE TRANSFERRED

This action has no connection to the Western District of Texas aside from being filed here. On the other hand, this action has significant ties to the Northern District of Georgia, Atlanta Division. The Accused Product is supported primarily from NCR's headquarters in Atlanta.

Substantially all of NCR's employees in the United States that support the Accused Product reside in or near Atlanta. The vast majority of documents and information related to the accused product are located in Atlanta. The Northern District of Georgia therefore provides a clearly more convenient venue for this action.

### A.   This Action Could Have Been Brought in the Northern District of Georgia

Plaintiff clearly could have filed this action in the Northern District of Georgia. Under 28 U.S.C. § 1391, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). NCR was clearly subject to personal jurisdiction in the Georgia Northern District at the time Plaintiff filed this action, as NCR's principal place of business is in Atlanta. NCR is thus a resident of the Georgia Northern District for purposes of § 1391(c) and Plaintiff could have originally filed this action in that district.

### B.   Private Interest Factors Weigh in Favor of Transfer

#### 1.   *Relative Ease of Access to Sources of Proof*

Courts analyze this factor in light of the distance that documents or other evidence must be transported from their existing location to the trial venue. *Volkswagen II*, 545 F.3d at 316. For this factor, the "physical accessibility to sources of proof" is particularly important, even in view of modern advances in the electronic transportation of documents. *Id.* at 318; *In re TS Tech*, 551 F.3d at 1321. The factor turns on which party will most probably have the greater volume of documents relevant to the litigation and their presumed location in relation to the transferee and transferor venues. *Volkswagen II*, 545 F.3d at 314-15. Notably, the bulk of the relevant documents in this action will most likely come from NCR. *See In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.").

The vast majority of NCR's documents and evidence relating to the Accused Product are located at its headquarters in Atlanta. Reinlieb Decl. at ¶ 10. These include documents relating to the development of NCR Silver, sales of NCR Silver, and documents relating to NCR's marketing and advertising efforts relating to NCR Silver. *Id*. Customer support and financial related documents are also located at NCR's headquarters in Atlanta. *Id*.

Nor would Plaintiff keep any documents or evidence relevant to this action in the Western District of Texas. As mentioned earlier, Plaintiff does not appear to maintain any operations or employees in the Western District. Assuming Plaintiff has any documents or evidence relevant to this action, such as invention-related documents and documents related to any prior public uses or sales, those documents would likely be located at Plaintiff's principal place of business in Poughkeepsie, which is nowhere near the Western District.

Thus, the relative ease to sources of proof factor weighs heavily in favor of transferring venue to the Georgia Northern District.

### 2.     *Availability of Compulsory Process*

This factor considers a court's ability to compel the attendance of non-party witnesses and weighs in favor of transfer when more of those witnesses reside in the transferee venue. *Volkswagen II*, 545 F.3d at 316. Such non-party witnesses would only be subject to this Court's subpoena power regarding attending trial where they would not incur a substantial expense in attending such trial. *See* Fed. R. Civ. P. 45(c)(1)(B) (A court may enforce a subpoena issued to any non-party witness to appear at trial in the state where the witness resides, provided the party does not incur substantial expense.).

Currently-known potential non-party witnesses include the former NCR employees, Samuel J Wagner and Gary R. Young, the named inventors on the '312 Patent, both of whom are passed known to reside in the Atlanta area. Reinlieb Decl. at ¶ 13.

There are no currently-known potential non-party witnesses who reside in the Western District of Texas or anywhere else in Texas. The named inventors of the Asserted Patents, Wayne Baratta and Quentin Olson, are the founders of Plaintiff. Complaint at ¶ 9. They are party witnesses for purposes of this action.

Therefore, the availability of compulsory process factor favors transfer.

### 3.   *Cost of Attendance for Willing Witnesses*

This factor considers the cost and convenience for witnesses to travel and attend trial in the Northern District of Georgia versus the Western District of Texas. "The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 566 F.3d at 1342. Both party and non-party witnesses are to be considered. *Volkswagen I*, 371 F.3d at 204 (requiring courts to "contemplate consideration of the parties and witnesses").

Most of the currently-known and relevant party witnesses reside in the Georgia Northern District. None reside in the Western District. To the extent Plaintiff calls any of NCR's current employees as witnesses, those witnesses would incur virtually no cost traveling to the Atlanta courthouse for trial. They would incur significantly more cost in time away from work, airfare, car rental, meals, lodging, and the like, if required to travel to Waco.

As for non-party witnesses, as mentioned above, the currently-known potential non-party witnesses are the named inventors of the prior art '312 patent, Samuel J Wagner and Gary R. Young, both of whom are last known to reside in the Atlanta area. These potential non-party witnesses can far more conveniently travel to the Atlanta courthouse than to Waco.

Additionally, obtaining relevant documents and evidence from both party and non-party witnesses and deposing them in Atlanta where they are believed to reside and/or work is clearly more convenient than doing so from the Western District of Texas.

To the extent any employees at Plaintiff's principal place of business in Poughkeepsie are called as party witnesses, these witnesses would also incur significantly more cost in airfare if required to travel to the Western District of Texas.  According to Google Maps, the distance from Poughkeepsie to Atlanta is about 936 miles compared to over 1,700 miles to Waco.  *See* Google Maps printout, Ex. B.

The cost of attendance for willing witnesses factor therefore weighs in favor of transfer.

### 4.      *Other Practical Problems*

Practical problems include issues of judicial economy.  *In re Volkswagen of America*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) *("Volkswagen III")*.  This factor is usually relevant only in "rare and special circumstances" and therefore is often considered neutral.  *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).  No such rare or special circumstances are presented here.  The case is in its early stages, discovery has not yet begun, a scheduling conference has not been scheduled, and no other risks of delay or prejudice are likely.

Accordingly, the other practical problems factor is neutral.

## C.     **Public Interest Factors Weigh in Favor of Transfer**

### 1.      *Administrative Difficulties Flowing From Court Congestion*

Court congestion can take into account how quickly a case will come to trial and be resolved.  *In re Genentech*, 566 F.3d at 1347.  Here, both the Western District of Texas and the Northern District of Georgia have extensive experience with complex patent cases.  However, the Texas Western District moves slightly faster to trial than the Georgia Northern District according to the Administrative Office of the United States Courts' Federal Case Management statistics at: https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-june-2019.  *See* Ex. C, retrieved October 15, 2019.  These statistics show that as of the 12-month period ending

June 30 2019, the Texas Western District has a median time to trial of 27.4 months, whereas the Georgia Northern District has a median time to trial of 29.4 months.

Thus, this factor weighs slightly against transfer.

### 2.     *Local Interest in Deciding Localized Controversies at Home*

The Court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004).  Interests that "could apply virtually to any judicial district or division in the United States," such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d 1315, 1321 (Fed. Cir. 2008).

As explained earlier, NCR has no offices or employees with information relevant to the Accused Product in the Western District of Texas.  Reinlieb Decl. at ¶ 8.  None of NCR's identified witnesses reside in the Western District.  Upon information and belief, Plaintiff has no offices or employees with relevant knowledge in the Western District.  Any interest in this action that the Western District might have could apply virtually to any judicial district or division in the United States.

In contrast, Atlanta has a strong interest in this action.  The Accused Product is supported primarily from NCR's headquarters in Atlanta.  Reinlieb Decl. at ¶ 7.  Development efforts related to the Accused Product are performed by NCR employees in Atlanta.  *Id*. at ¶ 9.  Sales and marketing related to the Accused Product are handled by NCR employees in Atlanta.  *Id*.  Customer support operations for the Accused Product are provided by NCR employees in Atlanta.  *Id*.  Substantially all NCR documents and information related to the Accused Product that may be relevant in this action are thus located in Atlanta.  *Id*. at ¶ 10.  Substantially all of NCR's employees in the United States that support the Accused Product likewise reside in or near Atlanta.  *Id*. at

¶ 11.  As such, the Northern District of Georgia has a particularized interest in the resolution of this action that is not applicable to any other judicial district or division in the United States.

The local interest factor therefore weighs in favor of transfer.

### 3. *Familiarity of the Forum with the Law*

This factor considers the "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203.  Both the Western District of Texas and the Northern District of Georgia are equally capable of applying the law regarding patent infringement claims.

This factor is therefore neutral.

### 4. *Avoidance of Unnecessary Problems of Conflict of Laws*

There is no known conflict of laws issue in this case with respect to Defendant.  Thus, this factor is neutral.

## V.   CONCLUSION

Based on the foregoing analysis of the factors set forth in *Volkswagen I*, *Volkswagen II*, and *Volkswagen III*, the Northern District of Georgia offers a clearly more convenient venue for the parties and the witnesses than the Western District of Texas for the instant action.  Defendant thus respectfully requests that the Court, in the interests of justice, transfer this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: October 25, 2019 | By: /s/ Charles E. Phipps |
|  | Charles E. Phipps |
|  |    Texas State Bar No. 00794457 |
|  |    cphipps@lockelord.com |
|  | LOCKE LORD LLP |
|  | 2200 Ross Avenue, Suite 2800 |
|  | Dallas, Texas 75201 |
|  | (214) 740-8000 Telephone |
|  | (214) 740-8800 Facsimile |
|  | **ATTORNEYS FOR DEFENDANT NCR CORPORATION** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 25, 2019, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's electronic filing system per Local Rule CV-5(b)(1).

By: /s/ Charles E. Phipps
Charles E. Phipps

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that Charles E. Phipps, counsel for Defendant, conferred with John Barr, counsel for Plaintiff on October 25, 2019, regarding the relief sought in this Motion in accordance with Local Rule CV-7(i). Counsel for Plaintiff has indicated that the Motion is opposed.

By: /s/ Charles E. Phipps
Charles E. Phipps
