UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CloudofChange, LLC, | |
|     Plaintiff, | Case No. 6:19-CV-00513-ADA |
|     v. | |
| NCR Corporation, | **JURY TRIAL DEMANDED** |
|     Defendant. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE AND PLAINTIFF'S REQUEST FOR HEARING**

# TABLE OF CONTENTS

I.    Introduction ............................................................................................................. 1

II.   Legal Standard ........................................................................................................ 1

III.  Background .............................................................................................................. 2

IV.   Plaintiff's Choice of Forum Should be Honored ................................................... 4

V.    Private Interest Factors Weigh Against Transfer ................................................ 5

   A.   Ease of Access to Sources of Proof Factor is Neutral ...................................... 5

   B.   Availability of Compulsory Process Factor Weighs Against Transfer ......... 6

   C.   Cost of Attendance for Willing Witnesses Factor is Neutral .......................... 7

   D.   All Other Practical Problems Factor is Neutral ............................................... 8

VI.   Public Interest Factors Weigh Against Transfer .................................................. 8

   A.   Administrative Difficulties Factor Weighs Against Transfer ........................ 8

   B.   Local Interests Factor Weighs Against Transfer ............................................. 9

   C.   Familiarity of Forum Factor is Neutral ........................................................... 10

   D.   Avoidance of Unnecessary Problems of Conflict of Laws Factor is Neutral ............. 10

VII.  Request for Hearing .............................................................................................. 10

VIII. Conclusion .............................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**

*Mitchell v. McKibbon Hotel Group, Inc.,*
  2018 U.S. Dist. LEXIS 176914 (W.D. Tex. Feb. 22, 2018)…………………………1, 5, 6, 8

*Caldwell v. Palmetto State Sav. Bank,* 811 F.2d 916 (5th Cir. 1987)................................................1

*Vlsi Tech. v. Intel Corp.*,
  2019 U.S. Dist. LEXIS 155287 (W.D. Tex. Aug. 6, 2019)……………………..1, 2, 5, 7, 8

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988)........…………………………………….1

*Humble Oil & Ref. Co. v. Bell Marine Service, Inc.*, 321 F.2d 53 (5th Cir. 1963)…......…………1

*Fintiv, Inc. v. Apple Inc.*, 2019 U.S. Dist. LEXIS 171102 (W.D. Tex. Sept. 10, 2019)…....1, 2, 6, 8

*In re Volkswagen of Am., Inc.,* 545 F.3d 304 (5th Cir. 2008)…………………………………...2, 5

*In re Volkswagen AG,* 371 F.3d 201 (5th Cir. 2004)………………………………………………2

*Oyster Optics, LLC v. Coriant (USA) Inc.*,
  2017 U.S. Dist. LEXIS 221068 (E.D. Tex. Dec. 8, 2017)……………………………………2

*RDM, Inc. v. NCR Corporation*, No. 1:19-cv-00461 (W.D. Tex. 2019)…………………………...5

*In re Genentech*, 566 F.3d 1338 (Fed. Cir. 2009)……………………………………………….9

**Statutes**

28 U.S.C. § 1404(a)………………………………………………………………………………2

28 U.S.C. §1331………………………………………………………………………………...5

28 U.S.C. § 1338(a)………………………………………………………………….……….5

**Other Authorities**

Local Rule CV-7(h)………………………………………………………………….......10

Plaintiff CloudofChange, LLC ("CloudofChange" or "Plaintiff") files its Response in Opposition to Defendant NCR Corporation's ("NCR" or "Defendant") Motion to Transfer Venue.

## I.  Introduction

NCR seeks to transfer venue of this patent dispute to the Northern District of Georgia-Atlanta Division on the basis of convenience. (Dkt. 9). Weighing the private and public interest factors demonstrates that NCR cannot meet its heavy burden of proving that good cause mandates transferring this matter. Indeed, NCR has a significant physical presence in Texas and within this District, and actively promotes the sale of the accused product, NCR Silver, in this District by customers located in this District, including through NCR's local office located in this District. For the reasons discussed below, an analysis of each of the legal factors weighs against transfer or is neutral. Accordingly, the Motion to Transfer Venue should be denied.

## II.  Legal Standard

A district court has "broad discretion when deciding whether to grant a § 1404 motion" to transfer venue. *Mitchell v. McKibbon Hotel Group, Inc.*, 2018 U.S. Dist. LEXIS 176914, *5 (W.D. Tex. Feb. 22, 2018) (Biery, J.) (citing *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)). In particular, "[s]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Vlsi Tech. v. Intel Corp.*, 2019 U.S. Dist. LEXIS 155287, *10 (W.D. Tex. Aug. 6, 2019) (Albright, J.) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

This Court has recognized that the party moving for transfer carries a "heavy burden" of showing good cause that the transfer is warranted. *Id.* (citing *Humble Oil & Ref. Co. v. Bell Marine Service, Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)); *Fintiv, Inc. v. Apple Inc.*, 2019 U.S. Dist. LEXIS 171102, *5 (W.D. Tex. Sept. 10, 2019) (Albright, J.) (indicating the moving party has a "heavy

burden" to demonstrate that transfer is "clearly more convenient") (citing *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 314 n.10 (5th Cir. 2008)). The initial question to address in a § 1404(a) motion is "whether a civil action 'might have been brought' in the destination venue." *Vlsi Tech.,* 2019 U.S. Dist. LEXIS 155287, *11 (citing *In re Volkswagen of Am., Inc.,* 545 F.3d at 312). Upon determining that the civil action may have been brought at the destination venue, the Court considers both the interests of justice and the convenience of the parties and witnesses based on private factors and public factors. *Id*. at *12-13.

The private factors include: 1) "the relative ease of access to sources of proof;" 2) "the availability of compulsory process to secure the attendance of witnesses;" 3) "the cost of attendance for willing witnesses;" and 4) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. at *11 (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public factors include: 1) "the administrative difficulties flowing from court congestion;" 2) "the local interest in having localized interests decided at home;" 3) "the familiarity of the forum with the law that governs the case;" and 4) "the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*. While the factors indicated are "appropriate for most transfer cases, they are not necessarily exhaustive or exclusive." *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004). Indeed, no single factor is dispositive. *Oyster Optics, LLC v. Coriant (USA) Inc.*, 2017 U.S. Dist. LEXIS 221068, *8 (E.D. Tex. Dec. 8, 2017).

In consideration of the private and public interest factors, the Court "must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party." *Fintiv Inc.*, 2019 U.S. Dist. LEXIS 171102, *4-5.

**III.    Background**

Frustrated with point of sale systems that required manually coding front-of-screen

information that were difficult and expensive to implement and to revise as menu items or product offerings changed, Wayne Barrata and Quentin Olson invented and developed novel, more efficient, and more user-friendly <u>web-based</u> point of sale technologies and systems, that were easily implemented and revised by customers without the necessity of computer programmers. *See* Ex. H. Dkt. 1, Exs. A, B. Mr. Baratta has decades of experience as a retail-store owner, and Mr. Olson has significant experience as a computer programmer and industry experience in deploying point of sale systems. Ex. H. Mr. Barratta and Mr. Olson subsequently assigned their inventions to a company that they formed called CloudofChange, LLC. *Id.* CloudofChange's privately-held parent corporation Interegister Inc. is an operating entity that built, marketed, and sold such cloud-enabled, web-based systems, including into Texas as far back as 2010. *Id*.

NCR admits in its Motion that it "has offices all over the world, including several in Texas." Dkt. 9, p. 4. In fact, NCR has a significant presence in Texas and in this District, including specific marketing contacts related to the accused product. As part of NCR's marketing of NCR Silver, there is a video showcasing the use of NCR Silver in Texas, and specifically in this District. Ex. A. In the video, Lynn Reichl, a co-owner of Arches Footcare located in Temple, Bell County, Texas (approx. 36 miles from Waco and 58 miles from Austin), discusses the use of NCR Silver at Arches Footcare. *Id*. Lynn Reichl is a potential non-party witness, who would not likely be subject to subpoena to testify at a trial in the Northern District of Georgia, but who would likely be subject to subpoena for a trial in this District. NCR's marketing also features 3 videos of customers using NCR Silver, including the owner of Tejas Chocolate & Barbeque, Scott Moore, Jr., located in Tomball, Texas (approx. 152 miles from Waco and 140 miles from Austin). Ex. B. The other videos featured on the website include customers in Georgia and North Carolina. *Id*.

NCR has at least one office in every federal judicial district in Texas, including this one.

Ex. D. In total, NCR has 6 offices located in Texas. *Id*. There is 1 office in San Antonio, 2 offices in College Station, 1 office in Plano, and 2 offices in Fort Worth. *Id*. NCR also has three subsidiaries located in Texas: JetPay Payment Services, TX, LLC, TCR Business Systems, Inc., and Texas Digital Systems, Inc. Ex. K, p. 1. NCR has only one subsidiary located in Georgia. *Id*. In a press release dated May 6, 2019, NCR announced its acquisition of Texas P.O.S. Inc., which "complements NCR's existing, regional sales presence for hospitality customers and expands sales and services coverage in Texas." Ex. C. With the acquisition of Texas P.O.S. Inc., at least 20% of NCR's sales and services offices are located in Texas. *Id.* (stating "NCR now maintains 15 local offices for sales and service in the U.S., with three in Texas.").

Contrary to NCR's assertion in its Motion that "[n]o NCR Silver business operations are located, or supported by NCR employees in the Western District of Texas…" (Dkt. 9, p. 5), the NCR Silver logo is prominently featured on the NCR San Antonio office website. Ex. E. Additionally, according to its website the "San Antonio Team" includes Management, Administration, Cloud Team, Project Leaders, and Engineers. *Id*. Similar to the San Antonio office, the Dallas-Fort Worth office website also includes the NCR Silver logo. Ex. F.

Further, NCR also has a partnership program called the "Interact Program" in which companies are designated "NCR Interact Partners." Exs. G, L.  P.O.S. Solutions Inc., located in this District in Austin, Texas, is described as an "Elite Solutions Provider" that has "significantly grown their NCR business [and] continue[s] to build market success by expanding [its] solution offerings and supporting [its] customer base." Ex. G, pp. 1, 5.

IV.   **Plaintiff's Choice of Forum Should be Honored**

CloudofChange does not dispute that the Northern District of Georgia is a venue where this action could have properly been brought; however, Plaintiff's choice of venue in this District

should be honored (as discussed below) because the Northern District of Georgia "is not clearly more convenient than the venue chosen by the plaintiff." *In re Volkswagen of Am., Inc.,* 545 F.3d at 316. Indeed, the Plaintiff is "ordinarily allowed to select whatever forum they consider most advantageous." *Vlsi Tech.*, 2019 U.S. Dist. LEXIS 155287, *13.

CloudofChange contends that NCR has committed acts of patent infringement within the State of Texas and in this District. Exs. A, B. Accordingly, CloudofChange filed its Original Complaint for Patent Infringement (Dkt. 1) in the Western District of Texas. This Court has original jurisdiction in accordance with 28 U.S.C. §§ 1331 and 1338(a). Dkt. 1. Further, it is undisputed that this Court has personal jurisdiction over NCR. *See* Dkt. 8, p. 2, Answer # 5.[1]

While NCR has identified certain of its employee witnesses whom it contends are located in the Northern District of Georgia, it has control over those witnesses and can direct them to appear for deposition in Georgia and to appear at the trial of this case in this District if it so chooses. While NCR has identified sources of proof in Atlanta, its public statements reveal documentation and sources of proof within this District. Indeed, this Court's compulsory subpoena power applies to these sources of proof and potential third-party witnesses within in this District. Consequently, none of the factors identified by NCR amount to more than merely a shifting of expense and inconvenience from NCR to Plaintiff, and it is well-settled that "[v]enue should not be transferred when the result would be to shift the expense and inconvenience from one party to another." *Mitchell,* 2018 U.S. Dist. LEXIS 176914, *5.

V.      **Private Interest Factors Weigh Against Transfer**

        A.      **Ease of Access to Sources of Proof Factor is Neutral**

The Court determines the relative ease of access to sources of proof. While NCR asserts

---

[1] NCR has other pending litigation in this District. *RDM, Inc. v. NCR Corporation*, No. 1:19-cv-00461 (W.D. Tex. 2019) (removed by NCR from state court).

5

that a majority of its documents and evidence are located in Atlanta, none of Plaintiff's sources of proof are located in Atlanta. Ex. H. There is no basis to shift the expense and inconvenience from NCR to Plaintiff. *See Mitchell*, 2018 U.S. Dist. LEXIS 176914, *5. Indeed, this Court has previously observed that in modern patent litigation, "there is no difference in the relative ease of access to sources of proof from the transferor district as compared to the transferee district when the vast bulk of documents are electronic." *Fintiv Inc.*, 2019 U.S. Dist. LEXIS 171102, *12-13. This observation is especially applicable where, as here, the transferor has an actual office in the District with computer access.

NCR is subject to personal jurisdiction in this District. NCR has multiple offices located in this District, and the accused product, NCR Silver, has been marketed, sold, and used by customers in this District. Exs. A, B, D. Moreover, there are likely to be relevant documents located in this District. Specifically, the NCR Silver Merchant Agreement, to which customers in this District are likely subject, provides for NCR documents in possession of the customer to be protected from unauthorized access and to be returned upon termination of service. Dkt. 1, Ex. D, pp. 1, 5 ("Upon termination of the Service …, you will immediately return to NCR of all NCR property…including, but not limited to, … Documentation"; "You will use all reasonable efforts to prevent any unauthorized access to… [NCR] documentation."). It is likely that NCR Silver customers in Texas such as Scott Moore, Jr. or even within this District, such as Lynn Reichl, will have such relevant documents in their possession. Exs. A, B. Consequently, the ease of access to sources of proof factor weighs at least <u>neutral</u>.

      **B.**    **Availability of Compulsory Process Factor Weighs Against Transfer**

The Court considers the availability of compulsory process to secure witness attendance. Defendant's Motion to Transfer Venue fails to consider potential non-party witnesses that the

Plaintiff may call that reside within this District. As discussed above, at least Lynn Reichl, who is the co-owner of Arches Footcare located in Temple, Bell County, Texas, is a potential non-party witness located in this District. Ex. A. P.O.S. Solutions Inc., an Elite Solutions Provider, is located within this District. Ex. G. NCR Silver customer Scott Moore, Jr. may be within the subpoena power of this Court depending on where his residence is located. Given the undisputed marketing and sale of NCR Silver in this District, there are likely to be other customer witnesses located in this District who will be revealed through the discovery process.

NCR lists its former employees Samuel Wagner and Gary Young as potential non-party witnesses and inventors of what NCR claims is a prior art patent. However, NCR fails to indicate, beyond speculation, whether these witnesses are subject to subpoena in Georgia, or why the location of NCR's potential non-party witnesses should prevail over the location of those likely to be called by Plaintiff. If the non-party witnesses are for invalidating the Patents on the basis of prior art, then NCR fails to specify this in either its Motion or in its Counterclaim (Dkt. 8). Indeed, NCR fails to state the basis for the non-party witnesses to speak on behalf of NCR Silver. Moreover, these witnesses are named inventors of a patent that has no reference to "web," "www," or "world wide web." This brings to question why NCR would rely on them for their knowledge of building and testing POS systems for NCR Silver or of the Patents, both titled "Web-based point of sale builder." *See* Dkt. 1, Exs. A, B. The compulsory process factor weighs <u>against transfer</u>.

  C.  **Cost of Attendance for Willing Witnesses Factor is Neutral**

In deciding this factor, the Court determines whether NCR met the burden of showing that Georgia is "clearly more convenient with respect to the cost of attendance of willing witnesses to justify the transfer..." *Vlsi Tech.,* 2019 U.S. Dist. LEXIS 155287, *22-23. NCR asserts that out of 10 potential party and non-party witnesses it selected to identify in its Motion, 8 reside in the

Atlanta area. Dkt. 9, p. 6. However, potential party witnesses, as employees of NCR, are "as a practical matter, available to testify in any venue by virtue of the employment relationship." *Mitchell,* 2018 U.S. Dist. LEXIS 176914, *10. Additionally, in previously considering these issues, this Court noted that "[t]he convenience of party witnesses is given little weight" and "given typical time limits at trial, the Court does not assume that all of the party and third-party witnesses listed in the 1404(a) briefing will testify at trial. Rather, in addition to the party's experts, the Court assumes that no more than a few party witnesses—and even fewer third-party witnesses, if any—will testify live at trial. Therefore, long lists of potential party and third-party witnesses do not affect the Court's analysis for this factor." *Fintiv Inc.*, 2019 U.S. Dist. LEXIS 171102, *18. Further, if the non-party witnesses are prior art witnesses, such as Wagner and Young appear to be, this Court has held that "the cost of attendance of prior art witnesses does not weigh for or against transfer." *Fintiv Inc.*, 2019 U.S. Dist. LEXIS 171102, *18.

The inventors of the asserted '640 and '012 Patents, Mr. Barrata and Mr. Olson, live in New York and in Washington state, respectively. Ex. H. This District is a convenient forum for both inventors, and both are willing to travel to Waco and to produce documents in Waco. *Id*. In addition, this Court has previously noted that "travel to this District is not burdensome, and Waco is easily accessible for witnesses located outside the district." *Vlsi Tech.,* 2019 U.S. Dist. LEXIS 155287, *22. Accordingly, the convenience factor is neutral.

### D. All Other Practical Problems Factor is Neutral

Plaintiff agrees with the Defendant that the practical problem factor is neutral.

## VI. Public Interest Factors Weigh Against Transfer

### A. Administrative Difficulties Factor Weighs Against Transfer

Administrative difficulties caused by court congestion and backlog weigh against

8

transferring a case. *In re Genentech*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). As shown in Dkt. 9, Ex. C, in the past 5 years, cases reach trial much faster in the Western District of Texas than in the Northern District of Georgia.[2] Thus, the administrative difficulties factor weighs <u>against transfer</u>.

### B.    Local Interests Factor Weighs Against Transfer

Based on the facts discussed above, which are apparent prior to any discovery in this case, local interest weighs against transferring the case to Georgia. NCR markets and sells the accused product throughout the world. Exs. M, N. NCR has a significant presence in Texas and this District, not only through sales of the accused product to customers in this District out of offices in this District, but also through marketing and advertisement in this District, NCR's business acquisition strategy in Texas, and a program partner located in this District. Ex. A-G, K, L.

In addition, contrary to NCR's allegations, the citizens and potential jurors of Texas and this District have an interest in this litigation. As discussed above, NCR has a total of 6 offices in Texas. Ex. D. There are numerous NCR employees working in Texas and in this District. For example, the NCR website includes NCR Silver on the San Antonio office website as well as identifies members of the San Antonio Team including the Management, Administration, Cloud Team, Project Leaders, and Engineers. Ex. E.

NCR recently acquired Texas P.O.S., a company operating in Texas for 26 years, which NCR states "complements NCR's existing, regional sales presence for hospitality customers and expands sales and services coverage in Texas." Ex. C. Indeed, NCR appears to be expanding its operations in Texas, and is advertising for 107 job openings in Texas as of October 30, 2019. Ex. I, p. 1. Further, NCR's partner program includes P.O.S. Solutions Inc., which is located within the

---

[2] Specifically, in the 12-month periods ending on June 30 in 2014, 2015, 2016, 2017, 2018, 2019, the median number of months it took a case to reach trial in this District was 21.8, 17.9, 20.4, 20.8, 19.1, and 27.4 months, respectively, compared to the median number of months in the Northern District of Georgia for the same periods of time: 29.8, 29.8, 29.9, 30.3, 24.8, and 29.4 months. Dkt. 9, Ex. C, at pp. 38, 94.

9

District, and is touted by NCR as an "Elite Solutions Provider." Ex. G.

As discussed above, Texas features prominently in NCR's marketing material for the accused product. In particular, NCR Silver's YouTube Channel provides a video in which Lynn Reichl, the co-owner of Arches Footcare located in Temple, Bell County, Texas, discusses NCR Silver. Ex. A. On NCR's website for NCR Silver, NCR promotes "how customers thrive with NCR Silver point of sale solutions" by providing three videos, in which one video includes the owner of Tejas Chocolate & Barbeque, Scott Moore, Jr., who is located in Tomball, Texas. Ex. B. Further, Texas is featured in the customer care material for NCR Silver. Ex. J. This indicates that NCR Silver can be configured to local laws in Texas. *Id*. The local interest factor weighs <u>against transfer (or is at the very least, neutral)</u>.

### C.  Familiarity of Forum Factor is Neutral

Plaintiff agrees with the Defendant that the familiarity of forum factor is <u>neutral</u>.

### D.  Avoidance of Unnecessary Problems of Conflict of Laws Factor is Neutral

Plaintiff agrees with the Defendant that the conflict of laws factor is <u>neutral</u>.

## VII.  Request for Hearing

Pursuant to Local Rule CV-7(h), Plaintiff requests a hearing.

## VIII.  Conclusion

Based on the facts presented above and analysis of the private and public interest factors, the factors either weigh against transferring the case or are neutral. NCR has a robust presence in Texas and within this District, and Defendant has failed to meet the heavy burden of proving the transfer is "clearly more convenient," or in the interest of justice. Accordingly, Plaintiff requests that the Court deny Defendant's Motion to transfer venue.

Dated: November 1, 2019                     Respectfully submitted,

                                                    Patterson + Sheridan LLP
                                                    By: */s/ John H. Barr, Jr.*

John H. Barr, Jr.
Attorney In Charge
Texas Bar No. 00783605
jbarr@pattersonsheridan.com

John A. Yates
Texas Bar No. 24056569
jyates@pattersonsheridan.com

B. Todd Patterson
Texas Bar No. 00789537
tpatterson@pattersonsheridan.com

24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel): 713-623-4844
(Fax): 713-623-4846

Abelino Reyna
Texas Bar No. 24000087
areyna@pattersonsheridan.com
900 Washington Ave., Suite 503
Waco, Texas 76701

(Tel.): 254-777-5248
(Fax): 877-777-8071

*Attorneys for Plaintiff,
CloudofChange, LLC*

## CERTIFICATE OF SERVICE

     I hereby certify that on November 1, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other counsel of record.

                                                    */s/ John H. Barr, Jr.*
                                                    John H. Barr, Jr.