UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT Of TEXAS
WACO DIVISION

---

| | |
|---|---|
| CloudofChange, LLC | ) |
|       Plaintiff, | ) Case No. 6:19-CV-00513 |
|       v. | ) JURY TRIAL DEMANDED |
| NCR Corporation | ) |
|       Defendant. | ) |

---

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF GEORGIA**

Defendant NCR's Motion (Dkt. 9) unquestionably satisfied its burden to show the Northern District of Georgia, Atlanta Division, is a clearly more convenient venue. The Motion specifically identified key NCR witnesses and sources of proof related to the accused product in Atlanta, whereas no relevant NCR operations or employees exist in the Western District. Nor does Plaintiff have relevant witnesses or sources of proof in this District, or even in Texas. Needing Texas evidence to avoid transfer, Plaintiff searches the Internet and YouTube for possible NCR sales and marketing activity here. However, most of the sales and marketing activity in Plaintiff's Opposition (Dkt. 11) relate to other NCR products irrelevant to this action. Any NCR activity that might be relevant occurs on a nationwide basis and thus cannot tip the scale toward any one venue. Plaintiff's only real argument is its choice of forum should be given deference, but choice of forum is not one of the private/public interests factors considered in a convenience analysis. The factors that *are* considered indicate the interests of justice and convenience of the parties and witnesses would be much better served by a transfer to the Northern District of Georgia.

1.      **Plaintiff Conflates NCR Silver with NCR's Other, Unrelated Products**

Plaintiff' conflates the accused product, NCR Silver, with NCR's other product lines, including NCR Retail POS and NCR Aloha, which are distinct from NCR Silver. NCR serves three major market segments in the POS space: retail, hospitality, and small businesses. NCR Retail POS targets the retail segment, which mainly includes large retail companies with enterprise networks that connect dozens or hundreds of stores. Examples include Macy's, Best Buy, Walmart, Kroger, and other large retailers. These companies purchase enterprise-wide software from NCR and NCR deploys entire networks of POS hardware in their stores. NCR Aloha targets the hospitality segment, which primarily serves restaurants, hotels, travel providers, and other hospitality chains. Examples include Delta Airlines, Wendy's, and gas station/convenience store chains. These businesses have specific needs related to food, gas, and hospitality services, such as managing customer tips, clocking employees in and out, tracking gallons of gas pumped, and so forth. NCR Silver targets small family-owned/operated businesses that typically cannot afford and do not need large scale POS systems. Examples include ice cream parlors, local eateries, stores that sell specialty items, and other small businesses like Arches Footcare in Temple, Texas.

Plaintiff's Opposition indiscriminately lumps NCR Silver with NCR's hospitality and other, unrelated products to argue that the six NCR Texas offices listed on NCR's website weigh against transfer. Opp'n at 4. They do not. None of those Texas offices on NCR's website has any operations or employees that support NCR Silver. Supplemental Declaration of Marni Reinlieb ("Supp. Decl.") at ¶ 3.

The San Antonio and Dallas-Fort Worth offices both support NCR Aloha, which is NCR's hospitality business, not NCR Silver. Supp. Decl. at ¶ 4. The College Station office at 400 Technology Parkway supports NCR's digital signage hardware and software business and has nothing to do with NCR Silver. *Id.* That office used to be Texas Digital Systems, which is now a

subsidiary of NCR. *Id*. The College Station office at 2215 Sebesta Road also used to be Texas Digital Systems, but that property is now owned by an unrelated third party. *See* Brazos County Appraisal District webpage, Ex. D. The Tennyson Parkway office in Plano supports the NCR retail business, and the Trinity Boulevard office in Fort Worth supports NCR Aloha. Neither office has operations or employees that support NCR Silver. Supp. Decl. at ¶ 4.

Plaintiff's Opposition also identified three NCR subsidiaries in Texas as evidence weighing against transfer: JetPay Payment Services, TX, LLC, TCR Business Systems, Inc., and Texas Digital Systems, Inc. Opp'n at 4. None of these subsidiaries have anything to do with NCR Silver. Supp. Decl. at ¶ 3.

JetPay Payment Services is now known as NCR Payment Solutions, LLC, a Texas company. Supp. Decl. at ¶ 5. It provides payment processing services for credit card payments and has no operations or employees that support NCR Silver. *Id*. TCR Business Systems was an entity formed by NCR to acquire a hospitality reseller. *Id*. Its business relates to NCR's hospitality business, not NCR Silver. *Id*. And Texas Digital Systems, as mentioned earlier, supports NCR's digital signage hardware and software business, not NCR Silver.

Plaintiff's Opposition points to a May 2019 press release announcing NCR's acquisition of Texas P.O.S., Inc., as further evidence weighing against transfer. Opp'n at 4. However, as explicitly stated in the press release, Texas P.O.S. is a reseller for NCR's hospitality business, which is NCR Aloha, not NCR Silver. *See* Opp'n, Ex. C. Plaintiff also points to an Austin, Texas based reseller, P.O.S. Solutions, Inc., that participated in an NCR partnership program called the "Interact Program." Opp'n at 4. That company, too, is a reseller of NCR Aloha for the hospitality business, not NCR Silver. *See* P.O.S. Solutions website, Ex. E.

3

Finally, Plaintiff contends NCR's sworn declaration is contradicted by an NCR Silver logo being "prominently featured" on the San Antonio office website. Opp'n at 4. Plaintiff is incorrect. The NCR Silver logo appears alongside the NCR and NCR Aloha logos in a standard webpage banner NCR uses on numerous NCR office websites in other states as well as Texas. *See* websites for NCR Kentucky, Carolinas, New England, D.C., Las Vegas, and Detroit offices, Ex. F. The logo is purely a promotional plug and does not indicate the San Antonio and Dallas-Fort Worth offices or any of these other offices support NCR Silver.

**2.     Plaintiff's Evidence of NCR Marketing and Sales Activity Is Not Particularized to the Western District of Texas**

Plaintiff argues that a video showcasing the use of NCR Silver by customers in Texas supports keeping venue in this District. Opp'n at 4. However, Plaintiff has not alleged any unique information that these Texas customers could provide with respect to the alleged infringement or the accused product that NCR Silver customers in Atlanta, Georgia could not. Lynn Reichl, the co-owner of Arches Footcare who appeared in the video, appears to have a "health and wellness" background along with her husband, Heinz. *See* Arches Footcare website, Ex. G. Plaintiff has not alleged any relevant information that she or her husband could provide that other NCR Silver customers in Atlanta, Georgia could not. Plaintiff has in fact already identified one such customer, Honeysuckle Gelato in Atlanta, Georgia. Opp'n at 4, Ex. B. Moreover, NCR markets and sells the accused product nationwide, and the Federal Circuit has made clear that "the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (citing *In re TS Tech USA Corp*, 551 F.3d 1315, 1321 (Fed. Cir. 2008)).

Design and development activity, on the other hand, ***could*** give rise to a particularized local interest, as allegations of infringement may call into question the reputation of individuals who

4

work and conduct business in the community. *Hoffman-La Roche*, 587 F.3d at 1336. As NCR's Motion explained, NCR Silver was developed at NCR's headquarters in Atlanta, Georgia and is supported almost exclusively from Atlanta. Motion at 2. Plaintiff's infringement allegations call into question the reputation of NCR employees in Atlanta who designed and developed NCR Silver, thus giving rise to a particularized local interest in Atlanta. No comparable localized interests exist in the Western District.

3.  **The Northern District of Georgia Is Clearly More Convenient for Identified Witnesses**

The witnesses identified thus far who will most likely be called to testify in this action are NCR employees who reside and work in the Atlanta area. Motion at 2. Plaintiff cannot seriously contend that the Northern District of Georgia would not be a clearly more convenient venue than the Western District for these potential witnesses. These witnesses will face significantly more inconvenience and cost to travel to Waco regardless of whether NCR can require them to do so. Nor can Plaintiff seriously argue that a transfer would amount to "shifting of expense and inconvenience from NCR to Plaintiff." Opp'n at 4. Plaintiff is a Poughkeepsie, New York company with no operations or employees in the Western District to whom such expenses and inconvenience would shift should venue be transferred to Atlanta.

4.  **The Western District Cases Cited by Plaintiff Are Distinguishable**

Plaintiff cites three cases from this District, *Mitchell v. McKibbon Hotel Group, Inc.*, 2018 U.S. Dist. LEXIS 176914, (W.D. Tex. Feb. 22, 2018), *VLSI Tech. v. Intel Corp.*, 2019 U.S. Dist. LEXIS 155287 (W.D. Tex. Aug. 6, 2019), and *Fintiv, Inc. v. Apple Inc.*, 2019 U.S. Dist. LEXIS 171102 (W.D. Tex. Sept. 10, 2019), to support keeping venue in the Western District. These cases are distinguishable, however, for at least the reason that the plaintiffs in all three cases either live or have operations and employees in this District. Plaintiff has neither.

**5.    Conclusion**

Defendant thus respectfully requests that the Court, in the interests of justice, transfer this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted,

Dated: November 8, 2019

By: /s/ Charles E. Phipps
Charles E. Phipps
　　Texas State Bar No. 00794457
　　cphipps@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000 Telephone
(214) 740-8800 Facsimile

**ATTORNEYS FOR DEFENDANT
NCR CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 8, 2019, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's electronic filing system per Local Rule CV-5(b)(1).

By: /s/ Charles E. Phipps
Charles E. Phipps