UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CloudofChange, LLC,<br><br>  Plaintiff,<br><br>    v.<br><br>NCR Corporation,<br><br>  Defendant. | Case No. 6:19-CV-00513-ADA<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ANSWER TO COUNTERCLAIMS

Plaintiff and Counter-Defendant CloudofChange, LLC ("CloudofChange" or "Plaintiff") files this Answer to Counterclaims of Defendant and Counter-Plaintiff NCR Corporation ("NCR" or "Defendant") as follows:

### COUNTERCLAIMS[1]

1. This is an action for declaratory judgment of non-infringement, invalidity and unenforceability, as related to U.S. Patent Nos. 9,400,640 and 10,083,012 ("Asserted Patents") pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the United States Patent Law, 35 U.S.C. § 100 et seq., and for such other relief as the Court deems just and proper.

**ANSWER:** CloudofChange admits that this is an action for declaratory judgment pursuant to the cited statutes, but denies NCR's allegations of non-infringement, invalidity, unenforceability, and requests for other relief.

### PARTIES

2. Defendant/Counterclaim Plaintiff NCR Corporation ("NCR") is a Maryland corporation with its principal place of business in Atlanta, Georgia.

---

[1] The headings in the Counterclaims are reproduced herein for convenience. To the extent such headings include or infer allegations, they are denied.

1

**ANSWER:**  Admitted.

3. Upon information and belief, Plaintiff/Counterclaim Defendant CloudofChange, LLC ("CloudofChange") is a New York corporation with its principal place of business at 7 Mansion St., Suite 215, Poughkeepsie, New York 12601.

**ANSWER:**  CloudofChange admits that its principal place of business is at 7 Mansion St., Suite 215, Poughkeepsie, New York 12601 and that CloudofChange is a New York corporation doing business as a domestic limited liability company.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

**ANSWER:**  Admitted.

5. Personal jurisdiction is proper in this District because CloudofChange submitted to personal jurisdiction in this District by filing its Complaint to which these counterclaims relate. Based solely on CloudofChange's filing of its Complaint to which these counterclaims relate, venue is proper, though not more convenient, in this judicial district pursuant to at least 28 U.S.C. §§ 1391 and 1400.

**ANSWER:**  CloudofChange admits that personal jurisdiction is proper in this District. CloudofChange further admits that it filed its Complaint to which these counterclaims relate in this District. CloudofChange admits that venue is proper in this judicial district pursuant to at least 28 U.S.C. §§ 1391 and 1400. CloudofChange denies the remaining allegations of paragraph 5.

6. NCR has filed a Motion to Transfer Venue to the United States District Court, Northern District of Georgia – Atlanta Division, and contends venue is more convenient in that judicial district.

**ANSWER:** CloudofChange admits that NCR has filed a Motion to Transfer Venue to the United States District Court, Northern District of Georgia – Atlanta Division. CloudofChange denies that venue is more convenient in that judicial district. *See* Dkt. 11.

### FACTS

7. CloudofChange alleges that it owns the Asserted Patents and alleges that NCR infringes one or more of the claims of these patents.

**ANSWER:** Admitted.

8. NCR denies that it infringes any valid and enforceable claim of the Asserted Patents and contends that the claims of the Asserted Patents are invalid, not infringed, and unenforceable.

**ANSWER:** CloudofChange admits that NCR has denied infringement and admits that NCR contends that the Asserted Patents are invalid, not infringed, and unenforceable, but CloudofChange denies NCR's allegations.

9. An actual controversy exists between NCR and CloudofChange regarding the non-infringement, invalidity, and unenforceability of the Asserted Patents.

**ANSWER:** CloudofChange admits that an actual controversy exists between NCR and CloudofChange. CloudofChange denies the remaining allegations in paragraph 9.

### COUNT I: DECLARATORY JUDGMENT OF INVALIDITY, NON INFRINGEMENT AND UNENFORCEABILITY US PATENT NOS. 9,400,640 AND 10,083,012

10. NCR incorporates by reference each and every allegation contained in the paragraphs 1 through 9 of its Counterclaims as though fully set forth herein.

**ANSWER:** CloudofChange incorporates by reference its answers to paragraphs above as if fully set forth herein.

11. NCR seeks a declaratory judgment, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, declaring the rights and interests of NCR and CloudofChange in connection with the invalidity, non-infringement, and unenforceability of the Asserted Patents. More particularly, NCR requests that this Court declare: all claims of the Asserted Patents are not infringed; all claims of the Asserted Patents are invalid, including for failure to comply with one or more requirements of 35 U.S.C. §§ 102, 103, or 112; and the Asserted Patents are unenforceable.

**ANSWER:** CloudofChange admits that NCR is seeking declaratory judgment under the cited statutes regarding invalidity, non-infringement, and unenforceability of the Asserted Patents, but denies that NCR is entitled to the relief that it seeks.

## COUNT II: EXCEPTIONAL CASE

12. NCR incorporates by reference each and every allegation contained in paragraphs 1 through 11 of its Counterclaims as though fully set forth herein.

**ANSWER:** CloudofChange incorporates by reference its answers to paragraphs above as if fully set forth herein.

13. NCR seeks a declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, and that the Court award NCR its reasonable attorney's fees in defending this case.

**ANSWER:** CloudofChange admits that NCR seeks a declaration that this is an exceptional case, but denies that NCR's claims against CloudofChange support an exceptional case finding or that NCR is entitled to recover any attorney's fees.

## DEMAND FOR JURY TRIAL

14. NCR demands a trial by jury of any issues so triable, including as allowed under Rule 38 of the Federal Rules of Civil Procedure.

**ANSWER:** No response is required to NCR's jury demand, however, CloudofChange requests a jury on all issues triable by jury, including NCR's Counterclaims.

## PRAYER FOR RELIEF AS TO COUNTERCLAIMS

15. The Counterclaims contain a prayer for relief for which no response is required. To the extent any response is required, CloudofChange denies NCR is entitled to any relief or recovery.

## PRAYER FOR RELIEF

WHEREFORE, CloudofChange, LLC respectfully requests the following relief:

A. Enter judgment that NCR Corporation has infringed the '640 Patent and the '012 Patent and that such infringement was willful;

B. Enter judgment declaring that the '640 Patent and the '012 Patent are not invalid;

C. Enter judgment declaring that the '640 Patent and the '012 Patent were not obtained through inequitable conduct;

D. Enter an Order enjoining NCR Corporation, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with NCR Corporation who receive notice of the order from further infringement of the '640 Patent and the '012 Patent;

E. Award CloudofChange, LLC damages in an amount sufficient to compensate it for NCR Corporation's infringement of the '640 Patent and the '012 Patent, including enhanced damages, together with pre-judgment and post-judgment interest and costs in accordance with 35 U.S.C. § 284;

F. Award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damages for any such acts of infringement;

G.  Dismiss with prejudice all counterclaims against Plaintiff and deny all relief sought by NCR on its counterclaims;

H.  Declare this case to be "exceptional" under 35 U.S.C. § 285 in regard to Plaintiff's claims against NCR and award Plaintiff its attorneys' fees, expenses and costs incurred in this action; and

I.  Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated:  November 15, 2019

Respectfully submitted,

Patterson + Sheridan LLP
By: */s/ John H. Barr, Jr.*

John H. Barr, Jr.
Attorney In Charge
Texas Bar No. 00783605
jbarr@pattersonsheridan.com

John A. Yates
Texas Bar No. 24056569
jyates@pattersonsheridan.com

B. Todd Patterson
Texas Bar No. 00789537
tpatterson@pattersonsheridan.com

24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel): 713-623-4844
(Fax): 713-623-4846

Abelino Reyna
Texas Bar No. 24000087
areyna@pattersonsheridan.com
900 Washington Ave., Suite 503
Waco, Texas 76701
(Tel.): 254-777-5248
(Fax): 877-777-8071

*Attorneys for Plaintiff,
CloudofChange, LLC*

6

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 15, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other counsel of record.

                                              */s/ John H. Barr, Jr.*
                                              John H. Barr, Jr.