UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

```
------------------------------------------------------------- x
CloudofChange, LLC,                      )
                                         )
                    Plaintiff,           )
                                         )
        v.                               )  6:19-CV-00513-ADA
                                         )
NCR Corporation,                         )
                                         )
                    Defendant.           )  JURY TRIAL DEMANDED
                                         )
------------------------------------------------------------- x
```

### DEFENDANT'S RESPONSE
### TO PLAINTIFF'S MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY
### OF DR. SANDEEP CHATTERJEE, PH.D.

Charles E. Phipps
   Texas State Bar No. 00794457
   cphipps@lockelord.com
Charles S. Baker
   Texas State Bar No. 01566200
   cbaker@lockelord.com
Steven F. Meyer
   Admitted *pro hac vice*
   smeyer@lockelord.com
Donald E. Frechette
   Admitted *pro hac vice*
   donald.frechette@lockelord.com
Scarlett Collings
   Texas State Bar No. 24001906
   scarlett.collings@lockelord.com
Daniel G. Nguyen
   Texas State Bar No. 24025560
   dnguyen@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000 Telephone
(214) 740-8800 Facsimile

**ATTORNEYS FOR DEFENDANT
NCR CORPORATION**

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION .............................................................................................................1

II.    DR. CHATTERJEE'S TESTIMONY SHOULD NOT BE EXCLUDED ..........................1

    A.    DR. CHATTERJEE'S REPORT ACCURATELY STATES THE LAW ON
         ANTICIPATION AND HE ACCURATELY APPLIED THE LAW TO THE
         FACTS ...............................................................................................................1

         1.    DR. CHATTERJEE DID NOT CONFLATE PRINCIPLES OF
               ANTICIPATION AND OBVIOUSNESS. ..................................................2

               i.    Plaintiff Ignores the Role of a POSITA in an Anticipation Analysis
                    and Therefore Incorrectly Asserts that an Anticipation Analysis
                    Begins and Ends with the Text of a Single Prior Art Reference .....2

               ii.    Alleged Confusion over the Law during Deposition Testimony Is
                    Insufficient to Warrant Exclusion Where the Report Accurately
                    States the Law .................................................................................6

               iii.    Dr. Chatterjee is Not Making an Obvious to Try Argument ...........7

            2.    DR. CHATTERJEE IS NOT USING MULTIPLE REFERENCES TO
               SHOW ANTICIPATION: HIS OPINION IS THAT BROWN, AS READ
               BY A POSITA, DISCLOSES THE SYSTEM OF THE ASSERTED
               CLAIMS .....................................................................................................9

            3.    DR. CHATTERJEE UNDERSTANDS THE LAW ON
                INHERENCY ...........................................................................................10

            4.    DR. CHATTERJEE APPLIES THE CORRECT BURDEN OF
                PROOF....................................................................................................12

    B.    DR. CHATTERJEE'S OPINIONS ARE RELIABLE: THE ASSERTED
         PATENTS ARE INVALID ...............................................................................12

          1.    DR. CHATTERJEE'S OPINIOS APPLY THE CORRECT BURDEN OF
                PROOF FOR INVALIDITY THROUGH OBVIOUSNESS ...................13

          2.    DR. CHATTERJEE USED THE COURT'S CLAIM CONSTRUCTIONS
               IN HIS ANALYSIS AND HAS NOT ENGAGED IN IMPROPER OR
               UNTIMELY CLAIM CONSTRUCTIONS.............................................14

          3.    DR. CHATTERJEE'S OPINIONS ON MOTIVATION TO COMBINE
               ARE NOT CONCLUSORY AND HAVE EVIDENTIARY SUPPORT..15

i

        C.      DR. CHATTERJEE'S REPORT AND TESTIMONY ON SECONDARY
                CONSIDERATIONS ARE RELIABLE.................................................................16

III.    CONCLUSION...................................................................................................................20

91475204v.1

# TABLE OF AUTHORITIES

**Federal Cases**

*Apple Inc. v. Samsun Electronics Co., Ltd.*,
   839 F.3d 1034 (Fed. Cir. 2016).....................................................................12, 13

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993)...............................................................................3, 5, 11

*Helifix, Ltd. v. Blok-Lok, Ltd.*,
   208 F.3d 1339 (Fed. Cir. 2000)..........................................................................4, 9

*Huawei Technologies Co. Ltd. v. T-Mobile US, Inc.*,
   2017 WL 4619791 (E.D. Tex. Oct. 16 2017) ....................................................6, 19

*In re Kubin*,
   561 F.3d 1351 (Fed. Cir. 2009)..........................................................................7, 8

*In re Wiseman*,
   596 F.2d 1019 (CCPA 1979) ...............................................................................8

*Innogentics N.V. v. Abbot Labs.*,
   512 F.3d 1363 (2008)........................................................................................16

*Kennametal Inc. v. Ingersoll Cutting Tool Co.*,
   780 F.3d 1376 (Fed. Cir. 2015).......................................................................2, 7, 9

*KSR Int'l Co. v. Teleflex Inc.*,
   550 U.S. 398, 127 S.Ct. 1727 (2007) .................................................................7, 13

*Mathis v. Exxon Corp.*,
   302 F.3d 448 (5th Cir. 2002) .................................................................................5

*McNeil-PPC, Inc. v. L. Perrigo Co.*,
   337 F.3d 1362 (Fed. Cir. 2003)...........................................................................16

*Micro Chem., Inc. v. Lextron, Inc.*,
   317 F.3d 1387 (Fed. Cir. 2003)..............................................................................9

*Personalized Media Communs., LLC v. Zynga, Inc.*,
   2013 U.S. Dist. LEXIS 159440 (E.D. Tex. Nov. 7, 2013) ............................3, 5, 14

*Pipitone v. Biomatrix, Inc.*,
   288 F.3d 239 (5th Cir. 2002) ................................................................................5

*Sun Pharma Global, FZE v. Lupin Ltd.*,
   2021 WL 856886 (D. N.J. Mar. 8, 2021).............................................................6, 19

91475204v.1

*Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*,
    2020 WL 3060458 (D. Del. Jun. 9, 2020) ................................................................................3

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*,
    617 F.3d 1296 (Fed. Cir. 2010)......................................................................13, 17, 19

## **Statutes**

35 U.S.C. § 112` ..........................................................................................................3

## **Rules**

Fed. R. Evid. 702 ..........................................................................................................5

91475204v.1

## <u>TABLE OF EXHIBITS</u>

**NO.    EXHIBIT**

1.    UNITED STATES PATENT 9,400,640

2.    UNITED STATES PATENT 10,083,012

3.    SELECTED TRANSCRIPT PAGES FROM MARCH 4, 2021 DEPOSITION OF DR.
      SANDEEP CHATTERJEE

4.    SELECTED TRANSCRIPT PAGES FROM DEPOSITION OF WAYNE BARATTA

5.    INTERNET ARCHIVE WAYBACK MACHINE WEBPAGE FOR UTOPA POS

6.    PLAINTIFF'S EXPERT REPORT OF GREGORY G. CROUSE DATED FEBRUARY
      24, 2021 (SEALED)

7.    PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES
      (SEALED)

8.    INTEREGISTER FLYER FOR PRETZELMAKER STOREOWNERS

9.    PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF RULE 30(B)(6)
      DEPOSITION

91475204v.1

## I.    <u>INTRODUCTION</u>

Plaintiff's Motion (Document 70) should be denied because Dr. Chatterjee's opinions of invalidity meet the standards for admissibility of expert opinion testimony.  Plaintiff has not challenged Dr. Chatterjee's qualifications to serve as an expert.  It is therefore unchallenged that Dr. Chatterjee is a person of ordinary skill in the art ("POSITA").  Indeed, Plaintiff has not sought to exclude Dr. Chatterjee's opinions as to non-infringement.  Even assuming *arguendo* that Dr. Chatterjee "misunderstands anticipation" and applies the wrong burden of proof (neither of which is true), his opinions are still admissible because the law of anticipation and the burdens of proof are accurately set forth in his invalidity report ("Report").  (*See* Expert Report of Sandeep Chatterjee, Ph.D., re: Invalidity, <u>Ex. A</u> to Plaintiff's Motion.)  It is for the jury to decide, based upon the Court's jury instructions on the law of anticipation and obviousness and on the burden of proof, whether the Asserted Claims are invalid.  The jury is instructed to rely upon the Court's instructions for the proper legal standards, not upon the opinion testimony of experts.

For all of these reasons, and as further explicated below, Dr. Chatterjee's opinions and testimony should not be excluded.

## II.    <u>DR. CHATTERJEE'S TESTIMONY SHOULD NOT BE EXCLUDED</u>

### A.    **DR. CHATTERJEE'S REPORT ACCURATELY STATES THE LAW ON ANTICIPATION AND HE ACCURATELY APPLIED THE LAW TO THE FACTS**

For the reasons set forth below, the four arguments set forth in Plaintiff's Motion to support its assertion that Dr. Chatterjee misunderstands the law of anticipation do not support excluding Dr. Chatterjee's opinions as to anticipation.

91475204v.1

1.    **DR. CHATTERJEE DID NOT CONFLATE PRINCIPLES OF ANTICIPATION AND OBVIOUSNESS**

Dr. Chatterjee's report accurately states and applies the law on anticipation. Plaintiff's Motion makes three distinct arguments in Section IV. A. 1, each of which is addressed below. Plaintiff alleges that Dr. Chatterjee: i) misunderstands and misapplies the law of anticipation; ii) was confused about the law during his deposition; and iii) is making an impermissible "obvious to try" argument.

i.    **Plaintiff Ignores the Role of a POSITA in an Anticipation Analysis and Therefore Plaintiff Incorrectly Asserts that an Anticipation Analysis Begins and Ends with the Text of a Single Prior Art Reference**

Plaintiff's Motion contends that the deposition testimony of Dr. Chatterjee conflates the legal standards of anticipation and obvious. He does not. His report and deposition testimony accurately state the law on both anticipation and obvious. It is Plaintiff's Motion that misconstrues the law.

Although Plaintiff's Motion acknowledges the role of a POSITA in an obviousness analysis, Plaintiff fails to acknowledge that an anticipatory reference must also be considered from the perspective of a POSITA. (*See* Plaintiff's Motion, p. 3). Dr. Chatterjee properly read the anticipatory Woycik reference from the perspective of a POSITA. A reference can anticipate a patent claim even if the reference does not expressly spell out all the limitations, if a person of skill in the art, reading the reference, would "at once envisage" the claimed subject matter. *Kennametal Inc. v. Ingersoll Cutting Tool Co.*, 780 F.3d 1376, 1381 (Fed. Cir. 2015) (affirming Patent Trial and Appeal Board's determination of anticipation), citing *In re Petering*, 49 CCPA 993, 301 F.2d 676, 681 (1962).

2

In *Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*, 2020 WL 3060458 (D. Del. Jun. 9, 2020), the court held that the opinions of defendants' experts Dr. Nikolaou (that a person of ordinary skill in the art ("POSA") who viewed the publicly-accessible TransMontaigne equipment would "have understood how the blending system operated at the level required by the claims of the asserted patents") and Dr. Mongold (that "most people in the industry would be able to tell" how the system worked) are sufficient, if credited by the jury (as it will be free reasonably to do), to create a genuine dispute of material fact. *Id.* at *4, citing *Kennametal*, 780 F.3d at 1381 ("[A] reference can anticipate a claim even if it d[oes] not expressly spell out all the limitations arranged or combined as in the claim, if a person of skill in the art, reading the reference, would at once envisage the claimed arrangement or combination."). The court therefore denied plaintiff's motion for summary judgment that a certain reference was not prior art.

Plaintiff relies upon the unpublished decision in *Personalized Media Communs., LLC v. Zynga, Inc.*, 2013 U.S. Dist. LEXIS 159440 (E.D. Tex. Nov. 7, 2013), wherein plaintiff PMC filed a *Daubert* motion challenging the defendant's expert's report and testimony which related to the issue of whether the asserted patent claims were invalid for lack of **enablement** under 35 U.S.C. § 112. That issue is not present in this case. In granting the *Daubert* motion, the court found that the defendant's expert had improperly focused on whether the accused product was enabled instead of whether the asserted claims were enabled. The court, in granting the motion, relied upon Federal Circuit guidance that "clearly and explicitly held that '[t]he dispositive question of enablement does not turn on whether the accused product is enabled.'" *Id.* at *7, citing *Durel Corp. v. Osram Sylvania Inc.*, 256 F.3d 1298, 1306 (Fed. Cir. 2001). Thus, the holding in *Personalized Media Communs.* is inapposite.

Dr. Chatterjee, as a POSITA having knowledge of websites and the web hosting industry, knew that POS systems resident on remote web servers were monetized through subscriptions. He opined that the limitations of the Asserted Claims are anticipated by Woycik as understood by a POSITA. That understanding of a POSITA at the time included the knowledge that POS companies like UTOPA, which was discussed in the anticipatory Brown reference, could make and did make remote web servers available as a "subscription-based system." (*See* Internet Archive Wayback Machine page for UTOPA ECS, Ex. E to Plaintiff's Motion (NCR006146)). A POSITA, knowing that web servers used in remote back office POS systems such as the UTOPA remote back office system can be provided via a subscription service, would read Woycik as anticipating the Asserted Claims. Woycik contains all of the components and features of the Asserted Claims and is silent only as to the limitation of Claim 1 of the '640 patent as to the monetization of remote web servers via a subscription service, which is the very teaching a POSITA would already know from the same monetization method used by companies like UTOPA. The Federal Circuit has explained that a publication that does not expressly disclose in words one or more elements of a patent claim "might nevertheless be anticipating if a person of ordinary skill in the art would understand the [publication] as disclosing [the missing element] and if such a person could have combined the [publication's] description of the invention with his own knowledge to make the claimed invention." *Helifix, Ltd. v. Blok-Lok, Ltd*., 208 F.3d 1339, 1347 (Fed. Cir. 2000), citing *In re Donohue*, 766 F.2d 531, 533, (Fed. Cir. 1985). Plaintiff is effectively arguing that a prior art patent to a car does not anticipate a subsequent patent claim to the same car if the latter claim further includes a limitation that the car is leased and not purchased, even though car leasing was known in the art by a POSITA at the time of the alleged invention.

4

The subscription limitation is not contained in the asserted claims from the '012 patent. Thus, even if the Court were inclined to preclude Dr. Chatterjee's opinion as to anticipation by Woycik in view of the inherent teaching of a subscription service, the Court should not preclude his opinions as to anticipation or obviousness of the Asserted Claims from the '012 patent, which do not include a subscription service limitation.

Plaintiff's Motion also improperly attempts to supplant the jury's fact-finding role on the fact issue of anticipation. "Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration." *Personalized Media Communs.* at *4-5, citing *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under *Daubert*] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note).

As the Supreme Court explained in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* at 596; *see also Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

Plaintiff is free to cross examine Dr. Chatterjee at trial and to present contrary evidence. The Court will then carefully instruct the jury on the burden proof. The jury can then perform its fact-finding role on the fact issue of anticipation.

> **ii.    Alleged Confusion over the Law during Deposition Testimony Is Insufficient to Warrant Exclusion Where the Report Accurately States the Law**

Dr. Chatterjee did not misstate the law of anticipation during his deposition. His opinions, both as contained in his report and as expanded upon during his deposition, apply the proper legal standards. That he may not have expanded upon the state of the law with the precision of a patent attorney, his opinions nevertheless rest on a correct understanding of, and proper application of, the law. Plaintiff's Motion merely alleges that Dr. Chatterjee's deposition testimony did not perfectly tract Plaintiff's own understanding of the law. From this, Plaintiff incorrectly concluded that Dr. Chatterjee was somehow confused about patent law (he was not confused in the least).

But even when a movant can cite to deposition testimony where perhaps an expert was allegedly confused about patent law, the Federal Circuit has held that any such confusion is not grounds for excluding the expert's testimony if the expert's report is accurate on the law. *Huawei Technologies Co. Ltd. v. T-Mobile US, Inc.*, 2017 WL 4619791, at *3 (E.D. Tex. Oct. 16 2017) (denying motion to exclude where deposition testimony incorrectly stated the law but report correctly stated it); *Sun Pharma Global, FZE v. Lupin Ltd.*, 2021 WL 856886, at * 17 (D. N.J. Mar. 8, 2021). Plaintiff has not alleged that Dr. Chatterjee's Report or Supplemental Report (Ex. C to Plaintiff's Motion) incorrectly stated the law. Dr. Chatterjee's Report accurately states the law on anticipation; therefore, any alleged confusion in his deposition testimony does not warrant precluding his opinions and testimony at trial.

91475204v.1

### iii.    Dr. Chatterjee is Not Making an Obvious to Try Argument

On this point, it is Plaintiff's Motion that evidences a misunderstanding of the law. As explained above, a reference can anticipate a patent claim even if the reference does not expressly spell out all the limitations, if a person of skill in the art, reading the reference, would "at once envisage" the claimed subject matter. *Kennametal*, 780 F.3d at 1381. For the web server "subscription service" limitation in Claim 1 of the '640 patent, a POSITA such as Dr. Chatterjee would "at once envisage" that the web server could be monetized, as it was common knowledge in the art at that time that such web servers were monetized. (*See* Ex. E to Plaintiff's Motion). A POSITA such as Dr. Chatterjee would also understand that there are only a "handful of ways" to monetize a web server, including as an outright sale or on a subscription basis. This is not an obvious to try argument—it is an "at once envisage" anticipation argument as set forth in *Kennametal*.

But whether Dr. Chatterjee has made an impermissible obvious to try argument is a matter for the jury to decide. The Federal Circuit discussed the "obvious to try" doctrine at length in *In re Kubin*, 561 F.3d 1351 (Fed. Cir. 2009). There, the Federal Circuit acknowledged that the Supreme Court has actually approved of the use of "obvious to try" assertions, and that it is an appropriate test for obviousness in many instances. *Id*. at 1558, citing *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 127 S.Ct. 1727, 1737-38, 1740-41 (2007) ("Under *KSR*, it's now apparent "obvious to try" may be an appropriate test in more situations than we previously contemplated."). The court went on to define two types of "obvious to try" assertions that are not appropriate, but neither applies here. Those two "obvious to try" pitfalls are:

> 1) "to vary all parameters or try each of numerous possible choices until one possibly arrived at a successful result, where the prior art gave either no indication of which parameters were critical or no direction as to which of many possible choices is likely to be successful."; and

7

    2) "to explore a new technology or general approach that seemed to be a promising field of experimentation, where the prior art gave only general guidance as to the particular form of the claimed invention or how to achieve it."

*In re Kubin*, 561 F.3d at 1359.

    Neither of those two pitfalls apply here. The prior art web servers at issue did not need any experimentation to be able to be monetized through a subscription service. Web servers were already monetized in the prior art,. Therefore, no experimentation was even needed to achieve the result. Monetization of a web server was tried; and it was tried successfully. *In re Kubin*, 561 F.d at 1357-58, citing *Gen. Elec. Co. v. Jewel Incandescent Lamp Co.*, 326 U.S. 242, 249, 66 S.Ct. 81, 90 L.Ed. 43 (1945) ("It is not invention to perceive that the product which others had discovered had qualities they failed to detect."); *In re Wiseman*, 596 F.2d 1019, 1023 (CCPA 1979) (rejecting the notion that "a structure suggested by the prior art, and, hence, potentially in the possession of the public, is patentable . . . because it also possesses an inherent, but hitherto unknown, function which [patentees] claim to have discovered. This is not the law. A patent on such a structure would remove from the public that which is in the public domain by virtue of its inclusion in, or obviousness from, the prior art.")). Likewise, in this case, the asserted '640 patent attempts to remove from the prior art the feature of monetizing a web server even though such feature was in the public domain.

    Dr. Chatterjee, therefore, is not using an impermissible "obvious to try" assertion. Instead, his opinion is that the prior art reference Woycik would be read by a POSITA to disclose providing a web server as a subscription service because a POSITA who would already know that web servers could be monetized through a subscription. Web server monetization was known in the prior art and in the public domain.

### 2.     DR. CHATTERJEE IS NOT USING MULTIPLE REFERENCES TO SHOW ANTICIPATION: HIS OPINION IS THAT BROWN, AS READ BY A POSITA, DISCLOSES THE SYSTEM OF THE ASSERTED CLAIMS

Here again, it is Plaintiff's Motion that misconstrues the law. An anticipatory reference is read from the perspective of what it teaches to a POSITA. *Kennametal*, 780 F.3d at 1381 (affirming Patent Trial and Appeal Board's determination of anticipation), citing *In re Petering*, 49 CCPA 993, 301 F.2d 676, 681 (1962). A reference that does not expressly disclose in words one or more elements of a patent claim "might nevertheless be anticipating" if a POSITA would understand the reference as disclosing the missing element and if the POSITA could have combined the description of the invention with his own knowledge to make the claimed invention. *Helifix*, 208 F.3d at 1347. Dr. Chatterjee read Brown from the perspective of a POSITA, and thus could combine his own knowledge, as was well known at the time, that web servers could be provided as a subscription service, as evidenced by the UTOPA webpage (Ex. E to Plaintiff's Motion). There is no cause to attribute multiple references to Dr. Chatterjee's anticipatory analysis of Brown (or Woycik). Plaintiff's argument is akin to requiring a restaurant reference to expressly disclose take-out service in order for a POSITA in the restaurant industry to understand that the reference disclosed take-out service.

Even if Plaintiff is correct, it is up to the jury to decide, based upon the law as the Court so instructs, whether Dr. Chatterjee's opinions support a finding of anticipation. *Micro Chem.*, 317 F.3d at 1391-92 (applying Fifth Circuit law). In other words, the jury is free to disagree or agree with Dr. Chatterjee and decide that the Woycik or Brown reference, as understood by a POSITA, anticipates the Asserted Claims. Plaintiff merely disagrees with Dr. Chatterjee's opinion that a POSITA would understand that the Asserted Claims are anticipated by Brown or independently by Woycik.

As to Plaintiff's curiosity about Dr. Chatterjee's anticipation analysis of Brown, that analysis was focused on the claims of the '640 patent, which include the web server subscription limitation.  The Brown reference includes as FIG. 1 a webpage from the UTOPA.com website.  As discussed, Dr. Chatterjee opined that the UTOPA.com webpages demonstrated that a POSITA would know that the system of Brown could be monetized by providing the web servers through a subscription.   The UTOPA.com website disclosed "Utopa's innovative subscription-based system…."  (Ex. E to Plaintiff's Motion).   As such, these webpages were simply more corroboration of the understanding of a POSITA.  For example, a POSITA would understand that the system of Brown could be provided either as a sale or subscription.  Dr. Chatterjee did not "rely" on those other documents as Plaintiff states.  These webpages simply confirm that it was known to a POSITA to provide a web server as a subscription.

However, the language quoted by Dr. Chatterjee in paragraph 125 (page 39) of his Report is actually contained within a second UTOPA.com webpage, attached hereto as Ex. 5 (NCR006150).  Dr. Chatterjee's report inadvertently attributed that quote to the first UTOPA.com webpage (Ex. E to Plaintiff's Motion).  Plaintiff's alleged technical expert Gregory C. Crouse, reviewed the second UTOPA.com webpage (Ex. 5 (NCR006150)) in connection with preparing his rebuttal report.  (*See* Expert Report of Gregory G. Crouse, Ex. 6, p. 48 ("NCR005899-NCR006156")).  Both of the UTOPA.com webpages disclosed "Utopa's innovative subscription-based system…."  Notably, Plaintiff did not bother to question Dr. Chatterjee during his deposition about the quote's incorrect citation.

### 3.    DR. CHATTERJEE UNDERSTANDS THE LAW ON INHERENCY

Dr. Chatterjee's Report correctly stated the law on inherency.  A technical expert need not include citations to case law.  In his deposition, he indicated that he did rely upon counsel for NCR

for the legal principles of inherency. Dr. Chatterjee's Report and his deposition testimony reflect that it is his opinion, not the opinion of counsel for NCR, that Brown anticipates the Asserted Claims based upon what a POSITA would know about the inherent ability of a web server to be monetized via a subscription server, such as taught by the UTOPA documents. (Ex. A to Plaintiff's Motion, p. 39, ¶ 125; Ex. 3, Chatterjee Dep. Tr. 104:3-7) Dr. Chatterjee has established inherent anticipation based upon the knowledge of a POSITA, as corroborated by the extrinsic UTOPA documents, and has opined that the missing feature of the ability to monetize a web server via a subscription would have been known to a POSITA. He therefore applies the correct legal standard.

Plaintiff complains that Dr. Chatterjee's opinions fail to meet the clear and convincing evidence standard applicable to anticipation. First, that is an issue for the jury to decide. Plaintiff has not submitted a motion for summary judgment of validity and should not be allowed to use its *Daubert* motion as an end run around the issue. Second, any contention that Dr. Chatterjee failed to meet the clear and convincing evidence standard wholly mischaracterizes his deposition testimony. During his deposition, Plaintiff asked Dr. Chatterjee a nonsensical question about whether the clear and convincing standard was "higher or lower than the standard in a civil case to **terminate a mother's rights with her child**." (Ex. 3, Chatterjee Dep. Tr. 170:23-171:5) (emphasis added). Dr. Chatterjee, quite understandably, saw no connection whatsoever between patent law and parental rights, and answered accordingly.

Plaintiff again misapplied the "obvious to try" doctrine and faults Dr. Chatterjee for instead properly applying the law of anticipation and reading both Woycik and Brown as would a POSITA. Moreover, the prior art was not in need of experimentation on how to monetize a web server; the use of a subscription model was not an experiment not yet tried. Instead, it had been tried and tried successfully. Again, this is not a field of art such as chemistry, where experiments not yet

11

performed may have been "obvious to try"; this is a web server with no functional differences between the prior art Brown and Woycik systems and the Asserted Claims.  The only "missing" feature is the method of monetization, which was known in the prior art.  Plaintiff should not be allowed to remove from the public domain the prior art web-based POS builder system of Woycik or Brown merely because it "discovered" that a web server could be monetized via a subscription. Such was not a discovery, because the systems of Brown and Woycik were understood by a POSITA to possess the capability of being monetized via subscriptions.

### 4.    DR. CHATTERJEE APPLIES THE CORRECT BURDEN OF PROOF FOR ANTICIPATION

Plaintiff does not allege that Dr. Chatterjee's report or his deposition testimony are incorrect; but rather that Dr. Chatterjee fails to understand at a deeper level what the legal standard means.  To provide that deeper level of understanding, Plaintiff cites to jury instructions.  This proves that the issue of what, if any, deeper level of understanding is needed should be provided by the Court in its jury instructions.  It is not Dr. Chatterjee's role to instruct the jury.  He properly states and properly applied the appropriate burden of proof.  Whether or not NCR, through Dr. Chatterjee's opinions at trial and other evidence, meets this burden is up to the jury, as properly instructed by the Court.

### B.    DR. CHATTERJEE'S OPINIONS ARE RELIABLE: THE ASSERTED PATENTS ARE INVALID

The Supreme Court has rejected rigid legal rules in the analysis of obviousness. Acknowledging that "it can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does," the Supreme Court cautioned that "[h]elpful insights, however, need not become rigid and mandatory formulas."  *Apple Inc. v. Samsun Electronics Co., Ltd.*, 839 F.3d 1034, 1058 (Fed. Cir.

91475204v.1

2016), citing *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418-19, 127 S.Ct. 1727 (2007).  The

Supreme Court explained:

> The obviousness analysis cannot be confined by a formalistic conception of the words
> teaching, suggestion, and motivation, or by overemphasis on the importance of published
> articles and the explicit content of issued patents. The diversity of inventive pursuits and
> of modern technology counsels against limiting the analysis in this way.

*Id*. at 419, 127 S.Ct. 1727.  "Rigid preventative rules that deny factfinders recourse to common

sense, however, are neither necessary under our case law nor consistent with it."  *Id*. at 421, 127

S.Ct. 1727.

"What a prior art reference teaches and whether a skilled artisan would have been

motivated to combine references are questions of fact."  *Apple*, 839 F.3d at 1051, citing *Par*

*Pharm., Inc. v. TWI Pharms., Inc.*, 773 F.3d 1186, 1196-97 (Fed. Cir. 2014); *Transocean Offshore*

*Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1303 (Fed. Cir. 2010).

"Before *KSR*, we had also consistently treated the question of motivation to combine prior art

references as a question of fact… *KSR* did not change this rule ...."  *Apple*, 839 F.3d at 1051, citing

*Wyers v. Master Lock Co*., 616 F.3d 1231, 1238–39 (Fed. Cir. 2010); *id*. at 1237 ("[W]hether there

was sufficient motivation to combine the references" is a "factual issue[ ].").  Examples of

rationales that may support a conclusion of obviousness include on design incentives or other

market forces if the variations are predictable to one of ordinary skill in the art.  *KSR*, 550 U.S. at

401.

> ### 1.    DR. CHATTERJEE'S OPINIONS APPLY THE CORRECT BURDEN OF PROOF FOR INVALIDITY THROUGH OBVIOUSNESS

Dr. Chatterjee's Invalidity Report states expressly the correct burden of proof for

invalidity.  (*See* Ex. A to Plaintiff's Motion, Section IV, entitled "Legal Standards and the Law of

Invalidity", ¶ 15).    As discussed above, the decision in *Personalized Media Communs.* is inapposite.

### 2.    DR. CHATTERJEE USED THE COURT'S CLAIM CONSTRUCTIONS IN HIS ANALYSIS AND HAS NOT ENGAGED IN IMPROPER OR UNTIMELY CLAIM CONSTRUCTIONS

Plaintiff, without any basis, alleges that Dr. Chatterjee "disregards the Court's claim construction"; yet fails to identify any claim construction from the Court that Dr. Chatterjee disregards.  Indeed, the Court did not construe the limitation at issue which appears only in dependent claims.

Dr. Chatterjee also does not, as alleged, read out any claim limitations.  To the contrary, he expressly states that he treated the limitations at issue as limitations:

> A.    So that portion is part of this dependent claim, so **it is part of the limitation**. What I've stated here is that the '640 patent does not appear to disclose any details with regards to implementing **this limitation** or the portion of **that limitation**.  But what I've pointed to further down is why one of ordinary skill, in reading the totality of Woycik, would understand that this dependent claim is -- is satisfied.

(<u>Ex. 3</u>, Chatterjee Dep. Tr. 87:13-20) (emphasis added).

In addition, he expressly opines that the limitations are anticipated by the prior art. Specifically, Dr. Chatterjee opines that with respect to Claim 4 of the '640 patent; "Woycik discloses…that testing of the POS screens is done iteratively in real time while the POS terminals are simultaneously in use during store and business operation hours…." (*See* Plaintiff's Motion <u>Ex. F</u>, p. 9). Dr. Chatterjee reaches the same conclusion as to Claim 4 of the '640 patent in view of the Brown reference.  (*See* Plaintiff's Motion, <u>Ex. G</u>, p. 5).

Plaintiff's Motion mentions Dr. Chatterjee's opinions as to Claim 3 of the '012 patent, but does not include any citation to any opinions from Dr. Chatterjee.  Claim 3 of the '012 patent includes different language from Claim 4 of the '640 patent.  Claim 3 of the '012 patent recites a

14

limitation that "one or more POS terminals are tested iteratively in real time while said one or more POS terminals are operable to accept POS transactions." This limitation likewise was not construed by the Court.  Dr. Chatterjee's analysis of Claim 3 of the '012 therefore does not disregard the Court's claim construction.  Moreover, he does not disregard that limitation.  Instead, he reaches his opinions that Claim 3 of the '012 patent is invalid including because the **limitation** does appear in the prior art.

### 3.    DR. CHATTERJEE'S OPINIONS ON MOTIVATION TO COMBINE ARE NOT CONCLUSORY AND HAVE EVIDENTIARY SUPPORT

The four examples of Dr. Chatterjee's opinions that are cited by Plaintiff expressly contain specific bases from specific prior art references and identify the motivations to combine based upon the known results, *e.g.*, the use of a subscription to monetize web servers.  Plaintiff's confusion over the "obvious to try" doctrine muddles its critique of Dr. Chatterjee's obviousness opinions.  Dr. Chatterjee is not opining that a POSITA should "try" to do something.  Instead, Dr. Chatterjee is opining that a POSITA would "know" how to monetize a web server via a subscription because the prior art expressly teaches that feature.  Specifically, as to each bullet point numbered sequentially: 1) a POSITA reading Woycik would know from Michaud that the web servers could be provided on a subscription basis; 2) a POSITA reading Woycik would know from the UTOPA.com website that the web servers could be provided on a subscription basis; 3) a POSITA reading Woycik would know from Michaud that the web servers could be provided on a subscription basis; and 4) Note that this is the same quote as bullet point number 2.

Dr. Chatterjee therefore has properly stated how and why a POSITA would have found the Asserted Claims to be obvious in light of the combinations of references listed in his report.

*Innogentics N.V. v. Abbot Labs.*, 512 F.3d 1363, 1373 (2008) (indicating that an expert should "state how or why" a POSITA would have found the claims obvious).

With such details, his opinions are not conclusory. Instead, they have evidentiary support and should not be excluded.

The motivation to increase profits by monetizing anything -- such as monetizing a web server via a subscription as disclosed in the prior art -- is "the fundamental premise of patent laws." *McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362, 1371 (Fed. Cir. 2003) ("the fundamental premise of the patent laws that the profit motive provides a critical incentive to invent….")

### C.    DR. CHATTERJEE'S REPORT AND TESTIMONY ON SECONDARY CONSIDERATIONS ARE RELIABLE

Plaintiff was required to provide its basis for any alleged secondary considerations on September 16, 2020 in response to NCR's Interrogatory No. 4 on that topic. Interrogatory No. 4 required Plaintiff to "identify any and all basis for any assertion that secondary factors of non-obviousness are present and, if so, how each allegedly supports a finding of non-obviousness." (Ex. 7, Plaintiff's Answers to Defendant's First Set of Interrogatories, p. 7). Plaintiff's substantive response consisted of only three sentences.

> CloudofChange responds that the commercial success of various manufacturers' web-based point of sale systems that are covered by the Asserted Patents is an objection indicia of non-obviousness. There has been long-felt but unmet industry need in the industry for web-based point of sale systems. CloudofChange further responds by identifying COC0001217.

(Ex. 7, p. 7).

That brief and conclusory answer was devoid of details or coherent assertions: it did not identify any third party manufacturer; it did not provide any support for the alleged "long-felt but unmet need"; and it cited to only one document, which is a single page promotional piece

16

describing Plaintiff's own failed commercial activities. (Ex. 8, "Interegister for Pretzelmaker Storeowners" (COC0001217)). The promotional piece does not even mention the alleged benefits of the Asserted Claims. Instead, the touted benefits of Plaintiff's Interegister product was that it provided live reports and video surveillance. (*Id*.)

NCR's Rule 30(b)(6) Notice of Deposition to Plaintiff included Topic No. 34 that was directed to seeking testimony about any alleged secondary considerations of non-obviousness. In its written response, Plaintiff designated Wayne Baratta to provide responsive testimony. (Ex. 9, Plaintiff's Response to Defendant's Notice of Rule 30(b)(6) Deposition, pp. 20-21). During his January 28, 2021 deposition, Mr. Baratta was asked about Topic No. 34, but he deferred completely to Plaintiff's experts. (Ex. 4, Baratta Dep. Tr. 206:8-25).

> Q.     Okay. So CloudofChange has no fact testimony to provide in response to this topic. Is that correct?
> A.     That's correct.

(Ex. 4, Baratta Dep. Tr. 207:2-5).

This was the extent of the factual record in this case as to Plaintiff's basis to allege that secondary considerations of non-obviousness existed and should be considered in the legal analysis of obviousness as of February 10, 2021, which was the deadline for Dr. Chatterjee to submit his invalidity report. As of that date, Plaintiff had failed to set forth any coherent assertion, much less any facts, to support the existence of secondary consideration. Dr. Chatterjee therefore had nothing to rebut as to secondary considerations. Plaintiff was "free to introduce evidence relevant to the fourth Graham factor, objective evidence of nonobviousness" but failed to do so. *Transocean Offshore Deepwater Drilling*, 699 F.3d at 1349, citing *Mintz v. Dietz & Watson, Inc.*, 679 F.3d 1372 , 1378-79 (Fed. Cir. 2012).

91475204v.1

Dr. Chatterjee took note of this lack of evidence in his February 10, 2021 invalidity report. (*See* <u>Ex. A</u> to Plaintiff's Motion, Section IV, entitled "Legal Standards and the Law of Invalidity", ¶ 28).

Two weeks later, on February 24, 2021, Plaintiff's Expert Mr. Crouse submitted his Rebuttal Report and injected into the case never before mentioned and vague opinions on secondary considerations of non-obviousness. (<u>Ex. 6</u>, p. 39, Section VI. F.). Mr. Crouse opines that the Asserted Patents have been "copied by others." (*Id.*, p. 40, ¶ 215). He defines that group to be the recipients of Plaintiff's letters concerning the '640 patent. (*Id.*). He admits that he has not analyzed any of the products of those third parties for infringement purposes. (*Id.*, p. 40, ¶ 215). Mr. Crouse admittedly performed only "a superficial review" of those third party products and opines only that "others are using similar hosted, cloud-based technologies." (*Id.*). The opinion therefore does not specify which subset of those third parties he may be referring. Mr. Crouse' opinions are admittedly not supported by any opinion that there is a nexus between the Asserted Claims and the alleged third party activities. Moreover, the only document cited by Plaintiff in response to Interrogatory No. 4 (*i.e.*, the Interegister promotional piece, <u>Ex. 8</u>) was not relied upon by Mr. Crouse in his rebuttal report. (<u>Ex. 7</u>, p. 7).

Mr. Crouse' opinions as to secondary considerations were therefore untimely in that Plaintiff never amended its September 16, 2020 answer to Interrogatory No. 4 to include those assertions and its corporate representative provided no fact testimony as to secondary considerations during his January 28, 2021 deposition.

It was only after Plaintiff submitted Mr. Crouse's rebuttal report on February 24, 2021 were there any coherent assertions of secondary considerations for Dr. Chatterjee to opine upon. Dr. Chatterjee therefore submitted his supplemental report on March 8, 2021 to address those

recent assertions of secondary considerations, which were made by Plaintiff only after Dr. Chatterjee submitted his initial report on invalidity.  (*See* <u>Ex. C</u> to Plaintiff's Motion). Dr. Chatterjee, like the Court, need only consider secondary considerations "when present." *Transocean Offshore Deepwater Drilling*, 699 F.3d at 1349.  Plaintiff's assertions of secondary consideration were untimely presented and, furthermore, are legally ineffective because of a lack of showing as to nexus.  Therefore there are no secondary considerations present.  Assuming *arguendo* that Plaintiff's assertions are legally viable, Dr. Chatterjee timely considered them and opined upon them.

Plaintiff's citation to Dr. Chatterjee's deposition testimony is misleading because the examination was as to secondary considerations in an abstract, hypothetical scenario that there were secondary considerations of record, which at the time of Dr. Chatterjee's deposition, there were none.  Dr. Chatterjee's supplemental report (<u>Ex. C</u> to Plaintiff's Motion) was his first opportunity to fully consider Mr. Crouse's assertions of secondary considerations.  In that Declaration, Dr. Chatterjee set forth the proper legal standard and his opinions apply those standards in concluding that there is no nexus between such alleged secondary considerations and the Asserted Claims.  (<u>Ex. C</u>, ¶¶ 11-14).

Even when a movant can cite to deposition testimony where perhaps an expert was allegedly confused about patent law, the Federal Circuit has held that such confusion is not grounds for excluding the expert's testimony if the expert's report is accurate on the law.  *Huawei*, 2017 WL 4619791, at *3 (denying motion to exclude where deposition testimony incorrectly stated the law but report correctly stated it); *Sun Pharma Global*, 2021 WL 856886, at * 17.  Plaintiff has not alleged that Dr. Chatterjee's Report or Supplemental Report incorrectly state the law.

III.    **CONCLUSION**

The opinions and testimony of Dr. Chatterjee should not be excluded.  Dr. Chatterjee accurately states the law in his Report and accurately applies it consistent with the Court's claim constructions.  His opinions are supported with detailed citations to specific teachings from specific references.  His opinions will assist the jury in assessing the validity of the Asserted Claims. Plaintiff unfairly faults Dr. Chatterjee for not addressing in his opening report the Plaintiff's assertions of secondary considerations that Plaintiff made only after Dr. Chatterjee's report was due. Plaintiff therefore misplaces the burden of proof on secondary considerations.

91475204v.1

Dated: March 26, 2021                    Respectfully submitted,

                                         /s/ *Charles E. Phipps*
                                         Charles E. Phipps
                                              Texas State Bar No. 00794457
                                              cphipps@lockelord.com
                                         Charles S. Baker
                                              Texas State Bar No. 01566200
                                              cbaker@lockelord.com
                                         Steven F. Meyer
                                              Admitted *pro hac vice*
                                              smeyer@lockelord.com
                                         Donald E. Frechette
                                              Admitted *pro hac vice*
                                              donald.frechette@lockelord.com
                                         Scarlett Collings
                                              Texas State Bar No. 24001906
                                              scarlett.collings@lockelord.com
                                         Daniel G. Nguyen
                                              Texas State Bar No. 24025560
                                              dnguyen@lockelord.com
                                         LOCKE LORD LLP
                                         2200 Ross Avenue, Suite 2800
                                         Dallas, Texas 75201
                                         (214) 740-8000 Telephone
                                         (214) 740-8800 Facsimile

                                         **ATTORNEYS FOR DEFENDANT
                                         NCR CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other counsel of record.

                                         /s/ *Charles E. Phipps*
                                         Charles E. Phipps

91475204v.1