**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| CloudofChange, LLC, | |
| Plaintiff, | Case No. 6:19-CV-00513-ADA |
| v. | |
| NCR Corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## <u>CLOUDOFCHANGE'S MOTIONS IN LIMINE</u>

Plaintiff CloudofChange, LLC hereby moves the Court for an order in *limine* to preclude any attorney or witness from (1) making any reference, mention, statement, suggestion, or allusion to, (2) giving any testimony or argument concerning, or (3) introducing any exhibits before the jury or panel concerning any of the following matters:

**Motion in Limine 1:** **REFERENCES TO CLOUDOFCHANGE AS A NON-PRACTICING ENTITY AND PATENT TROLL SHOULD BE EXCLUDED**

The Court should exclude reference to CloudofChange's business activities and structure, including the use of any derogatory, disparaging, and/or pejorative references to CloudofChange as a patent troll, patent assertion entity, and/or a non-practicing entity. The Court should similarly preclude arguments suggesting that it is improper for CloudofChange to assert patent rights without practicing the patent, or suggestions that CloudofChange was assigned patent rights by its inventors Wayne Barrata and Quentin Olson for the purpose of pursuing this litigation. Any such references should be precluded on the basis that they have no relevance to the claims at issue, because whether CloudofChange practices the patent by making and/or selling products has no relevance to questions of infringement. FED. R. EVID. 402. To the extent that such issues are relevant, the probative value is substantially outweighed by the risk of unfair prejudice, confusion of the issues, and/or misleading the jury. FED. R. EVID. 403. Courts customarily exclude the use of similarly pejorative terms to refer to a patent owner. *See ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-01112-JRG, 2015 WL 11089489, at *2 (E.D. Tex. Aug. 24, 2015) (precluding the parties from making any argument, reference, insinuation, or presenting evidence implying that plaintiffs are "patent trolls," "patent pirates," non-practicing entities, or other pejorative terms, or otherwise disparaging plaintiffs' business model); *Parthenon Unified Memory Architecture LLC v. Apple Inc.*, No. 2:15-CV-621-JRG-RSP, 2016 WL 7743510, at *1 (E.D. Tex. Sept. 21, 2016) (precluding the use of pejorative terms such as "patent troll," "pirate," "bounty hunter," "privateer," "bandit," "paper patent," "submarine patent," "stick up," "hold up," "shakedown," and "playing the lawsuit lottery"); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-RSP, 2015 WL627430, at *1 (E.D. Tex. Jan. 31, 2015) (prohibiting defendants from making derogatory, disparaging, and/or pejorative references to

2

Rembrandt including, inter alia, "patent troll"); *Datatreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72 DF, 2010 WL 11468934, at *4 (E.D. Tex. Oct. 5, 2010) (granting motion to preclude the term "patent troll" and other pejorative characterizations of plaintiff); *Freeny v. Murphy Oil Corp.*, No. 2:13-CV-791-RSP, 2015 WL11108703, at *1 (E.D. Tex. May 29, 2015) (same); *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2016 WL 4718963, at *2 (E.D. Tex. July 12, 2016) (precluding references to plaintiff as a "patent troll," "troll," "patent pirate," "shell company," "litigation shop," "lawsuit factory," "submarine patents," "litigious," "shakedown," "extortionist," and similar).

**Motion in Limine 2:** **DISPARAGING REMARKS OR ARGUMENTS IMPLYING THAT IT IS IMPROPER TO ASSERT PATENTS WITHOUT PRACTICING THEM SHOULD BE EXCLUDED**

NCR should be precluded from making any disparaging remarks or arguments implying that it is improper to assert patents without practicing them.  Like other types of property, a patent is legally assignable; an assignment grants the assignee all rights of the assignor.  *See* 35 U.S.C. § 261.  Moreover, there is no legal requirement that a patent owner must practice the claimed invention to assert the patent in litigation.  Courts have prohibited derogatory references to a patent owner's business model to imply impropriety or diminished patent value, and such references should likewise be excluded in this action in accordance with this policy.  *See, e.g. Intellectual Ventures II LLC v. FedEx Corp.*, Case No. 2:16-cv-00980, Dkt. 505, Order at 6-7 (E.D. Tex. April 26, 2018); *Summit Data Sys. v. EMC Corp.*, No. 10-749-GMS, 2014 WL 4955689, at *4 (D. Del. Sept. 25, 2014) ("Non-practicing entities…are entitled to enforce their patent rights through litigation"); *Helicos Biosciences v. Illumina, Inc.*, 858 F. Supp. 2d 367, 373 (D. Del. 2012) (rejecting view that "patent enforcement companies[] should be treated as second-class citizens").

**Motion in Limine 3:   REFERENCES TO PRIOR LITIGATIONS INVOLVING CLOUDOFCHANGE WITNESSES SHOULD BE EXCLUDED**

The Court should preclude reference to prior litigations involving CloudofChange witnesses including, but not limited to, Wayne Barrata, Quentin Olson, Ambreen Salters, or Greg Crouse. Whether any of CloudofChange's witnesses have been a party to any legal action outside of the present action has no bearing on the infringement claims at issue or any of NCR's defenses. FED. R. EVID. 402. To the extent that a witness's involvement in a separate legal action has any probative value, it would be minimal as none of these witnesses have been involved in litigation relating to patent infringement or the Patent Office—much less the Asserted Patents. Thus, any reference to unrelated litigation risks unfair prejudice, confusing the issues, and/or misleading the jury. FED. R. EVID. 403; *see Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-CV-401-JRG-RSP, 2014 WL 11515642, at *1 (E.D. Tex. Dec. 10, 2014) (granting motion to "preclude Defendants from offering any argument, evidence, testimony, or reference to previous legal investigations of witnesses"); *see also EVM Sys., LLC v. Rex Med., L.P.*, No. 6:13-CV-184, 2015 WL 11089476, at *2 (E.D. Tex. June 10, 2015) (precluding any reference to "unrelated legal proceedings involving EVM"); *Mars, Inc. v. TruRX LLC*, No. 6:13-CV-526-RWS-KNM, 2016 WL 4055675, at *2-3 (E.D. Tex. Apr. 29, 2016) (precluding any reference to "any pending or prior litigation other than this case involving either of the parties"); *ContentGuard Holdings, Inc.*, 2015 WL 11089489, at *1 (precluding reference to any "litigations, rulings, or accusations against Defendant in unrelated legal proceedings or unrelated disputed matters between Defendant and any third party").

**Motion in Limine 4: REFERENCES TO NOTICE LETTERS SENT TO THIRD PARTIES OTHER THAN NCR SHOULD BE EXCLUDED**

The Court should preclude reference to notice letters sent to third parties other than NCR including, but not limited to, ShopKeep, Square, LivePOS, Revention, Comcash, Linga POS, Epos Now, Cin7, Clover Network, Lau, Toast, Ordyx, Oracle Corporation, Revel Systems, ECi Software Solutions, Upserve, Erply, Queztal POS, Harbortouch of Lighthouse Network, eHopper, Cegid, Franpos, e-Nabler, Kounta, COMBASE USA, and Vend, or any other argument, evidence, testimony, insinuation, or reference to CloudofChange's infringement investigations of parties or entities other than NCR, or whether they do or do not infringe the claims of the Asserted Patents. Whether other third parties infringe the Asserted Patents outside of the scope of the present action has no bearing on the infringement claims at issue or any of NCR's defenses and is thus not relevant. FED. R. EVID. 402. Even if these notice letters are relevant, which they are not, the letters should be excluded because their probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury. FED. R. EVID. 403.

**Motion in Limine 5:** **REFERENCES TO ANY PRIOR ART AND ANY THEORY OF INVALIDITY NOT SET FORTH IN NCR'S FINAL INVALIDITY CONTENTIONS AS NARROWED SHOULD BE EXCLUDED**

The Court should exclude any evidence or argument based on non-elected prior art.  In an attempt to circumvent the Court's Order (Dkt. 76) requiring the Parties to meet and confer to discuss narrowing the number of claims asserted and prior art references at issue, NCR expert Dr. Sandeep Chatterjee proposes to argue, based on material outside the prior art references that NCR elected, that certain "concepts" were known in the prior art. In making these arguments, NCR's expert repeatedly relies on non-elected prior art.  *See* Dkt. 79, pp. 1-2.  Moreover, when combined with the remainder of the expert's invalidity arguments against the same claims, these arguments rely on combinations of prior art that NCR did not elect.  NCR should be precluded from mentioning these references, absent a specific expression of any motivation to combine the different references.  Allowing this would thwart the entire purpose of the Court's Order and patent rules. CloudofChange has complied with that order, and NCR should not be permitted to take the benefits of the Order while failing to comply with the reciprocal restrictions on its use of prior art. NCR's effort to make arguments about non-elected prior art would be fundamentally unfair and prejudicial to CloudofChange, and would confuse the jury as to what prior art is being asserted and what arguments they are properly allowed to consider.  See FED. R. EVID. 401-403.  Surely NCR would not want CloudofChange to show up at trial and assert patent claims that CloudofChange had not elected under the corresponding portions of the same Court Order.

Courts regularly exclude such matter. *See Core Wireless Licensing S.A.R.L.*, 2016 WL718963, at *2 (precluding LG from introducing "evidence or argument that non-elected prior art invalidates any claim" or introducing "any non-elected prior art as an exhibit"); *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2018 WL 10638138, at *2 (E.D. Tex. Apr. 26, 2018) (excluding non-asserted prior art and requiring Defendants to obtain leave before

using "prior art that is outside of the previously elected prior art invalidity case in order to show relevant background information at trial"); *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-cv-744, 2016 WL 3618831, at *4 (E.D. Tex. Mar. 1, 2016) (granting motion to "[e]xclude any argument, testimony, evidence, or reference to prior art or prior art combinations that were not included in invalidity contentions or elected"); *Nobelbiz, Inc. v. Global Connect, L.L.C.*, No. 6:12-CV-244, 2015 WL 11072170, at *3 (E.D. Tex. Sept. 2, 2015) ("Dr. Perry can talk about the state of the art, but must avoid citing references that were not elected as prior art in his invalidity analysis.").

**Motion in Limine 6:** **COMPARISON OF THE ACCUSED PRODUCTS TO PRIOR ART SHOULD BE EXCLUDED**

NCR's expert reports and deposition testimony confirm that they intend to confuse and mislead the jury with legally irrelevant arguments that NCR does not infringe or should not be held liable for infringement because its accused products somehow practice the prior art. But the attempted comparison of the accused products to the prior art is legally improper, and the Court should preclude such evidence and argument.

The law is well-established that an accused infringer may not argue it does not infringe or should not be liable because it purportedly practices the prior art. The Federal Circuit has held repeatedly: "It is well established, however, that 'practicing the prior art' is not a defense to infringement." *In re Omeprazole Patent Litig.*, 536 F.3d 1361, 1377 (Fed. Cir. 2008) (rejecting defendant's argument that it did not infringe because "its manufacturing process merely practices the prior art"); *see also Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1365-69 (Fed. Cir. 2020) (improper for Defendant to claim it practiced prior art or obvious variations of the prior art); *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1583 (Fed. Cir. 1995) (improper for Defendants to argue the accused devices use only combined teachings of prior art). Indeed, "the fact that the patentee happens to be practicing the prior art is irrelevant" to an infringement analysis. *Tate Access*, 279 F.3d at 1367.

In determining infringement, the jury compares the accused device and the claims of the asserted patent, not the prior art. As stated in *Tate Access*, "[t]hus, our decision in *Baxter* directly forecloses [Defendant]'s 'practicing the prior art' argument…The discussion in *Baxter* cited above makes clear that literal infringement is determined by construing the claims and comparing them to the accused device, not by comparing the accused device, not by comparing the accused device to the prior art." *Tate Access*, 279 F.3d at 1366; *see also Baxter*, 49 F.3d at 1583 ("There is no

requirement that the accused device be nonobvious in light of the prior art, or otherwise be itself patentable.  Literal infringement exists if each of the limitations of the asserted claim(s) read on, that is, are found in, the accused device.").  Accordingly, courts routinely grant motions in *limine* precluding such improper comparisons.  *See, e.g.*, *Packet Intelligence LLC v. Netscout Sys., Inc.*, No. 2:16-cv-230-JRG, ECF No. 228, at 3 (E.D. Tex. Sept. 29, 2017); *see also Semcon IP Inc. v. Huawei Device USA Inc.,* No. 2:16-cv-00437-JRG-RSP, ECF No. 290, slip op. at 3 (E.D. Tex. Dec. 15, 2017); *Parthenon Unified Memory Architecture LLC v. Apple, Inc.*, No. 2:15-cv-621-JRG-RSP, ECF No. 246, at 3 (E.D. Tex. Sept. 21, 2016); *Rembrandt Wireless Techs.*, No. 2:13-CV-213-JRG-RSP, ECF No. 248, at *8.

NCR also may not argue this testimony is relevant to validity.  The cases make clear that such an argument is impermissible and conflates non-infringement and invalidity, causing substantial jury confusion on these important, and distinct, issues.  "[A]ccused infringers are not free to flout the requirement of proving invalidity by clear and convincing evidence by asserting a 'practicing prior art' defense to literal infringement under the less stringent preponderance of the evidence standard." *Tate Access*, 279 F.3d at 1367.  Moreover, the Federal Circuit foreclosed "practicing the prior art" as an invalidity argument. *Zenith Electronics Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008) ("[A]nticipation cannot be proven by merely establishing that one 'practices the prior art.'").

Evidence or argument from NCR or its experts comparing the accused devices to the prior art is highly likely to confuse and mislead the jury and should be excluded under Rule 402, 403, and the applicable law.

**Motion in Limine 7: REFERENCES TO FORUM SHOPPING, LITIGATION ABUSE, OR THE WESTERN DISTRICT OF TEXAS AS A POPULAR VENUE FOR PATENT LITIGATION OR AS AN IMPROPER VENUE SHOULD BE EXCLUDED**

The Court should preclude any reference to CloudofChange allegedly engaging in forum shopping or litigation abuse by selecting the Western District of Texas as the venue for this action. Further, the Court should exclude any reference concerning the Western District of Texas as a popular venue for patent litigation generally, or as being an improper or inconvenient venue for this action in particular. Such references are wholly irrelevant to the infringement claims at issue, amount to improper character evidence, and run the high risk of unfair prejudice, confusion of the issues, wasting time, and/or misleading the jury. FED. R. EVID. 402, 403, 404; *see Droplets, Inc.*, 2014 WL 11515642, at *1 (precluding defendants from arguing or presenting evidence that "Droplets filed in Marshall, Texas for an improper or underhanded purpose or that the EDTX is a popular patent venue"); *see also Datatreasury Corp.*, 2010 WL 11468934, at *3-4 (precluding evidence or argument that (1) plaintiff relocated its headquarters "in an attempt to engage in forum shopping or for establishing venue for this litigation," (2) there was any impropriety in plaintiff's right to select the forum, and (3) the jurors in the district are "plaintiff-oriented," "hostile towards defendants," or the district is the "patent lawsuit capital of the world" or similar statements).

**Motion in Limine 8: REFERENCES TO NCR'S 414 PATENTS SHOULD BE EXCLUDED**

The Court should exclude any reference to NCR's patents, which are outside the scope of its invalidity case and not elected by NCR as prior art to the asserted patents. Settled law establishes that NCR's patents are not relevant to CloudofChange's infringement claims. *Bio-Tech. Gen. Copr. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996) ("The existence of one's own patent does not constitute a defense to infringement of someone else's patent."); *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1309 (Fed. Cir. 2001) ("The fact that [accused infringer's] patent might read on the [accused device] is totally irrelevant to the question of whether [the accused infringer] willfully infringed another patent."); *Retractable Techs. Inc. v. Becton, Dickinson & Co.*, 2009 WL 8725107, at *7 (E.D. Tex. Oct. 8, 2009) (granting motion to exclude "any argument by Defendant that it does not infringe because the accused product is purportedly covered by patents that Defendant owns or licenses"). Further, NCR's designated Rule 30(b)(6) representative, Kristin Schoonover, has admitted that none of NCR's patents are related to or relevant to the accused product (NCR Silver). Schoonover Depo., 79:17-21. NCR should not be able to argue the Accused Products are covered by any NCR patent(s).

Nor are NCR's patents relevant to calculating damages here. Other than the unreliable testimony and damages report of Dr. Ikizler, NCR has not provided any evidence linking its patents to any damages issue.[1] For example, NCR does not calculate its damages based in any way on its patents, attempt to quantify its patents' value, or quantify their contribution to it its products separate and apart from the patented inventions' contributions. *See Georgia Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y 1970).

---

[1] CloudofChange concurrently filed its *Daubert* Motion to Exclude the Damages Opinions and Testimony of Dr. Ikizler on April 2, 2021 (Dkt. 89).

Any limited relevance NCR may assert its patent have under generalized damages principles is outweighed by the very serious risk of prejudice and confusion.  Fed. R. Evid. 403.  For example, if admitted, this evidence could cause the jurors to mistakenly conclude that the existence of NCR's patents weighs against a finding of infringement, even though that conclusion clearly would contradict the law.  For these reasons, an infringer's own patents are frequently excluded as prejudicial.  *E.g.*, *Hochstein v. Microsoft Corp.*, 2009 WL 2022815, at *2 (E.D. Mich. July 7, 2009) ("The Court will exclude evidence of Microsoft's patents to rebut Plaintiffs' expected argument that the '125 patent drove the commercial success of the Xbox.  Microsoft may argue that its own 'later and greater' specific features drove the commercial success of the Xbox, but Microsoft cannot use the terms 'patents' or 'patented' in discussing the features.  Use of the term 'patent,' in this context, is irrelevant, prejudicial, and will cause jury confusion."); *Cook Inc. v. Endologix, Inc.*, 2012 WL 4514036, at *5-6 (S.D. Ind. Oct. 1, 2012) ("[T]he Court disagrees that Endologix will be independently prejudiced if it is not allowed to present evidence of its patent history.  Cook is asserting its patents, and the background of those patents is clearly relevant.  While Endologix understandably wants to present evidence of its own development history of the accused products, evidence of its patents specifically is not necessary… Engologix may not present general evidence about the history of its own patents….").  The same result should follow here.

**Motion in Limine 9:   REFERENCES TO THE SUMMER INTERN WEIGHTS DOCUMENT AND ANY ANALYSIS CONTAINED THEREIN SHOULD BE EXCLUDED**

NCR should be precluded from introducing evidence or making reference to NCR's Excel "spreadsheet of features" which provides "high-level features that point-of-sale solutions in the industry have" (NCR006345).  Schoonover Deposition, 160:16-23.  This document was admittedly prepared by a "summer intern" and was not used by NCR in its business according to the testimony of its Rule 30(b)(6) witness.  *See id*. at 161:2-4, 163:21-164:4 (NCR006345 was prepared by "a summer intern" and was not used in her work at NCR in connection with NCR Silver.  As such, the document is irrelevant to NCR's the present case.  Fed. R. Evid. 402.  Additionally, allow NCR to introduce and adduce evidence which has no pertinence to the case and was prepared by a summer intern would only serve to confuse the jury by improperly providing "weighted factors" of different POS product features.  *See* Fed R. Evid. 403.

**Motion in Limine 10: REFERENCES TO ALLEGATIONS THAT INDIVIDUAL CLAIM ELEMENTS WERE IN THE PRIOR ART SHOULD BE EXCLUDED**

NCR should be precluded from introducing evidence or argument that individual claim elements were known in the prior art separate from an opinion that it would be obvious to combine elected references in NCR's invalidity report together to yield the full invention of at least one challenged patent claim. Such an analysis is improper because as a matter of patent law, a combination of previously known elements can be patentable. *In re Kahn*, 441 F.3d 977, 986 (Fed. Cir. 2006) ("[M]ere identification in the prior art of each element is insufficient to defeat the patentability of the combined subject matter as a whole."); *In re NTP, Inc.*, 654 F.3d 1279, 1299 (Fed. Cir. 2011) (piecemeal analysis is precisely the type of obviousness inquiry that must not be conducted). The question is not whether individual elements in isolation were known, but whether the combination in the claimed invention as a whole was obvious. *Kahn*, 441 F.3d at 986.

**Motion in Limine 11:**   DISPARAGING REFERENCES TO THE PTO AND ITS
**EXAMINERS SHOULD BE EXCLUDED**

NCR should be precluded from making disparaging remarks regarding the quality of the

PTO and its examiners, including that examiners are overworked or that the PTO is prone to error.

The PTO's examination process and resources are not relevant to the infringement allegations at

issue in this matter, and permitting disparaging comments regarding the Patent Office and its

examiners risks unfair prejudice, confusion of the issues, and/or misleading the jury. FED. R. EVID.

401, 402, 403. Such allegations invite the jury to speculate inappropriately about the prosecution of

the patents-in-suit instead of recognizing the legal presumptions that the PTO did its job properly

and the patents were validly issued. 35 U.S.C. § 282; *Siemens Med. Sols. USA, Inc. v. Saint-

Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1284 (Fed. Cir. 2011). For these reasons,

motions in limine on this issue are regularly granted. *See e.g., MV3 Partners*, slip op. at 4 (granting

motion precluding Disparaging Comments Regarding the Patent Office and its Examiners")

(Albright, J.); *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-cv-00456-JRG, Dkt. 166

at 3 (E.D. Tex. Nov. 14, 2018); *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-744-

JRG-RSP, 2016 WL 3618831, at *1 (E.D. Tex. Mar. 1, 2016) ("[n]o party will offer criticism of

the performance, reliability or credibility of the USPTO or the examiners that work at the USPTO,

refer to the existence of any 'backlog' at the USPTO, refer to the issuance of 'bad patents,' or offer

other similar evidence or remarks"); *Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-CV-401-JRG-

RSP, 2014 WL 11515642, at *1 (E.D. Tex. Dec. 10, 2014) (granting motion to preclude defendants

from "offering any argument, evidence, testimony, insinuation, or reference regarding the

workload of the PTO (or its examiners), any attempt to disparage the PTO (or its examiners)");

*Rembrandt Wireless Techs., LP v. Samsung Electronics Co.*, No. 2:13-CV-213-JRG-RSP, ECF No.

248, at *2 (E.D. Tex. Jan. 30. 2015)(precluding testimony "suggesting that the PTO – or its

examiners – are overburdened, incompetent, or overlook references, as well as any reference to 'bad' patents or any similar pejorative term"); *EVM Sys., LLC v. Rex Med., L.P.*, No. 6:13-CV-184, 2015 WL 11089476, at *2 (E.D. Tex. June 10, 2015) (precluding "[d]enigration of the Patent Office or its employees or denigrating the patent system"); *SimpleAir, Inc. v. AWS Convergence Techs., Inc.*, No. 2:09-cv-289, 2012 WL 13207358, at *2 (E.D. Tex. April 3, 2012) ("Defendants are precluded from introducing evidence relating to the reexamination proceedings or making arguments that disparage the Patent Office or its performance of its duties during the original prosecution."); *Core Wireless Licensing S.A.R.L. v. LG Elecs. Inc.*, No. 2:14-cv-911-JRG-RSP, 2016 WL 4718963, at *2 (E.D. Tex. July 12, 2016) ("LG may not disparage the PTO and its examiners, such as by arguing that examiners are overworked or that the PTO is prone to error").

**Motion in Limine 12:**  **REFERENCES TO EVIDENCE OR ARGUMENT THAT IS INCONSISTENT WITH THE COURT'S CLAIM CONSTRUCTIONS SHOULD BE EXCLUDED**

NCR should not be permitted to present evidence or argument that is inconsistent with the Court's claim constructions and, to the extent that the Court did not construe claim terms, evidence or argument that is inconsistent with the plain and ordinary meaning of such terms to a person skilled in the art.

It is well established, of course, that "the court determines the scope and meaning of the patent claims asserted." *Transclean Corp. v. Bridgewood Servs.*, 290 F.3d 1364, 1370 (Fed. Cir. 2002). "[T]he parties are not entitled to 'construe' the Court's claim construction … [to] argue that … the inventors 'really' invented something other than what the trial court has construed the claims to mean … [or argue] that the Court's claim construction is 'open to interpretation' by the jury." *EZ Dock, Inc. v. Schafer Sys.*, No. CIV.98-2364(RHK/AJB), 2003 WL 1610781, at *12 (D. Minn. Mar. 8, 2003). For this reason, courts, including this Court, routinely exclude evidence or argument to the jury to support an interpretation of a claim term that is different than the meaning given to that term by the court. *See, e.g., MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, ECF No. 332, slip op. at 5 (W.D. Tex. Sep. 29, 2020) (granting motion precluding reference to "Testimony or Arguments Contrary to or Unsupported by the Court's Claim Construction Order") (Albright, J.); Dentsply, 1-17-cv-01041 at 10 ("The Court will not permit the parties to contradict the court's construction. Therefore, the Court grants this motion in limine."); *Paice LLC v. Hyundai Motor Co.*, No. CIV.A. MJG-12-499, 2015 WL 5158727, at *2 (D. Md. Sept. 1, 2015) ("There shall be no argument, evidence, or testimony inconsistent with the Court's claim constructions"); *Linear Grp. Servs., LLC v. Attica Automation, Inc.*, No. 13-10108, 2014 WL 4206871, at *4 (E.D. Mich. Aug. 25, 2014) (granting motion in limine to preclude party "from raising additional claim Constructions"); *Toshiba Corp. v. Imation Corp.*, No. 09-CV-305-SLC,

2013 WL 1248633, at *5 (W.D. Wis. Mar. 26, 2013), supplemented, No. 09-CV-305-SLC, 2013 WL 7157854 (W.D. Wis. Apr. 5, 2013) ("Accordingly, Toshiba's motion in limine to exclude from trial any non-infringement argument or evidence inconsistent with the Federal Circuit's claim construction for the '966 patent, including evidence relating to the operations of bits b6, b5, and b24 in non-accused double-sided discs, is GRANTED."); *Eaton Corp. v. Parker-Hannifin Corp.*, No. CIV.A. 00-751-SLR, 2003 WL 179992, at *1 (D. Del. Jan. 24, 2003) ("Defendant's motion in limine to preclude certain testimony of Dr. Edward M. Caulfield (D.I.100) is granted to the extent that Dr. Caulfield may not give testimony that is inconsistent with the court's claim construction."); *Avocent Huntsville Corp. v. ClearCube Tech., Inc.*, No. CV-03-S-2875-NE, 2006 WL 7132021, at *1 (N.D. Ala. July 28, 2006) ("Avocent's motion in limine to preclude ClearCube 'from introducing at trial any argument and/or evidence based on claim constructions for the '919 patent or the '997 patent that is different from those adopted by the Court in its March 15, 2006 Markman claim construction order' (doc. no. 218) is GRANTED"); Transcript of Proceedings at 3:19-22, *Microscan Sys., Inc. v. Cognex Corp.*, No. 1-14-cv-06952-JSR (S.D.N.Y. Apr. 28, 2015) (No. 164) ("With respect to the motion to preclude evidence or argument that contravenes the Court's claim construction … that motion is granted.").

"Claim terms that are not construed have their ordinary meaning." *Music Choice v. Stingray Digital Grp. Inc.*, No. 2:16-cv-00586-JRG-RSP, 2019 WL 8110069, at *4 (E.D. Tex. Nov. 19, 2019) (quoting *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011-RSP, 2017 WL 5137401, at *17 (E.D. Tex. Nov. 4, 2017)). "The ordinary meaning of a claim term is given after reading the entire patent and from the perspective of one of ordinary skill in the art at the time of the invention." *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341 YGR, 2014 WL 971765, at *2 (N.D. Cal. Mar. 5, 2014); *see Phillips*, 415 F.3d at 1312. Therefore, if the Court did not construe a term, the Court should preclude NCR's witnesses from construing

the claim terms or from offering any interpretation other than the ordinary meaning from the perspective of a person of ordinary skill in the art at the time the inventions were made. *See Ziilabs Inc., Ltd. v. Samsung Elecs. Co.*, No. 2:14-CV-203-JRG-RSP, 2015 WL 8274055, at *2 (E.D. Tex. Dec. 8, 2015) (precluding expert from relying on intrinsic evidence while claiming that he was providing ordinary meaning, holding that this was claim construction); *Velcro Indus. B.V. v. Taiwan Paiho Ltd.*, No. CIV. 04-CV-242-JD, 2005 WL 2573383, at *2 (D.N.H. Oct. 12, 2005) (excluding claim interpretation for claims not construed, holding that "all but the terms considered as part of the claim construction process simply have their ordinary meaning").

**Motion in Limine 13:   REFERENCES TO CHATTERJEE'S UNTIMELY OPINIONS SHOULD BE EXCLUDED**

Any testimony regarding the new chart prepared by Dr. Chatterjee, Ex. 227 to the deposition of Dr. Ikizler, should be excluded as the chart was prepared and produced untimely. Dr. Chatterjee's testimony should be limited to the matters and opinions contained in his initial expert reports and NCR should be barred from making any reference to or presenting any evidence, testimony, or opinions contained in the new chart.

**Motion in Limine 14: REFERENCES TO CLOUDOFCHANGE'S ATTORNEY FEE AGREEMENTS SHOULD BE EXCLUDED**

The Court should exclude any reference to attorney's fee agreements that CloudofChange has with its counsel. CloudofChange's financial arrangements with counsel (past and present) are not relevant to CloudofChange's infringement allegations at issue. FED. R. EVID. 402.

Moreover, to reference such matters runs the risks of unfair prejudice, confusing the issues, wasting time, and/or misleading the jury. FED. R. EVID. 403; *see SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-CV-158-JRG, 2012 WL 12906091, at *1 (E.D. Tex. May 24, 2012) (granting motion to preclude the parties from making any reference to, *inter alia*, attorney's fee arrangements); *see also Datatreasury Corp.*, 2010 WL 11468934, at *1 (granting motion to exclude reference to attorney fee arrangements, including whether counsel have advanced fees or monies to the parties in connection with the litigation); *Parthenon Unified Memory Architecture LLC*, 2016 WL 7743510, at *3 (granting motion to exclude reference, arguments, or testimony regarding contingent fees, fees incurred, fee arrangements, any fees obtained as the result of previous settlements, attorneys).

**<u>Conclusion</u>**

     For the reasons set forth above, CloudofChange, LLC respectfully requests that the Court grant the foregoing motions in limine.

Dated:  April 2, 2021

Respectfully submitted,

By: <u>*/s/ John H. Barr, Jr.*</u>

John H. Barr, Jr.
Attorney In Charge
Texas Bar No. 00783605
jbarr@pattersonsheridan.com

John A. Yates
Texas Bar No. 24056569
jyates@pattersonsheridan.com

B. Todd Patterson
Texas Bar No. 00789537
tpatterson@pattersonsheridan.com

Edgar N. Gonzalez
Texas Bar No. 24092431
egonzalez@pattersonsheridan.com

Patterson + Sheridan LLP
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel.): 713-623-4844
(Fax): 713-623-4846

Abelino Reyna
Texas Bar No. 24000087
areyna@pattersonsheridan.com

Patterson + Sheridan LLP
900 Washington Ave., Suite 503
Waco, Texas 76701
(Tel.): 254-777-5248
(Fax): 877-777-8071

*Attorneys for Plaintiff,*
*CloudofChange, LLC*

## CERTIFICATE OF CONFERENCE

I hereby certify that, pursuant to the Local Rules, I contacted counsel for Defendant concerning the relief sought in this motion.   Counsel for Defendant opposes these motions in limine.

*/s/ John H. Barr, Jr.*
John H. Barr, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2021, I caused the foregoing and its exhibits to be electronically served upon counsel of record below.

*/s/ John H. Barr, Jr.*
John H. Barr, Jr.

Charles E. Phipps, cphipps@lockelord.com
Daniel G. Nguyen, dnguyen@lockelord.com
Steven F. Meyer, smeyer@lockelord.com
Donald E. Frechette, donald.frechette@lockelord.com
Charles S. Baker, cbaker@lockelord.com
Scarlett Collings, scarlett.collings@lockelord.com

**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201

*Counsel for Defendant NCR Corporation*