UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CloudofChange, LLC,<br><br>    Plaintiff,<br><br>        v.<br><br>NCR Corporation,<br><br>    Defendant. | Case No. 6:19-CV-00513-ADA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
NCR'S FIRST MOTION *IN LIMINE*** 

Plaintiff CloudofChange, LLC ("CloudofChange") submits this Response in Opposition to NCR's First Motion in Limine (Dkt. 95) ("Motion") for the upcoming jury trial in this case.

NCR's MILs 1,3, 4, 8 and 9 are agreed to by CloudofChange.  NCR's MILs 2 and 10 are opposed in-part. NCR MILs 5-7 are opposed.

# **TABLE OF CONTENTS**

MIL 1:   No Argument, Evidence, or Questions Concerning Presence or Absence of Party's Employees/Executives, e.g., Absent Witnesses or Top Executives ................................................1

MIL 2:   No Argument, Evidence, or Questions Concerning Any Allegation NCR Does Not Respect Intellectual Property Generally ........................................................................................1

MIL 3:   No Argument, Evidence, or Questions Concerning Any Allegation that NCR Copied CloudofChange's Patented Inventions..............................................................................................1

MIL 4:   No Argument, Evidence, or Questions as to Comparisons of Burden of Proof Standards to Other Areas of the Law ................................................................................................1

MIL 5:   No Argument, Evidence, or Questions Concerning NCR's Overall Economic Status, Total Revenue/Profits, Revenue/Profits Not Connected to Accused Systems, Total Company Cash, or Ability to Pay for a License ..................................................................................................1

MIL 6:   No Argument, Evidence, or Questions Regarding the Parties' Relative Size, Financial Position, or Sophistication ..................................................................................................................2

MIL 7:   No Argument, Evidence, or Questions Suggesting a Party's Corporate Representative at Trial Is Obligated to Prepare on Any Particular Topic or Is Charged with the Knowledge of Others within the Company ................................................................................................................3

MIL 8:   No Extraneous Statement During Closing That Is Unrelated To The Evidence Presented Or A Disputed Issue That Is Designed Primarily To Illicit An Emotional Juror Response   ..............................................................................................................................................4

MIL 9:   Any Testimony Not Provided In Deposition Due To A Claim Of Attorney Client Or Work Product Privilege.......................................................................................................................5

MIL 10:   Any Corporate Testimony That CloudofChange Objected To Providing, Refused to Provide, Or Could Not Provide During   DepositioN....................................................................5

## **TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*Chrimar Systems, Inc. v. Alcatel-Lucent USA, Inc., et al.*,
    Civil Action No. 6:15-cv-163-JDL, Dkt. 292 ...................................................................2

*ESW Holdings, Inc. v. Roku, Inc.*,
    Civil Action No.: 6-19-cv-44-ADA, Dkt. 150 ...................................................................5

*Wilson v. Lakner*,
    228 F.R.D 524 (D. Md. 2005)............................................................................................4

**Statutes and Rules**

Fed. R. Evid. 402 ............................................................................................................... *passim*

Fed. R. Evid. 403 ............................................................................................................... *passim*

**MIL 1:** **No Argument, Evidence, or Questions Concerning Presence or Absence of Party's Employees/Executives, e.g., Absent Witnesses or Top Executives**

Agreed.

**MIL 2:** **No Argument, Evidence, or Questions Concerning Any Allegation NCR Does Not Respect Intellectual Property Generally**

Plaintiff opposes NCR's MIL #2 in part.  Plaintiff agrees not to introduce argument, evidence, or questions relating to NCR's respect for intellectual property *generally*.

However, CloudofChange is entitled to show that NCR has *specifically* ignored CloudofChange's Asserted Patents, despite written notice of same.  CloudofChange intends to introduce evidence that its pre-suit notice letter to NCR was received by NCR and introduce evidence related to NCR's actions or inactions in response to the notice letter. Indeed, CloudofChange has asserted that NCR's infringement is willful and is entitled to put on a case of willfulness.

**MIL 3:** **No Argument, Evidence, or Questions Concerning Any Allegation that NCR Copied CloudofChange's Patented Inventions**

Agreed.

**MIL 4:** **No Argument, Evidence, or Questions as to Comparisons of Burden of Proof Standards to Other Areas of the Law**

Agreed.

**MIL 5:** **No Argument, Evidence, or Questions Concerning NCR's Overall Economic Status, Total Revenue/Profits, Revenue/Profits Not Connected to Accused Systems, Total Company Cash, or Ability to Pay for a License**

Plaintiff opposes NCR's MIL #5.

This MIL is vague as it fails to explain what is meant by Total Revenue/Profits and Ability to Pay for a License.  If Total Revenue/Profits relates to the revenues and profits of the Accused Products, there is no basis for exclusion as discussed in the Damages Report of Ambreen Salters, which is incorporated herein.  *See* Dkt. 97, Ex. A, Expert Report of Ambreen Salters on Damages,

1

¶¶ 30, 41-48, Ex. 4. The vague reference to "Ability to Pay for a License" is also a relevant area of damages inquiry under applicable law as explained by Ms. Salters in her report where she analyzed the revenues, costs, and profits of NCR related to the Accused Products in accordance with the Georgia Pacific Factors to determine a reasonable royalty. *Id*. at ¶¶ 31-48.

Assuming that the reference to Total Revenue/Profits in this MIL seeks to exclude evidence of the Total Revenue and Profits of NCR <u>as a combined company</u>, the information should not be excluded as this information was relied upon by NCR's own damages expert, Dr. Ikizler, as a basis for criticizing the damages methodology and evidence relied upon by CloudofChange's expert Ambreen Salters. Specifically, NCR's Total Company revenue, number of employees, and company-wide revenues and profit margin form the basis of NCR's own damages expert's opinion related to reasonable royalty and the basis of his key criticisms of Ms. Salters, her methodology, and the evidence that she relied upon. *See, e.g.,* Dkt. 89, Ex. 2, Ikizler Dep. Tr. 122:1-125:16 (discussing size and revenue of NCR and comparing profit margins to other similarly sized POS companies). *See, e.g.,* Dkt. 89, Ex. 2, Ikizler Dep. Tr. 30:21-31-7, 31:23-32:3, 48:6-11, 54:21-55:25, 106:2-9,116:2-8, 122:1-125:16; Dkt. 97, Ex. M, Salters Dep. Tr. 61:16-64:10, 102:13-103-21, 117:13-19, 122:1-125:16, 154:8-14.

The Court should not preclude reference to relevant evidence relied upon by each party's damages experts. FED. R. EVID. 402; *see also Chrimar Systems, Inc. v. Alcatel-Lucent USA, Inc., et al.*, Civil Action No. 6:15-cv-163-JDL, Dkt. 292 (denying-in-part defendant's motion in limine to exclude "any information pertaining to defendants' total revenue, sales, and financial worth.").

**MIL 6:     No Argument, Evidence, or Questions Regarding the Parties' Relative Size, Financial Position, or Sophistication**

Plaintiff opposes NCR's MIL #6.

2

This MIL is and vague, and again seeks to exclude evidence relied upon by the damages experts for both parties. NCR's own damages expert, Dr. Ikizler, relied on the exact information NCR seeks to exclude in this MIL: success of the Accused Product attributed to the **size and sophistication** of NCR (207:2-9); NCR **financial position** and total company profit margin as evidence that Salter's profit margin for Accused Products is too high (Ikizler Report, ¶ 41); NCR's total company revenue (122:17-20) and NCR's total company employee count (31:20-22) as evidence that Salters' survey evidence regarding other POS companies is inapplicable (106:2-9; 30:21 – 31:7; 31:23 – 32:3; 48:6-11).  *See, e.g.,* Dkt. 90, Ex. 2, Ikizler Dep. Tr. 54:21-55:25 (discussing sales and revenue for NCR Silver and what Dr. Ikizler believes is a "reasonable royalty); *Id.* at 116:2-8 (discussing total revenue of NCR Silver); *Id.* at 122:1-125:16 (discussing size and revenue of NCR and comparing profit margins to other similarly sized POS companies).

**MIL 7:      No Argument, Evidence, or Questions Suggesting a Party's Corporate Representative at Trial Is Obligated to Prepare on Any Particular Topic or Is Charged with the Knowledge of Others within the Company**

Plaintiff opposes NCR's MIL #7.

NCR seeks to prohibit Plaintiff from "suggesting that NCR's corporate representative at trial has a legal obligation to be prepared to and testify and any particular topic…" Directly contrary to this MIL, NCR's designated corporate witnesses had a legal obligation under Rule 30(b)(6) to be prepared on the designated topics. NCR has already stipulated that its only witnesses at trial will be the Rule 30(b)(6) witnesses presented for deposition. *See* Ex. 1, Defendant NCR Corporation's Trial Witness List.

NCR's 30(b)(6) witnesses were unable to answer questions regarding designated topics and NCR's counsel advised CloudofChanges' counsel that "no documents exist." *See* Ex.2, COC0002324-COC0002325 (email from NCR counsel to CloudofChange's counsel regarding production of NCR Silver sales). Despite NCR's failure to produce documents or information,

3

NCR's damages expert Dr. Ikizler has criticized, and NCR seeks to exclude CloudofChange's damages expert, Ambreen Salters, for allegedly failing to consider costs of goods sold information that was never produced by NCR and that its corporate representatives were unprepared to discuss. *See* Dkt. 97, pp.6-7.  The demonstrated lack of knowledge or preparation by NCR's witnesses is fair for cross-examination and is probative of the weight to be given to their testimony.

Under applicable law, an organization (*i.e.*, NCR) must prepare a witness or witnesses to "testify about all information known or reasonably available to the organization" for any questions that could arise under the noticed topics.  *Id*.  The designated witnesses must undertake a good faith effort to collect all information on the noticed topics.  *Wilson v. Lakner*, 228 F.R.D 524, 528 (D. Md. 2005).  NCR designated two witnesses to testify on its behalf:  Kristin Schoonover and McGill Quinn.  *See* Ex.1. Defendant NCR Corporation's Trial Witness List.  However, both Schoonover and Quinn repeatedly did not have information on designated topics.  Quinn prepared for his deposition on significant technical topics for only six hours and consulted with no other employees.  *See*, Dkt. 68, Ex. 10, Quinn Dep. Tr. 11:7-13.  Schoonover only consulted with one other employee for one day and repeatedly answered "I don't know" to questions regarding topics NCR designated her to testify on.  *See, e.g.,* Dkt. 89, Ex. 4, Schoonover Dep. Tr. 10:10-12, 14:1-12, 15:1-8, 23:1-7, 32:13-33:10, 38:20-39:8, 41:10-42:14, 65:20-66:3, 67:6-68:4, 99:18-100:14, 106:14-15, 107:3-15, 109:24-110:13, 116:21-117:23, 118:5-9, 147:8-21, 156:2-17, 167:11-168:15, 170:21-171:3, 178:3-17.

**MIL 8:      No Extraneous Statement During Closing That Is Unrelated To The Evidence Presented Or A Disputed Issue That Is Designed Primarily To Illicit An Emotional Juror Response**

Agreed.

**MIL 9:** **Any Testimony Not Provided In Deposition Due To A Claim Of Attorney Client Or Work Product Privilege**

Agreed.

**MIL 10:** **Any Corporate Testimony That CloudofChange Objected To Providing, Refused to Provide, Or Could Not Provide During Deposition**

Plaintiff opposes NCR's MIL #10 in part. Plaintiff agrees not to provide specific testimony, if any, that it objected to providing. However, the remaining MIL should be denied.

NCR seeks to exclude testimony by witnesses which was allegedly not provided during the depositions, irrespective of whether or not such testimony was even asked of a witness during a deposition. In support of its vague request for exclusion for "any corporate testimony" that CloudofChange objected to, refused to, or could not provide during a deposition, NCR relies on the Court's recent grant of a similar Motion in Limine under distinguishable facts in *ESW Holdings, Inc. v. Roku, Inc.*, Civil Action No.: 6-19-cv-44-ADA, Dkt. 150, MIL #16.

Unlike the party seeking the exclusion in *Roku*, NCR has failed to provide any specific examples of CloudofChange corporate witnesses who objected to, refused to, or could not provide Rule 30(b)(6) testimony. *See Roku*, Civil Action No.: 6-19-cv-44-ADA, Dkt. 110, MIL #12, pp. 8-9 (providing specific examples of ESW's corporate witness's objections and answers to Roku's questions during Rule 30(b)(6) depositions to support its request for exclusion in its Motion in Limine).

| Dated: April 7, 2021 | Respectfully submitted, |
|---|---|
| | By: */s/ John H. Barr, Jr.* |
| | John H. Barr, Jr.<br>Attorney In Charge<br>Texas Bar No. 00783605<br>jbarr@pattersonsheridan.com |
| | John A. Yates |

Texas Bar No. 24056569
jyates@pattersonsheridan.com

B. Todd Patterson
Texas Bar No. 00789537
tpatterson@pattersonsheridan.com

Edgar N. Gonzalez
Texas Bar No. 24092431
egonzalez@pattersonsheridan.com

Patterson + Sheridan LLP
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel.): 713-623-4844
(Fax): 713-623-4846

Abelino Reyna
Texas Bar No. 24000087
areyna@pattersonsheridan.com

Patterson + Sheridan LLP
900 Washington Ave., Suite 503
Waco, Texas 76701
(Tel.): 254-777-5248
(Fax): 877-777-8071

*Attorneys for Plaintiff,*
*CloudofChange, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2021, I caused the foregoing and its exhibits to be electronically served upon counsel of record below.

*/s/ John H. Barr, Jr.*
John H. Barr, Jr.

Charles E. Phipps, cphipps@lockelord.com
Daniel G. Nguyen, dnguyen@lockelord.com
Steven F. Meyer, smeyer@lockelord.com
Donald E. Frechette, donald.frechette@lockelord.com
Charles S. Baker, cbaker@lockelord.com
Scarlett Collings, scarlett.collings@lockelord.com

**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201

*Counsel for Defendant NCR Corporation*