# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| CloudofChange, LLC, | ) 6:19-CV-00513-ADA |
| Plaintiff, | ) |
| v. | ) JURY TRIAL DEMANDED |
| NCR Corporation, | ) |
| Defendant. | ) **PUBLIC VERSION** |

## NCR'S FIRST MOTION *IN LIMINE*

Charles E. Phipps
   Texas State Bar No. 00794457
   cphipps@lockelord.com
Charles S. Baker
   Texas State Bar No. 01566200
   cbaker@lockelord.com
Steven F. Meyer
   Admitted *pro hac vice*
   smeyer@lockelord.com
Donald E. Frechette
   Admitted *pro hac vice*
   donald.frechette@lockelord.com
Scarlett Collings
   Texas State Bar No. 24001906
   scarlett.collings@lockelord.com
Daniel G. Nguyen
   Texas State Bar No. 24025560
   dnguyen@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000 Telephone
(214) 740-8800 Facsimile

**ATTORNEYS FOR DEFENDANT
NCR CORPORATION**

# TABLE OF CONTENTS

Page

1. No Argument, Evidence, or Questions Concerning Presence or Absence of Party's Employees/Executives, e.g., Absent Witnesses or Top Executives ...................................1

2. No Argument, Evidence, or Questions Concerning Any Allegation NCR Does Not Respect Intellectual Property Generally .................................................................................1

3. No Argument, Evidence, or Questions Concerning Any Allegation that NCR Copied CloudofChange's Patented Inventions ..................................................................2

4. No Argument, Evidence, or Questions as to Comparisons of Burden of Proof Standards to Other Areas of the Law ...................................................................................3

5. No Argument, Evidence, or Questions Concerning NCR's Overall Economic Status, Total Revenue/Profits, Revenue /Profits Not Connected to Accused Systems, Total Company Cash, or Ability to Pay for a License.........................................3

6. No Argument, Evidence, or Questions Regarding the Parties' Relative Size, Financial Position, or Sophistication ...................................................................................5

7. No Argument, Evidence, or Questions Suggesting a Party's Corporate Representative at Trial Is Obligated to Prepare on Any Particular Topic or Is Charged with the Knowledge of Others within the Company............................................5

8. No Extraneous Statement During Closing That Is Unrelated To The Evidence Presented Or A Disputed Issue That Is Designed Primarily To Illicit An Emotional Juror Response ..................................................................................................7

9. Any Testimony Not Provided In Deposition Due To A Claim Of Attorney Client Or Work Product Privilege ...................................................................................7

10. Any Corporate Testimony That CloudofChange Objected To Providing, Refused to Provide, Or Could Not Provide During Deposition........................................................7

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Data Treasury Corp. v. Wells Fargo & Co.*,
  No. 2:06-cv-72-DF, Dkt. 2392 (E.D. Tex. Oct. 5, 2010) ............................................................6

*Ericsson Inc. v. TCL Comme'n Tech Holdings, Ltd.*,
  No. 2:15-cv-0011-RSP Dkt. 377 (E.D. Tex. Nov. 29, 2017) ......................................................1

*ESW Holdings, Inc. v. Roku, Inc.*,
  Civil Action No.:6:19-cv-44-ADA, Dkt. 150 ...................................................................5, 6, 7

*I-Flow LLC v. Progressive Medical, Inc.*,
  No. 12-cv-01064-AG-RNB, Dkt. 212 (C.D. Cal. Feb. 21, 2014) ...............................................3

*Intellectual Ventures II LLC v. FedEx Corp.*,
  No. 2:16-cv-00980-JRG, Dkt. 505 .............................................................................................5

*LaserDynamics, Inc. v. Quanta Comp.*,
  694 F.3d 51 (Fed. Cir. 2012) ......................................................................................................4

*Mobile Media Ideas, LLC v. HTC Corp.*,
  No. 2:10-CV-112-JRG, (E.D. Tex, Apr. 24, 2013), Dkt. 377 ....................................................4

*Optis Wireless Tech., LLC v. Apple Inc.*,
  No. 2:19-cv-066-JRG ..................................................................................................................4

*Parthenon Unified Memory Arch. LLC v. Apple Inc. ("PUMA")*,
  No. 2:15-cv-621-JRG-RSP, 2016 WL 7743510, at *3 (E.D. Tex. Sep. 21,
  2016) .......................................................................................................................................2, 4

*Personalized Media Commc'ns, LLC v. Zynga, Inc.*,
  No. 2:12-cv-00068-JRG, 2013 WL 10253110 (E.D. Tex. Oct. 30, 2013) .................................3

*Rembrandt Wireless Techs., LP v. NCR Elecs. Co.*,
  No. 2:13-CV-213-JRG-RSP (E.D. Tex. Jan. 31, 2015), Dkt. 248 .............................................4

*SEVEN Networks, LLC v. Google, LLC*,
  No. 2:17-cv-442-JRG, Dkt. 582 .............................................................................................1, 5

*Stragent, LLC v. Intel Corp.*,
  No. 6:11-cv-421-TBD-JDL, Dkt. 274 (E.D. Tex. Feb. 27, 2014) (Dyk, J., by
  designation) ................................................................................................................................3

*Traxcell v. Techs., LLC v. AT&T Corp.*,
    No. 2:17-cv-718-RWS-RSP, Dkt. 429 (E.D. Tex. Oct. 1, 2019)..............................................2

*Uniloc USA, Inc. v. Microsoft Corp.*,
    632 F.3d 1292 (Fed. Cir. 2011)............................................................................................4

*Union Pump Co. v. Centrifugal Tech. Inc.*,
    404 Fed. Appx. 899 (5th Cir. 2010)......................................................................................6

*VirnetX Inc., v. Apple Inc.*,
    No. 6:12-cv-00855-RWS, Dkt. 937 (E.D. Tex. Sept, 1, 2020)..............................................1

*Vocalife v. Amazon.com*,
    No. 2:19-cv-00123-JRG, Dkt. 310.........................................................................................1

**Statutes and Rules**

Fed. R. Civ. P. 37(c)(1)...................................................................................................................7

Fed. R. Evid. 401 ..............................................................................................................1, 2, 4, 7

Fed. R. Evid. 402 ................................................................................................................ *passim*

Fed. R. Evid. 403 ................................................................................................................ *passim*

Fed. R. Evid. 404 ...........................................................................................................................2

NCR respectfully moves *in limine* to preclude the following from trial.

1. **No Argument, Evidence, or Questions Concerning Presence or Absence of Party's Employees/Executives, e.g., Absent Witnesses or Top Executives**

The presence or absence in the courtroom of NCR's employees or executives, including but not limited to NCR's CEO, does not "ha[ve] any tendency to make a fact more or less probable than it [otherwise] would be," nor are those 'fact[s] of consequence in determining the action." Fed. R. Evid. 401.  Any reference to the absence of any particular NCR employee – such as NCR's CEO – is only likely to inflame the jury based on irrelevant considerations.  CloudofChange's founders oversees a business they run.  Given these facts, suggesting to the jury that an NCR executive's absence as compared to CloudofChange's founders' presence somehow bears on the case's merits is unfairly prejudicial to NCR. Fed. R. Evid. 403.

Courts in the Eastern District of Texas have granted similar motions *in limine*.  *VirnetX Inc., v. Apple Inc.*, No. 6:12-cv-00855-RWS, Dkt. 937 at 11 (E.D. Tex. Sept, 1, 2020) (citing, *Ericsson Inc. v. TCL Comme'n Tech Holdings, Ltd.*, No. 2:15-cv-0011-RSP Dkt. 377 at 6 (E.D. Tex. Nov. 29, 2017)); *see also*, *Vocalife v. Amazon.com*, No. 2:19-cv-00123-JRG, Dkt. 310 at 12 (granting Amazon's MIL No. 9 as to unavailable witnesses), *SEVEN Networks, LLC v. Google, LLC,* No. 2:17-cv-442-JRG, Dkt. 582, Dec. 18, 2018 Hr'g Tr. at 82:4-86:13 ("I think that Defendant has a legitimate concern that there may be questions about one CEO is present but where is the other CEO, and that's really not an appropriate or a relevant inquiry, given the differing postures of the parties.").

2. **No Argument, Evidence, or Questions Concerning Any Allegation NCR Does Not Respect Intellectual Property Generally**

CloudofChange should be precluded from offering evidence or argument suggesting that NCR does not as a company respect intellectual property rights, which is irrelevant and unduly

91585648v.1

prejudicial. Fed. R. Evid. 401-404. *Parthenon Unified Memory Arch. LLC v. Apple Inc. ("PUMA")*, No. 2:15-cv-621-JRG-RSP, 2016 WL 7743510, at *3 (E.D. Tex. Sep. 21, 2016) (excluding statements that suggest Defendant does not respect intellectual property). CloudofChange's willful infringement allegations may permit it to suggest NCR did not properly respect CloudofChange's asserted patents, and NCR will offer contrary evidence. But CloudofChange should not be permitted to suggest NCR generally or as a practice fails to respect the intellectual property of others. Suggestions of that nature are necessarily irrelevant, unfairly prejudicial, and reflect inadmissible character allegations. Fed. R. Evid. 401-404.

3.   **No Argument, Evidence, or Questions Concerning Any Allegation that NCR Copied CloudofChange's Patented Inventions**

Inflammatory references to "copying" or "stealing" by NCR should be excluded as irrelevant, lacking foundation, and unfairly prejudicial, confusing, and misleading. No record evidence suggests NCR ever copied any of CloudofChange's claimed inventions. No evidence exists that any NCR engineer or product developer was ever remotely aware of CloudofChange's patents, let alone that anyone copied the claimed technology.

Unsubstantiated allegations of "copying" are unfairly prejudicial to NCR and a waste of time. Any suggestion of copying or stealing would also mislead the jury by encouraging them to draw conclusions about NCR's intent, mindset, or actions that are unsupported by the evidence. Thus, any discussion of alleged copying or theft by should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and waste of time. See Fed. R. Evid. 402, 403; *Traxcell v. Techs., LLC v. AT&T Corp.*, No. 2:17-cv-718-RWS-RSP, Dkt. 429 at 4 (E.D. Tex. Oct. 1, 2019) (granting "Sprint's MIL #12: Exclude any reference to Sprint allegedly copying Traxcell's technology"); *Personalized Media*

2

*Commc'ns, LLC v. Zynga, Inc.*, No. 2:12-cv-00068-JRG, 2013 WL 10253110, at *2 (E.D. Tex. Oct. 30, 2013) (barring allegations of copying); *I-Flow LLC v. Progressive Medical, Inc.*, No. 12-cv-01064-AG-RNB, Dkt. 212 at 6-7 (C.D. Cal. Feb. 21, 2014) (excluding inflammatory references to "copying").

4. **No Argument, Evidence, or Questions as to Comparisons of Burden of Proof Standards to Other Areas of the Law**

The parties should he precluded from characterizing the burden of proof with reference to areas of law other than those that apply in this case. For example, analogizing patent invalidity to terminating parental rights is highly inflammatory, confusing and misleading to the jury, and may improperly influence the jury by inviting a comparison with their legally unrelated past experiences or preconceptions. Fed. R. Evid. 403; *Stragent, LLC v. Intel Corp.*, No. 6:11-cv-421-TBD-JDL, Dkt. 274 at 2 (E.D. Tex. Feb. 27, 2014) (Dyk, J., by designation) (excluding "[r]eferences to the 'clear and convincing' standard in the Texas Family Code").

5. **No Argument, Evidence, or Questions Concerning NCR's Overall Economic Status, Total Revenue/Profits, Revenue /Profits Not Connected to Accused Systems, Total Company Cash, or Ability to Pay for a License**

The Court should preclude CloudofChange from offering evidence or argument on NCR's overall economic status, earnings, market capitalization, stock price, cash reserves, total revenues and profits (both U.S. and worldwide), its revenue and profits for non-accused products; its total product-specific revenues and profits (both U.S. and worldwide); its ability to pay for a license or the amount demanded by CloudofChange; or other indications of wealth. This financial information is not relevant, especially because CloudofChange is not actually seeking damages based on the Entire Market Value Rule ("EMVR"), and it should be excluded to avoid the risk of

3

improperly skewing the jury's perspective on reasonable royalty damages. Fed. R. Evid. 401-403; *Optis Wireless Tech., LLC v. Apple Inc.,* No. 2:19-cv-066-JRG, July 28, 2020 Pre-Trial Hr'g at 242:8-244:4.

*Uniloc USA, Inc. v. Microsoft Corp.* holds that a defendant's revenues and profits are irrelevant absent properly supported EMVR theories, which are absent here. 632 F.3d 1292, 1320 (Fed. Cir. 2011). Evidence of "overall revenues, which have no demonstrated correlation to the value of the patented feature alone, only serve to make a patentee's proffered damages amount appear modest by comparison, and to artificially inflate the jury's damages calculation beyond that which is 'adequate to compensate for the infringement.'" *LaserDynamics, Inc. v. Quanta Comp.,* 694 F.3d 51, 68 (Fed. Cir. 2012). Courts in the Eastern District of Texas routinely excludes such evidence. *See, e.g.,* Order at *5, Mobile Media Ideas, LLC v. HTC Corp.,* No. 2:10-CV-112-JRG, (E.D. Tex, Apr. 24, 2013), Dkt. 377 (excluding references to defendant's "total revenue or operating profits"); *Rembrandt Wireless Techs., LP v. NCR Elecs. Co.,* No. 2:13-CV-213-JRG-RSP (E.D. Tex. Jan. 31, 2015), Dkt. 248 at 9 (granting motion to "exclude evidence of NCR's size, wealth, total revenues or profits"); *PUMA,* No. 2:15-cv-621-JRG-RSP, 2016 WL 7743510, at *2 (granting Apple's motion in limine to "exclude evidence, testimony, or argument during trial [of] Apple's wealth, profits, revenue, size, etc." unrelated to the profits or revenues concerning the accused products). The same should be done here.[1]

---

[1] Though CloudofChange's proffered damages expert purports to apply the smallest salient part analysis to her damages calculations, to the extent CloudofChange attempts to seek EMVR, any such testimony or evidence should be excluded for the reasons outlined above.

**6.     No Argument, Evidence, or Questions Regarding the Parties' Relative Size, Financial Position, or Sophistication**

The Court should preclude CloudofChange from arguing or eliciting evidence directed to the parties' or their related entities' *relative* sizes, financial positions, or perceived sophistication. Similarly, no party should be permitted to argue or suggest that a party's size or its legal budget has any bearing on the proper outcome of this case or the U.S. legal system in general. These comparisons do not tend to make any fact of consequence in this case any more or less probable. They can only be deployed to try to evoke an improper "David versus Goliath" image, which courts in the Eastern District of Texas routinely forbid. *SEVEN Networks,* Dkt. 582 at 35:10-36:4, 38:11-19 ("I want to make it real clear, neither of these trials are going to be about David versus Goliath."); *Intellectual Ventures II LLC v. FedEx Corp.,* No. 2:16-cv-00980-JRG, Dkt. 505 at 6-7 (excluding reference to "denigrate Defendants by painting a David and Goliath scenario"); Fed. R. Evid, 402, 403. This Court recently granted a similar Motion in Limine. *See, ESW Holdings, Inc. v. Roku, Inc.*, Civil Action No.: 6:19-cv-44-ADA, Dkt. 150.

**7.     No Argument, Evidence, or Questions Suggesting a Party's Corporate Representative at Trial Is Obligated to Prepare on Any Particular Topic or Is Charged with the Knowledge of Others within the Company**

CloudofChange should be precluded from suggesting that NCR's corporate representative at trial has a legal obligation to be prepared to and testify on any particular topic or should be expected to know all information that resides with others in the company. NCR fully intends to have a corporate representative present at trial on the company's behalf and to have him or her testify regarding information within his personal knowledge. However, CloudofChange should not be permitted to imply to the jury that the corporate representative is expected to have knowledge regarding every topic that might be relevant to the case. For example, if NCR's corporate

5

representative works in a marketing or product planning/management role, CloudofChange should not be permitted to imply that he or she should be prepared to testify regarding corporate policies for dealing with patent infringement allegations, that he or she should be well-versed in the technical details of all the products and functionalities at-issue, or that he or she be knowledgeable on all of the pre-suit communications between the parties. His or her possible lack of knowledge about such information—which is the subject of other witnesses' testimony—is not relevant to the claims at issue and can only unfairly prejudice the jury against NCR. Fed. R. Evid. 402, 403; *Data Treasury Corp. v. Wells Fargo & Co.,* No. 2:06-cv-72-DF, Dkt. 2392 at 48-9 (E.D. Tex. Oct. 5, 2010) (granting defendants' motion seeking order that "[t]he Parties should be precluded from asserting that a person who is acting as a Party's corporate representative at trial (1) has a legal obligation to prepare to testify on any particular topic, (2) is charged with the knowledge of others within the company, or (3) has the ability to bind the Party with his or her trial testimony").

Courts have previously limited the scope of corporate knowledge on which a corporate representative may even testify, i.e., holding a "corporate representative may not testify to matters outside his own personal knowledge to the extent that information is hearsay not falling within one of the authorized exceptions." *Union Pump Co. v. Centrifugal Tech. Inc.,* 404 Fed. Appx. 899, at *7 (5th Cir. 2010). By the same logic, CloudofChange should not be able to point to NCR's corporate representative as lacking knowledge that others at NCR would have, when he or she would not be permitted to offer such testimony.

This Court recently granted such a Motion in Limine. *See, ESW Holdings, Inc. v. Roku, Inc.*, Civil Action No.:6:19-cv-44-ADA, Dkt. 150.

**8.     No Extraneous Statement During Closing That Is Unrelated To The Evidence Presented Or A Disputed Issue That Is Designed Primarily To Illicit An Emotional Juror Response**

NCR has narrowly tailored this MIL to the types of irrelevant and/or unreasonably prejudicial statements which are inadmissible under Rules 401, 402, and/or 403. Although NCR cannot reasonably anticipate what specific statement(s) CloudofChange might offer during closing arguments, NCR simply requests that the Court preclude any extraneous and inflammatory statements during closing arguments that are unrelated to evidence or disputed issues presented during witness testimony. This Court recently granted such a Motion in Limine. *See, ESW Holdings, Inc. v. Roku, Inc.*, Civil Action No.:6:19-cv-44-ADA, Dkt. 150.

**9.     Any Testimony Not Provided In Deposition Due To A Claim Of Attorney Client Or Work Product Privilege**

It would be unfairly prejudicial and untimely for CloudofChange to present testimony at trial that it refused to or could not provide during deposition based on attorney client or work product privilege. This Court recently granted such a Motion in Limine. *See, ESW Holdings, Inc. v. Roku, Inc.*, Civil Action No.:6:19-cv-44-ADA, Dkt. 150.

**10.    Any Corporate Testimony That CloudofChange Objected To Providing, Refused to Provide, Or Could Not Provide During Deposition**

It would be unfairly prejudicial and untimely for CloudofChange to present testimony at trial that it refused to or could not provide during deposition. Fed. R. Evid. 403; Fed. R. Civ. P. 37(c)(1). This Court recently granted such a Motion in Limine. *See, ESW Holdings, Inc. v. Roku, Inc.*, Civil Action No.: 6:19-cv-44-ADA, Dkt. 150.

\*\*\*\*\*\*\*\*\*\*\*

NCR respectfully requests that the Court grant its above motions *in limine*.

Dated: April 2, 2021

Respectfully submitted,

/s/ *Charles E. Phipps*
Charles E. Phipps
   Texas State Bar No. 00794457
   cphipps@lockelord.com
Charles S. Baker
   Texas State Bar No. 01566200
   cbaker@lockelord.com
Steven F. Meyer
   Admitted *pro hac vice*
   smeyer@lockelord.com
Donald E. Frechette
   Admitted *pro hac vice*
   donald.frechette@lockelord.com
Scarlett Collings
   Texas State Bar No. 24001906
   scarlett.collings@lockelord.com
Daniel G. Nguyen
   Texas State Bar No. 24025560
   dnguyen@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000 Telephone
(214) 740-8800 Facsimile

**ATTORNEYS FOR DEFENDANT**
**NCR CORPORATION**

91585648v.1

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2021, I served the foregoing document via ECF to counsel of record for Plaintiff.

*/s/ Charles S. Baker*
Charles S. Baker

## CERTIFICATE OF AUTHORIZATION TO SEAL

The undersigned hereby certifies that pursuant to the protective order in the above-captioned case, this document contains confidential information. Accordingly, this document is to be filed under seal.

*/s/ Charles S. Baker*
Charles S. Baker

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendants have complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted on April 2, 2021 by phone and email among the following participants: Charles S. Baker for the Defendants and for the Plaintiff Jay Yates. The parties were unable to reach agreement as to NCR's requested relief

*/s/ Charles S. Baker*
Charles S. Baker

91585648v.1