IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CloudofChange, LLC, | ) | 6:19-CV-00513-ADA |
| Plaintiff, | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| NCR Corporation, | ) | |
| Defendant. | ) | **PUBLIC VERSION** |

## NCR'S SECOND MOTION *IN LIMINE*

Charles E. Phipps
   Texas State Bar No. 00794457
   cphipps@lockelord.com
Charles S. Baker
   Texas State Bar No. 01566200
   cbaker@lockelord.com
Steven F. Meyer
   Admitted *pro hac vice*
   smeyer@lockelord.com
Donald E. Frechette
   Admitted *pro hac vice*
   donald.frechette@lockelord.com
Scarlett Collings
   Texas State Bar No. 24001906
   scarlett.collings@lockelord.com
Daniel G. Nguyen
   Texas State Bar No. 24025560
   dnguyen@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000 Telephone
(214) 740-8800 Facsimile

**ATTORNEYS FOR DEFENDANT
NCR CORPORATION**

## TABLE OF CONTENTS

Page

1. Any Expert Opinions Not Contained In The Expert's Respective Expert Report(s) ..........1

2. No Expert Witness Testimony From Individuals Other Than Those Expert Witnesses Who Have Been Properly Designated And Admitted As Such At Trial. ............2

3. No Argument, Evidence or Questions to issues to be decided by the Court, such as injunction/post-trial damages, exceptional case/enhanced damages, attorneys' fees, or post and pre-trial interest.......................................................................................3

4. No Argument, Evidence or Questions relating to any Court rulings on evidence or motions in limine. This motion in limine does not preclude a party from making objections based on the Court's rulings on evidence or motions in limine. ........................3

5. No Argument, Evidence or Questions argument regarding the costs incurred in prosecution or defense of this lawsuit, except that expert witnesses may be questioned about compensation. ..............................................................................................4

6. No Argument, Evidence or Questions relating to jury consultants, shadow juries, or focus groups before or during trial. ............................................................................4

7. No Argument, Evidence or Questions that NCR had a duty to investigate the patents-in-suit or possible infringement................................................................................4

8. No Argument, Evidence or Question that NCR did or did not obtain and/or produce an opinion of counsel. ...............................................................................................4

9. No Argument, Evidence or Question that relates to or invokes claim construction issues or otherwise undermines or collaterally attacks the Court's claim constructions, including, for example, presenting arguments or opinions inconsistent with the Court's claim constructions, but the parties may inform the jury of the definitions adopted by this Court. ................................................................5

10. No Argument, Evidence or Questions relating to any discovery disputes or alleged failure by any party to produce information during discovery, including any suggestion that the parties have not engaged in good faith discovery or reference to the assertion of objections or the assertion of privileges that occurred pre-trial or during discovery. ..............................................................................................................5

11. No Argument, Evidence or Questions that Plaintiff Notified NCR of the '012 Patent Prior to this Suit ...................................................................................................6

12. No Argument, Evidence or Questions Regarding Indirect Infringement. ..........................6

13. No Argument, Evidence or Questions regarding the Doctrine of Equivalents....................6

14. No Argument, Evidence or Questions regarding, or otherwise referencing, any discussion among counsel or discussion before the Court during a bench conference or during any hearing outside the presence of the jury. ....................................6

15. No Argument, Evidence or Questions by CloudofChange related to a patent examiner being an expert in the field...................................................................7
16. No Testimony From CloudofChange's Damages Expert Salters .........................7
17. No Testimony From CloudofChange's Technical Expert Crouse .......................8
18. No Argument, Evidence, or Questions That an Expert Has Consulted for or Worked with the Other Party or Its Employees ...................................................9

91586001v.1

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adv. Tech. Incubator, Inc. v. Sharp Corp.*,
   2010 U.S. Dist. LEXIS 145630 (E.D. Tex. Mar. 31, 2010) ...................................................... 1

*CXT Systems, Inc. v. Academy Ltd.*,
   Case No. 2:18-cv-00171-RWS-RSP Dkt. 424 at 9 (E.D. Tex. Janaury 27,
   2020) ............................................................................................................................................ 7

*Cybergym Research, LLC v. ICON Health & Fitness, Inc.*,
   No. 2:05-CV-527 (DF), 2007 WL 9724237 (E.D. Tex. Oct. 7, 2007) ...................................... 2

*ESW Holdings, Inc. v. Roku, Inc.*,
   Civil Action No.:6:19-cv-44-ADA, Dkt. 150 ....................................................................... 2, 3

*Finalrod IP, LLC, et al. v. John Crane, Inc., et al.*,
   No. MO 15-CA-097 ADA ......................................................................................................... 1

*Gree, Inc. v. Supercell OY*,
   Case No. 2:19-cv-00200-JRG-RSP Dkt. 212 at 4 (E.D. Tex. March 8, 2021) .......................... 6

*Oyster Optics, LLC v. Alcatel-Lucent USA, Inc.*,
   Case No. 2:18-cv-00478-JRG Dkt. 57 at 4 (E.D. Tex. June 24, 2020) ..................................... 4

*Parthenon Unified Memory Arch. LLC v. Apple Inc. ("PUMA")*,
   No. 2:15-cv-621-JRG-RSP, 2016 WL 7743510, at *3 (E.D. Tex. Sep. 21,
   2016) ............................................................................................................................................ 5

*Red Rock Analytics LLC v. Samsung Electronics Co. Ltd., et al*,
   Case No. 2:17-cv-00101-RWS-RSP Dkt. 243 at 1 (E.D. Tex. March 13, 2019) ...................... 5

*Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*,
   725 F.3d 1377 (Fed. Cir. 2013) ................................................................................................. 1

*Stinson Air Ctr., LLC v. XL Specialty Ins. Co.*,
   No. CIV. SA-03-CA61-FB, 2005 WL 5979097 (W.D. Tex. July 8, 2005) .............................. 3

*Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*,
   No. 9:09-CV-176, 2011 WL 7563868 (E.D. Tex. Sept. 23, 2011) ........................................... 1

*USAA v. Wells Fargo Bank, NA*,
   Case No. 2:18-cv-00366-JRG-RSP Dkt. 188 at 6(E.D Tex. Feb. 27, 2019) ......................... 5, 7

iii

91586001v.1

*Witt v. Chesapeake Exploration, L.L.C.*,
   2011 U.S. Dist. LEXIS 76033 (E.D. Tex. July 13, 2011) ........................................................ 1

**Statutes and Rules**

FED. R. CIV. P. 26(a)(2) ............................................................................................................... 1

FED. R. CIV. P. 26(a)(2)(A) ......................................................................................................... 2

FED. R. CIV. P. 26(a)(2)(B) ......................................................................................................... 2

Fed. R. Civ. P. 37(c)(1) ................................................................................................................ 1

FED. R. CIV. P. (D) ...................................................................................................................... 2

Fed. R. Evid. 403 ................................................................................................................. *passim*

Fed. R. Evid. 701 ......................................................................................................................... 2

Fed. R. Evid. 702 ......................................................................................................................... 2

NCR respectfully moves *in limine* to preclude the following from trial.

**1.      Any Expert Opinions Not Contained In The Expert's Respective Expert Report(s)**

It is this Court's practice that an expert's testimony at trial be limited to the content of his/her report(s). *See, e.g., Finalrod IP, LLC, et al. v. John Crane, Inc., et al.*, No. MO 15-CA-097 ADA, Feb. 21, 2020 Hrg. Tr., 15:15–17 ("if an expert wants to talk about something that's not mentioned in the expert report, that [] is a pretty good basis for an objection that will be sustained"). FED. R. CIV. P. 26(a)(2) requires that an expert's report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Any party that, without substantial justification, fails to disclose the information required by Rule 26(a)(2) shall not, unless the failure is harmless, be permitted to use as evidence at trial, any witness or information not so disclosed. Fed. R. Civ. P. 37(c)(1); *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.,* 725 F.3d 1377, 1381 (Fed. Cir. 2013) ("An expert witness may not testify to subject matter beyond the scope of the witness's expert report unless the failure to include that information in the report was 'substantially justified or harmless.'"); *Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.,* No. 9:09-CV-176, 2011 WL 7563868, at *2 (E.D. Tex. Sept. 23, 2011) ("The general rule is that an expert is not permitted to testify beyond the scope of his or her expert report."). This Court's practice comports with the general practice of courts in this circuit which "consistently limit[] experts' testimony to the opinions and bases disclosed in their expert report." *Witt v. Chesapeake Exploration, L.L.C.,* 2011 U.S. Dist. LEXIS 76033, at *5 (E.D. Tex. July 13, 2011); *see also Adv. Tech. Incubator, Inc. v. Sharp Corp.*, 2010 U.S. Dist. LEXIS 145630, at *32- *33 (E.D. Tex. Mar. 31, 2010) (granting motion in limine to limit scope of expert testimony at trial to expert report). Thus, NCR asks the Court to enter an order in limine prohibiting CloudofChange's experts from testifying to matters not included in their expert reports.  This Court recently granted

such a Motion in Limine. *See, ESW Holdings, Inc. v. Roku, Inc.*, Civil Action No.:6:19-cv-44-ADA, Dkt. 150.

**2.     No Expert Witness Testimony From Individuals Other Than Those Expert Witnesses Who Have Been Properly Designated And Admitted As Such At Trial.**

The only testifying experts disclosed by CloudofChange are Mr. Crouse and Ms. Salters. As such, these are the only individuals that should be permitted to appear as testifying experts for ESW. See FED. R. CIV. P. 26(a)(2)(A), (B), and (D). Fed. R. Evid. 701 does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness. Instead, this type of "expert" testimony by one "qualified . . . by knowledge, skill, experience, training, or education" is governed by Federal Rule of Evidence 702. *Cybergym Research, LLC v. ICON Health & Fitness, Inc.*, No. 2:05-CV-527 (DF), 2007 WL 9724237, at *2 (E.D. Tex. Oct. 7, 2007) (granting MIL to preclude lay witness opinions on issues requiring specialized knowledge). NCR raises this motion in limine because both parties have disclosed relevant fact and corporate lay witnesses with knowledge of highly-technical matters including the accused instrumentalities, asserted Patents, alleged commercial embodiments, and background prior art materials. NCR does not seek to preclude these individuals—including named inventors and technical personnel—from providing lay witness testimony about their own recollection of certain information. However, CloudofChange should not be permitted to present these individuals as experts providing opinions regarding any of the allegations in this litigation. For example, Mr. Baratta—a named inventor on the asserted patents, and one of CloudofChange's two corporate witnesses in this case—should be precluded from providing any type of opinion testimony under Rule 702 as he was not properly disclosed as an expert in this case and did not furnish any written report. Without some proper

2

delineation from the Court, the jury might improperly consider Mr. Barratta to be a qualified expert presenting opinion testimony in this case. *Stinson Air Ctr., LLC v. XL Specialty Ins. Co.*, No. CIV. SA-03-CA61-FB, 2005 WL 5979097, at *3 (W.D. Tex. July 8, 2005) (excluding lay witness from testifying as expert and finding that "designation of Mr. Lowry as an expert witness as to these factual matters will only confuse the jury and give undue significance to his testimony."). The same is true of other named inventors that have been engaged by CloudofChange in a consulting arrangement. This Court recently granted such a Motion in Limine. *See, ESW Holdings, Inc. v. Roku, Inc.*, Civil Action No.:6:19-cv-44-ADA, Dkt. 150.

3. **No Argument, Evidence or Questions to issues to be decided by the Court, such as injunction/post-trial damages, exceptional case/enhanced damages, attorneys' fees, or post and pre-trial interest.**

The Court should preclude any references to issues to be decided by the Court, such as injunction/post-trial damages, exceptional case/enhanced damages, attorneys' fees, or post and pre-trial interest. These issues are irrelevant to the issues for trial and would be prejudicial and misleading and could confuse the jury. Fed. R. Evid. 403.

4. **No Argument, Evidence or Questions relating to any Court rulings on evidence or motions in limine. This motion in limine does not preclude a party from making objections based on the Court's rulings on evidence or motions in limine.**

The Court should preclude any references regarding any Court rulings on evidence or motions in limine. These issues are irrelevant to the issues for trial and would be prejudicial and misleading and could confuse the jury. Fed. R. Evid. 403. A party may make objections based on the Court's rulings on evidence or motions in limine.

**5.   No Argument, Evidence or Questions argument regarding the costs incurred in prosecution or defense of this lawsuit, except that expert witnesses may be questioned about compensation.**

The Court should preclude any references regarding the costs incurred in prosecution or defense of this lawsuit except that expert witnesses may be questioned about compensation. These issues are irrelevant to the issues for trial and would be prejudicial and misleading and could confuse the jury. Fed. R. Evid. 403.

**6.   No Argument, Evidence or Questions relating to jury consultants, shadow juries, or focus groups before or during trial.**

The Court should preclude any references relating to jury consultants, shadow juries or focus groups before or during trial. These issues are irrelevant to the issues for trial and would be prejudicial and misleading and could confuse the jury. Fed. R. Evid. 403.

**7.   No Argument, Evidence or Questions that NCR had a duty to investigate the patents-in-suit or possible infringement.**

The Court should preclude any references that NCR had a duty to investigate the patents-in-suit or possible infringement. These issues are irrelevant to the issues for trial and would be prejudicial and misleading and could confuse the jury. Fed. R. Evid. 403. *See, Oyster Optics, LLC v. Alcatel-Lucent USA, Inc.;* Case No. 2:18-cv-00478-JRG Dkt. 57 at 4 (E.D. Tex. June 24, 2020).

**8.   No Argument, Evidence or Question that NCR did or did not obtain and/or produce an opinion of counsel.**

The Court should preclude any references that NCR did or did not obtain and/or produce an opinion of counsel. These issues are irrelevant to the issues for trial and would be prejudicial

and misleading and could confuse the jury. Fed. R. Evid. 403. *See, USAA v. Wells Fargo Bank, NA*, Case No. 2:18-cv-00366-JRG-RSP Dkt. 188 at 6(E.D Tex. Feb. 27, 2019).

9. **No Argument, Evidence or Question that relates to or invokes claim construction issues or otherwise undermines or collaterally attacks the Court's claim constructions, including, for example, presenting arguments or opinions inconsistent with the Court's claim constructions, but the parties may inform the jury of the definitions adopted by this Court.**

These issues are irrelevant to the issues for trial and would be prejudicial and misleading and could confuse the jury. Fed. R. Evid. 403. *See, Red Rock Analytics LLC v. Samsung Electronics Co. Ltd., et al*, Case No. 2:17-cv-00101-RWS-RSP Dkt. 243 at 1. (E.D. Tex. March 13, 2019).

10. **No Argument, Evidence or Questions relating to any discovery disputes or alleged failure by any party to produce information during discovery, including any suggestion that the parties have not engaged in good faith discovery or reference to the assertion of objections or the assertion of privileges that occurred pre-trial or during discovery.**

The Court should preclude any references to relating to any discovery disputes or alleged failure by any party to produce information during discovery, including any suggestion that the parties have not engaged in good faith discovery or reference to the assertion of objections or the assertion of privileges that occurred pre-trial or during discovery. These issues are irrelevant to the issues for trial and would be prejudicial and misleading and could confuse the jury by inferring that one party acted in bad faith which could taint a jury. Fed. R. Evid. 403. *See, Personalized Media Commun., LLC v. Apple, Inc.; Case No. 2:15-cv-01366-JRG-RSP Dkt. 510 at 10* (E.D. Tex. March 2,2021).

**11.   No Argument, Evidence or Questions that Plaintiff Notified NCR of the '012 Patent Prior to this Suit**

There is no evidence that Plaintiff provided notice of the '012 Patent prior to this lawsuit and accordingly Plaintiff should not be allowed to argue, attempt to put evidence on or ask questions about this topic as it is irrelevant and misleading and could confuse the jury. Fed. R. Evid. 403.

**12.   No Argument, Evidence or Questions Regarding Indirect Infringement.**

The Court should preclude any references regarding indirect infringement, including active inducement infringement and contributory infringement. These issues are irrelevant to the issues for trial because CloudofChange has dropped these claims from the lawsuit. Fed. R. Evid. 403. *See, Gree, Inc. v. Supercell OY*, Case No. 2:19-cv-00200-JRG-RSP Dkt. 212 at 4 (E.D. Tex. March 8, 2021).

**13.   No Argument, Evidence or Questions regarding the Doctrine of Equivalents.**

The Court should preclude any references to the Doctrine of Equivalents inasmuch CloudofChange dropped this claim and thus making it irrelevant for trial. Fed. R. Evid. 403. *See, Gree, Inc. v. Supercell OY*; Case No. 2:19-cv-00200-JRG-RSP Dkt. 212 at 4 (E.D. Tex. March 8, 2021).

**14.    No Argument, Evidence or Questions regarding, or otherwise referencing, any discussion among counsel or discussion before the Court during a bench conference or during any hearing outside the presence of the jury.**

The Court should preclude any references to any discussion among counsel or discussion before the Court during a bench conference or during any hearing outside the presence of the jury.

6

91586001v.1

References to these discussions are irrelevant to the issues for trial and would be prejudicial and misleading because such references may suggest that an expert is not offering an independent opinion. Fed. R. Evid. 403. *See, CXT Systems, Inc. v. Academy Ltd.*, Case No. 2:18-cv-00171-RWS-RSP Dkt. 424 at 9 (E.D. Tex. January 27, 2020).

15. **No Argument, Evidence or Questions by CloudofChange related to a patent examiner being an expert in the field.**

The court should preclude any references as whether a patent examiner is an expert. Such a reference is irrelevant to the issues for trial and would be prejudicial and misleading because such references would improperly suggest that they are an expert when in fact they are not. Fed. R. Evid. 403. *See, USAA v. Wells Fargo Bank, NA; Case No. 2:18-cv-00245-JRG Dkt. 284 at 12 (E.D. Tex. Oct. 30, 2019).*

16. **No Testimony From CloudofChange's Damages Expert Salters**

CloudofChange has retained Ambreen Salters as its damages expert in this case. Salters' opinion as to the amount of a reasonable royalty and resulting damages calculation should be excluded because at least two fundamental features of the calculation: The gross profit margin and the requisite value apportionment are fundamentally flawed, unreliable, and would be unhelpful, and potentially confusing, to the jury. Moreover, Salters' convoyed sales assertion is improper and unreliable, and she fails to connect her opinions to the requisite *Georgia Pacific* factors. For all of these reasons, Salters should not be allowed to testify. *See generally, Defendant's Motion to Exclude Ambreen Salters* (which in incorporated herein for all purposes).

**17.    No Testimony From CloudofChange's Technical Expert Crouse**

CloudofChange has designated Mr. Gregory Crouse as a technical expert in this case. Mr. Crouse has submitted three documents containing his opinions: an opening report on infringement; a declaration concerning apportionment; and a rebuttal report on the issue of patent validity. Mr. Crouse, however, is not qualified to offer opinions in this case and, as a consequence, any such opinions would not assist the trier of fact. Indeed, Mr. Crouse is not, employing his own standards, even one of ordinary skill in the art. Consequently, Mr. Crouse should not be allowed to offer any opinion testimony to the jury. Fed. R. Evid. 403.

Assuming that the Court finds Mr. Crouse to possess at least ordinary skill in the art (which he does not), the Court should nevertheless limit the scope of his testimony for the following reasons. Mr. Crouse's analysis did not adopt the Court's Claim Constructions and his opinions are, therefore, irrelevant and would only serve to confuse the jury. His apportionment analysis is not tied to the scope of the asserted claims and, as such, is improper. Likewise, his opinions as to secondary considerations of non-obviousness are improper because they are not supported by an opinion that there is a nexus between such later in time activities of third parties and the asserted claims. Finally, his brief mention of the concept of convoyed sales of hardware based upon the sale of NCR Silver also fails to track the proper legal analysis.

For all of these reasons, and as further explicated in NCR's Motion to Exclude (which is incorporated herein for all purposes), all of Mr. Crouse's opinions and testimony should be excluded. Fed. R. Evid. 403.

**18.** **No Argument, Evidence, or Questions That an Expert Has Consulted for or Worked with the Other Party or Its Employees**

The Court should preclude any references to an expert's prior affiliation with either party or retention by counsel for either party. References to an expert's prior affiliation with a party is irrelevant to the issues for trial and would be prejudicial and misleading because such references may suggest that an expert is not offering an independent opinion. Fed. R. Evid. 403.

*************

NCR respectfully requests that the Court grant its above motions *in limine*.

Dated: April 2, 2021

Respectfully submitted,

/s/ *Charles E. Phipps*
Charles E. Phipps
   Texas State Bar No. 00794457
   cphipps@lockelord.com
Charles S. Baker
   Texas State Bar No. 01566200
   cbaker@lockelord.com
Steven F. Meyer
   Admitted *pro hac vice*
   smeyer@lockelord.com
Donald E. Frechette
   Admitted *pro hac vice*
   donald.frechette@lockelord.com
Scarlett Collings
   Texas State Bar No. 24001906
   scarlett.collings@lockelord.com
Daniel G. Nguyen
   Texas State Bar No. 24025560
   dnguyen@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000 Telephone
(214) 740-8800 Facsimile

**ATTORNEYS FOR DEFENDANT**
**NCR CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2021, I served the foregoing document via ECF to counsel of record for Plaintiff.

*/s/ Charles S. Baker*
Charles S. Baker

## CERTIFICATE OF AUTHORIZATION TO SEAL

The undersigned hereby certifies that pursuant to the protective order in the above-captioned case, this document contains confidential information. Accordingly, this document is to be filed under seal.

*/s/ Charles S. Baker*
Charles S. Baker

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendant has complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted on April 2, 2021 by phone and email among the following participants: Charles S. Baker for the Defendant and for the Plaintiff Jay Yates. The parties were unable to reach agreement as to NCR's requested relief

*/s/ Charles S. Baker*
Charles S. Baker