**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

CloudofChange, LLC,

    Plaintiff,

               v.

NCR Corporation,

    Defendant.

No. WA:6:19-cv-00513-ADA

**JURY TRIAL DEMANDED**

<u>**PROPOSED JOINT FINAL PRETRIAL ORDER**</u>

    Pursuant to the Court's Fourth Amended Agreed Scheduling Order (Dkt. 99), and consistent with the Local Rules and this Court's Standing Order on Pre-Trial Procedures and Requirements in Civil Cases, Plaintiff CloudofChange, LLC ("CloudofChange") and Defendant NCR Corporation ("NCR") submit this Joint Final Pretrial Order in advance of the Pretrial Conference.

**A.**     <u>**APPEARANCE OF COUNSEL**</u>:

| Attorneys for CloudofChange | Attorneys for NCR |
|---|---|
| John H. Barr, Jr.<br>Attorney In Charge<br>Texas Bar No. 00783605<br>jbarr@pattersonsheridan.com<br><br>John A. Yates<br>Texas Bar No. 24056569<br>jyates@pattersonsheridan.com<br><br>B. Todd Patterson<br>Texas Bar No. 00789537<br>tpatterson@pattersonsheridan.com<br><br>Edgar N. Gonzalez<br>Texas Bar No. 24092431<br>egonzalez@pattersonsheridan.com<br><br>Kyrie K. Cameron<br>Texas Bar No. 24097450 | Charles E. Phipps<br>Attorney In Charge<br>Texas State Bar No. 00794457<br>cphipps@lockelord.com<br><br>LOCKE LORD LLP<br>2200 Ross Avenue, Suite 2800<br>Dallas, Texas 75201<br>(214) 740-8000 Telephone<br>(214) 740-8800 Facsimile<br><br>Charles S. Baker<br>Texas Bar No. 01566200<br>cbaker@lockelord.com<br><br>Scarlett Collings<br>Texas State Bar No. 24001906<br>scarlett.collings@lockelord.com |

| | |
|---|---|
| kcameron@pattersonsheridan.com<br><br>Patterson + Sheridan, LLP<br>24 Greenway Plaza, Suite 1600<br>Houston, Texas 77046<br>(Tel): 713-623-4844<br>(Fax): 713-623-4846<br><br>Abelino Reyna<br>Texas Bar No. 24000087<br>areyna@pattersonsheridan.com<br><br>Patterson + Sheridan, LLP<br>900 Washington Ave., Suite 503<br>Waco, Texas 76701<br>(Tel): 254-777-5248<br>(Fax): 877-777-8071 | Daniel G. Nguyen<br>Texas State Bar No. 24025560<br>dnguyen@lockelord.com<br><br>LOCKE LORD LLP<br>600 Travis Street, Suite 2800<br>Houston, Texas 77002<br>(713) 226-1200 Telephone<br>(214) 223-3717 Facsimile<br><br>Steven F. Meyer (pro hac vice)<br>smeyer@lockelord.com<br><br>LOCKE LORD LLP<br>200 Vesey Street, 20th Floor<br>New York, New York 10281<br>(212) 415-8535 Telephone<br>(212) 303-2754 Facsimile<br><br>Donald Edward Frechette<br>Admitted pro hac vice<br>donald.frechette@lockelord.com<br><br>LOCKE LORD LLP<br>20 Church Street<br>20th Floor<br>Hartford, CT  06103<br>860-541-7713 Telephone<br>888-325-9086 Facsimile |

**B.**    **STATEMENT OF JURISDICTION:**

This Court has subject matter jurisdiction of the action under Title 28, U.S.C. §§ 1331 and 1338(a), because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.  Subject matter jurisdiction, personal jurisdiction, and venue under 28 U.S.C. §§ 1391(b) and 1400(b) are not disputed in this case.

**C.**    **JOINT STATEMENT OF THE CASE:**

This is a civil action relating to alleged direct and literal infringement of CloudofChange's U.S. Patent No. 9,400,640 ("the '640 patent") and U.S. Patent No. 10,083,012 ("the '012 patent")

(collectively, "the Asserted Patents").  CloudofChange alleges that NCR's NCR Silver point-of-sale (POS) system infringes Claims 1, 3, 4, 5, 6, 11, 12, and 13 of the '640 patent and Claims 1-4 and 9 of the '012 patent (collectively, the "Asserted Claims").  CloudofChange further contends that NCR's alleged infringement is and has been willful.  CloudofChange seeks pre-verdict damages up to the time of judgment to compensate CloudofChange for NCR's alleged infringement, but in no event less than a reasonable royalty, as well as permanent injunctive relief. CloudofChange also seeks treble damages, together with prejudgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 285 and attorneys' fees pursuant to 35 U.S.C. § 285.

NCR responds that NCR Silver does not infringe any of the Asserted Claims of the Asserted Patents and asserts counterclaims seeking declarations that all of the Asserted Claims of the Asserted Patents are not infringed and are invalid, including for failure to comply with one or more requirements of 35 U.S.C. §§ 102, 103.  NCR further responds that CloudofChange is not entitled to an award of damages.  In the event NCR is found to infringe an Asserted Claim that is not invalid, damages, if any, are limited to a lump sum award for the life of the Asserted Patents.

Both parties seek a declaration that this is an exceptional case and request an award of attorneys' fees and costs.

**D.**    **CONTENTIONS OF THE PARTIES:**

       1.  **CloudofChange's Statement of Contentions**

CloudofChange filed suit in this court seeking money damages from NCR for allegedly directly infringing the '640 patent and the '012 patent by making, using, selling, and offering for sale, in the United States products that CloudofChange argues are covered by Claims 1, 3, 4, 5, 6, 11, 12, and 13 of the '640 patent and Claims 1-4 and 9 of the '012 patent (collectively, the

"Asserted Claims"), without authorization in violation of 35 U.S.C. § 271.  The products that are alleged to infringe are NCR Silver.

CloudofChange contends that NCR's infringement is and has been willful.

CloudofChange contends that it has been damaged and seeks pre-verdict damages up to the time of judgment to compensate CloudofChange for NCR's alleged acts of infringement, but in no event less than a reasonable royalty, as well as a permanent injunctive relief against future acts of infringement by NCR.  CloudofChange also seeks treble damages, together with prejudgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 285 and attorneys' fees pursuant to 35 U.S.C. § 285.

2.  **NCR's Statement of Contentions**

NCR contends that NCR Silver does not infringe the Asserted Claims.

NCR contends that NCR Silver does not infringe Claim 1 and the claims depending therefrom of either of the Asserted Patents for at least the following reasons.

- The Building Limitation: this limitation requires "point of sale builder software," which this Court has construed to mean "software that builds the POS terminals." NCR Silver does not meet the Building Limitation because it is a pre-built POS solution.

- The Web Server Location Limitation: this limitation requires that the POS builder software be located on a web server and that the POS terminal be built from the web server.  The suite of back office applications  used in connection with NCR Silver is located on application servers, not web servers, and the POS software that displays the POS terminal screen is resident locally on a tablet device, not a web server.

- The Interaction Limitation: this limitation requires interaction between the POS builder software on a remote web server and a POS terminal in order to build or edit the POS terminal software in response to instructions.  A POS terminal as used with NCR Silver does not interact with POS builder software on a remote web server to build or edit the POS terminal software in response to instructions.  Additionally, with respect to Claim 1 of the '012 patent, the interaction requires programmatically creating or modifying the source code for the POS terminals in real time, as admitted by Plaintiff's technical expert.  NCR silver does not allow its source code to be programmatically created to modified because the software code resident on the POS terminals is static.

- The POS Terminal Limitation: Claim 1 of the '640 patent, requires the presence of "one or more point of sale terminals, that display POS screens."  Claim 1 from the '012 patent similarly requires the presence of "one or more POS terminals."  NCR Silver is sold as a software as a solution (SaaS) product without any hardware whereby customers use their own Apple® devices, primarily iPads®.

NCR contends it does not infringe Claim 1 of either of the Asserted Patents because the claims are directed to systems, which requires a single entity to make, use, sell or offer to sell the entire system.  NCR Silver, however, does not provide all of the components of the system required by the claims.

- The Network Limitation: with respect to Claim 1 of the '640 patent, this limitation requires the presence of "a network, wherein the network comprises the Internet."  In similar fashion, Claim 1 of the '012 patent requires "a communications

network."  NCR does not provide the network used by NCR Silver customers. Nor does NCR provide a communications network or access to such network.

- The Network Access Limitation: with respect to Claim 1 of the '640 patent, this limitation that there be "access" to "a network, wherein the network comprises the Internet."  Likewise, Claim 1 of the '012 patent requires that the system components be "accessible via network communication . . . over a communications network."  NCR does not provide network access to NCR Silver customers.

As to the '640 patent, NCR further contends that NCR Silver does not infringe Claim 1 because it fails to meet the following limitations:

- The Web Server Subscription Limitation: this limitation appears in Claim 1 of the '640 patent and requires the web servers to be provided as a vendor subscription service wherein web server software resides and is hosted on said vendor's remote servers.  NCR does not provide a web server to NCR Silver customers as a subscription service.

- The PC Workstation Limitation: this limitation appears in Claim 1 of the '640 patent and requires "one or more local or remote PC workstations" as part of the system.  NCR does not require, provide, or offer PC workstations in connection with NCR Silver sales.

NCR contends any alleged infringement was not willful because NCR did not receive notice of infringement, and thus was not aware, of the Asserted Patents until after the date of service of the Complaint on NCR.  With respect to the '640 patent, Plaintiff's January 19, 2018 Notice Letter was mailed to the wrong address, and NCR did not receive the alleged letter.  With

respect to the '012 patent, Plaintiff did not notify NCR of the patent prior to service of the Complaint on NCR.  Plaintiff has no evidence to support its allegation of willful infringement.

NCR contends each of the Asserted Claims of the Asserted Patent is invalid under 35 U.S.C. §§ 102 and/or 103 at least based on the following prior art references:

| Alias | Pub/Patent No. | Filed | Pub/Grant | Title |
|-------|----------------|-------|-----------|-------|
| Woycik | US2007265935 | 2007-05-01 | 2007-11-15 | Computer-Based Ordering System |
| Brown | US2007175992 | 2007-01-23 | 2007-08-02 | Inventory and Point of Sale Management System |
| Wagner | US5920312 | 1996-10-31 | 1999-07-06 | System and Method for Building Testing and Integrating a Graphical Dynakey User Interface |
| Jacobs | US2002194074 | 2002-05-17 | 2002-12-19 | Self-Checkout Method and Apparatus |
| Tomlinson | GB2369201 | 2000-06-14 | 2005-05-22 | Retail Transaction Processing Method and Apparatus |
| Michaud | US20050021409 | 2004-07-16 | 2005-01-27 | Application Service Provider Point of Sale System and Method |

NCR's specific contentions were set forth in detail in NCR's Final Invalidity Contentions and the Expert Report of Sandeep Chatterjee, Ph.D. re: Invalidity, and NCR's Notice Pursuant to 35 U.S.C. § 282(c) (Dkt. 72), and any prior art references disclosed in the foregoing, including but not limited to US20050049921 (Tengler), US20060235755 (Mueller), the Redesign Publication ("Redesign of Stand-Alone Applications into Thin-Client / Server Architecture"), the Utopa ECS and SimplicityPOS webpages (NCR006146 and NCR006150), and WO2003065178 (Redmond), to evidence the knowledge of a person of ordinary skill in the art and motivation to combine.

**E.     LIST OF STIPULATED FACTS:**

1.      The '640 patent issued on July 26, 2016.

2.      The '012 patent issued on September 25, 2018.

3.      The '012 patent is a continuation of the '640 patent.

4.      The Asserted Patents share a common specification.

5.      Wayne Baratta and Quentin Olson are listed as inventors on the face of the '640 patent and of the '012 patent.

6.      NCR Silver forms a part of a POS solution.

7.      NCR Silver launched in 2012.

8.      The MSRP for the NCR Silver Essentials software-as-a-service ("NCR Silver Essentials SaaS") back office suite of services for each of the years 2015 through 2021 is $79.00 USD per month with an annual contract and $99.00 USD per month on a month-to-month basis.

9.      The MSRP for the NCR Silver Pro Restaurant software-as-a-service ("NCR Silver Pro Restaurant SaaS") back office suite of services for each of the years 2015 through 2021 is $149.00 USD per month with an annual contract and $169.00 USD per month on a month-to-month basis.

**F.     EXHIBIT LIST:**

CloudofChange's Exhibit List is attached as Exhibit 1.

NCR's Exhibit List is attached as Exhibit 2.

The Parties' Joint Exhibit List is attached Exhibit 3.

**G.     WITNESS LIST:**

CloudofChange's Witness List is attached as Exhibit 4.

NCR's Witness List is attached as Exhibit 5.

**H.**     **DEPOSITION DESIGNATIONS:**

CloudofChange's Deposition Designations and NCR's Counter-Designations are attached as Exhibit 6.

NCR's Deposition Designations and CloudofChange's Counter-Designations are attached as Exhibit 7.

Because the Parties have agreed to bring the following witnesses live, there may be no need for the Court to resolve objections to the deposition designations thereof: Quentin Olson, Wayne Baratta, Gregory Crouse, Ambreen Salters, McGill Quinn, Kristin Schoonover, Sandeep Chatterjee, and Devrim Ikizler.

**I.**     **AGREED JURY CHARGE:**

CloudofChange's Proposed Jury Charge is attached as Exhibit 8.

NCR's Proposed Jury Charge is attached as Exhibit 9.

The Parties' agreed Requested Jury Charge is attached as Exhibit 10.

The Parties' agreed Requested Jury Charge and Interrogatories is attached as Exhibit 11.

**J.**     **VERDICT FORM:**

CloudofChange's Proposed Verdict Form is attached as Exhibit 12.

NCR's Proposed Verdict Form is attached as Exhibit 13.

**K.**     **PROPOSED VOIR DIRE QUESTIONS:**

The Parties Agreed Proposed Voir Dire Questions is attached as Exhibit 14.

**L.**     **MEMORANDA ON DISPUTED ISSUES OF LAW:**

The Parties have disputed issues of law and fact regarding infringement, invalidity, willfulness, and the exceptional nature of this case; however, the Parties agree that these are not unique issues of law and fact that require memoranda to the Court.

**M.**    **MOTIONS IN _LIMINE_:**

CloudofChange's Motions in _Limine_ are attached as Exhibit 15.

NCR's Motions in _Limine_ are attached as Exhibit 16.

**N.**    **LIST OF OTHER PENDING MOTIONS:**

**CloudofChange's Pending Motions:**

- Sealed _Daubert_ Motion to Exclude Sandeep Chatterjee (Sealed Version: Dkt. 70; Public Version: Dkt. 78), NCR's Response (Dkt. 84), and CloudofChange's Reply (Sealed Version: Dkt. 90; Public Version: Dkt. 107)

- Sealed _Daubert_ Motion to Exclude Devrim Ikizler (Sealed Version: Dkt. 89; Public Version: Dkt. 106); NCR's Response (Sealed Version: Dkt. 105)

**NCR's Pending Motions:**

- Motion for Summary Judgment of Non-Infringement (Dkt. 64), CloudofChange's Response (Sealed Version: Dkt. 82; Public Version: Dkt. 86), and NCR's Reply (Dkt. 92)

- Motion for Summary Judgment of Invalidity (Dkt. 66), CloudofChange's Response (Sealed Version: Dkt. 81; Public Version: Dkt. 86), and NCR's Reply (Dkt. 93)

- Motion to Exclude Opinions and Testimony of Gregory Crouse (Dkt. 68), CloudofChange's Response (Sealed Version: Dkt. 83; Public Version: Dkt. 88), and NCR's Reply (Dkt. 94)

- Sealed Motion to Exclude Salters Opinions and Testimony (Sealed Version: Dkt. 97; Public Version: Dkt. 110), CloudofChange's Response (Sealed Version: Dkt. 104)

**O.**    **TRIAL DISCLOSURES:**

1. **Notification of live witnesses.**  We propose that the parties shall notify opposing parties of the identities and the order in which they plan to call live witnesses by the lunch break one calendar day prior to the date that the party intends to call such witness (e.g., by the lunch break on Monday for any witness who will be called on Tuesday).

2. **Exchange of deposition designations.**  The parties shall exchange proposed deposition designation clips by 12:00 p.m. Central 3 calendar days before the clips are to be played in trial as well as any trial exhibits to be offered through that witness' deposition testimony. Counter-designations will be exchanged by 12:00 p.m. Central 2 calendar days before the clips will be played.  Objections will be exchanged by 5:30 p.m. Central the day before the

clip is to be played and the parties will meet in person to resolve any objections by 8:00 p.m. that evening.  Either party can eliminate any of their proposed designations before a clip is played.  Any deposition testimony may be used at trial for purposes of impeachment regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purposes.

3.   **Deposition counter-designations.**  Deposition designations and counter-designations will be counted against the designator's time.  Counter-designations for optional completeness will be played during the direct examination portion of the video playback and will count as part of the direct examination's time.  Affirmative and counter-designations will be played in sequence.  No objections, preambles, or exchanges between counsel will be played or read as a part of deposition testimony.

4.   **Unobjected-to trial exhibits deemed admitted.**  All unobjected to trial exhibits listed on the exhibit lists the parties exchanged before trial are deemed admitted when introduced into evidence by any party during trial.

Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections.  Any exhibit, once admitted, may be used equally by each party.  The listing of an exhibit by a party on its exhibit list does not waive any evidentiary or other objections to that exhibit by the listing party should the opposing party attempt to offer it into evidence.

5.   **Party-produced exhibits deemed authentic.**  All exhibits produced by a party are deemed authentic.

6.   **Deadline to resolve exhibit objections.**  The parties agree to will meet and confer one week prior to the pretrial conference in an effort to resolve all outstanding exhibit objections.

7.   **Agreed juror notebook.**  Twelve (12) copies of an agreed juror notebook containing witness names and color photographs, a list of construed terms, copies of the asserted patents, a legal pad, and a pen will be delivered to the Court by the day before jury selection at noon.

8.   **Demonstrative exhibits.**  Demonstrative exhibits (*i.e.*, those that do not go back into the jury room) need not be listed on the parties' trial exhibit lists.  Those demonstratives to be used on direct examination and opening statements will be provided to opposing counsel by 7:00 p.m. the night before the session in which they will be used.  Any objections to such demonstratives will be served by 9:00 p.m. Central.  The parties will attempt to resolve objections through a meet and confer to begin on or before 9:30 p.m. Central on the day the objections are served.

Demonstrative exhibits do not include excerpts, highlights, or blown up portions of exhibits to the extent there is no additional characterization of the exhibit.  For example, a slide bearing a highlighted excerpt of an exhibit is not a demonstrative, but a slide bearing an additional description or characterization of the highlighted excerpt of an exhibit shall be considered demonstrative.

9. **Shared audio visual equipment and electronic versions of displays.**  The parties will share any courtroom audio-visual equipment and will provide each other electronic versions of whatever they display immediately after the display.

10. **Estimate of Finishing Presentation.**  By 7:00 p.m. Central before each day that a party is presenting a case, its counsel shall provide to the other party an estimate of when it expects to finish its presentation of the evidence.

**NCR proposes the additional following Trial Disclosures, which are not agreed to by CloudofChange:**

**NCR Proposes (and CloudofChange does not agree):**

**Supplement to 4.  Unobjected-to trial exhibits deemed admitted.**
Subject to other provisions of this Order, no party may offer as evidence an exhibit not present on either party's exhibit list absent Court order or by agreement of the parties. Both parties reserve the right to seek leave to supplement their respective exhibit list, and reserve all objections to the same from the other party.

**NCR Proposes (and CloudofChange does not agree):**

**New 11.  Witness exhibits.  NCR Proposes:**
The party offering a witness shall identify any exhibits, by exhibit number, that it intends to use during direct examination of that witness by 7:00 p.m. Central two calendar days before the trial day the witness is called (e.g., by 7:00 p.m. Central on Monday for a witness who will be called on Wednesday). The receiving party shall provide objections to such exhibits by 9:00 p.m. Central that same day, and the parties shall meet and confer on any objections by 10:00 p.m. Central that same day to resolve any evidentiary objections to such exhibits as well as any objections to the public disclosure of such exhibits, and shall discuss whether the producing party intends to request the Court to take any cautionary measures (e.g., clearing the Courtroom, sealing the record, etc.). Materials (including, but not limited to, demonstratives) to be used solely for impeachment purposes (and not admitted into evidence) need not be identified in advance.  The parties will exchange final versions of pre-marked electronic copies of exhibits five days before trial.

**P.**     **ESTIMATE OF THE PROBABLE LENGTH OF TRIAL:**

The probable length of trial is five (5) days, including jury selection, with each side be

allotted 10 hours for trial, exclusive of jury selection, opening statements, and closing arguments.

The Parties propose a *voir dire* length of 45 minutes each, an opening length of 45 minutes

each, and a closing length of 45 minutes each.

| April 14, 2021 | Respectfully Submitted, |
|---|---|
| /s/ *John H. Barr, Jr.* <br> John H. Barr, Jr. | /s/ *Charles E. Phipps* <br> Charles E. Phipps (by permission) |
| *Counsel for Plaintiff* <br> *CloudofChange, LLC* | *Counsel for Defendant* <br> *NCR Corporation* |
| **Patterson + Sheridan, LLP** <br><br> John H. Barr, Jr. <br> Attorney In Charge <br> Texas Bar No. 00783605 <br> jbarr@pattersonsheridan.com <br><br> John A. Yates <br> Texas Bar No. 24056569 <br> jyates@pattersonsheridan.com <br><br> B. Todd Patterson <br> Texas Bar No. 00789537 <br> tpatterson@pattersonsheridan.com <br><br> Edgar N. Gonzalez <br> Texas Bar No. 24092431 <br> egonzalez@pattersonsheridan.com <br><br> Kyrie K. Cameron (pending) <br> Texas Bar No. 24097450 <br> kcameron@pattersonsheridan.com <br><br> **Patterson + Sheridan, LLP** <br> 24 Greenway Plaza, Suite 1600 <br> Houston, Texas 77046 <br> (Tel): 713-623-4844 <br> (Fax): 713-623-4846 | **LOCKE LORD LLP** <br><br> Charles E. Phipps <br> Attorney In Charge <br> Texas State Bar No. 00794457 <br> cphipps@lockelord.com <br><br> **LOCKE LORD LLP** <br> 2200 Ross Avenue, Suite 2800 <br> Dallas, Texas 75201 <br> (214) 740-8000 Telephone <br> (214) 740-8800 Facsimile <br><br> Charles S. Baker <br> Texas Bar No. 01566200 <br> cbaker@lockelord.com <br><br> Scarlett Collings <br> Texas Bar No. 24001906 <br> scarlett.collings@lockelord.com <br><br> Daniel G. Nguyen <br> Texas State Bar No. 24025560 <br> dnguyen@lockelord.com <br><br> **LOCKE LORD LLP** <br> 600 Travis Street, Suite 2800 <br> Houston, Texas 77002 <br> (713) 226-1200 Telephone |

|  |  |
|---|---|
| Abelino Reyna<br>Texas Bar No. 24000087<br>areyna@pattersonsheridan.com<br><br>**Patterson + Sheridan, LLP**<br>900 Washington Ave., Suite 503<br>Waco, Texas 76701<br>(Tel): 254-777-5248<br>(Fax): 877-777-8071 | (214) 223-3717 Facsimile<br><br>Donald E. Frechette (*pro hac vice*)<br>donald.frechette@lockelord.com<br><br>**LOCKE LORD LLP**<br>20 Church Street 20th Floor<br>Hartford, CT 06103<br>(860) 541-7713 Telephone<br>(888) 325-9086 Facsimile<br><br>Steven F. Meyer (*pro hac vice*)<br>smeyer@lockelord.com<br><br>**LOCKE LORD LLP**<br>200 Vesey Street, 20th Floor<br>New York, New York 10281<br>(212) 415-8535 Telephone<br>(212) 303-2754 Facsimile |

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other counsel of record.

/s/ *John H. Barr, Jr.*
John H. Barr, Jr.