IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CloudofChange, LLC,<br>    *Plaintiff*<br><br>v.<br><br>NCR Corporation,<br>    *Defendant* | CIVIL NO. 6:19-CV-00513-ADA |

## ORDER ON PRETRIAL MOTIONS AND MOTIONS *IN LIMINE*

  The Court held a three-part pretrial conference for the above-captioned action on April 29, 2021, May 5, 2021, and May 11, 2021 regarding pending pretrial motions (ECF Nos. 64, 66, 68, 70, 89, and 97) and motions *in limine* (ECF Nos. 91, 95, and 96) filed by Plaintiff CloudofChange, LLC ("CoC") and Defendant NCR Corporation ("NCR") (collectively, the "Parties"). ECF Nos. 64, 66, 68, 70, 89, 91, 95, 96, and 97. This Order memorializes the Court's rulings on the aforementioned pretrial motions and motions *in limine* as announced into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the pretrial hearing, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

I.   **PRETRIAL MOTIONS**

A.   **NCR's Motion for Summary Judgment of Noninfringement (ECF No. 64)**

**DENIED**.

B.   **NCR's Motion for Summary Judgment of Invalidity (ECF No. 66)**

**DENIED**.

C.   **NCR's Motion to Exclude the Opinions and Testimony of Mr. Gregory C. Crouse (ECF No. 68)**

**GRANTED-IN-PART** and **DENIED-IN-PART.**

NCR's motion is GRANTED with respect to Mr. Crouse's apportionment analysis, MOOTED as to his conveyed sales analysis, and DENIED as to the remainder.

D.   **CoC's Motion to Exclude the Opinions and Testimony of Sandeep Chatterjee (ECF No. 70)**

**DENIED**.

E.   **CoC's *Daubert* Motion to Exclude the Damages Opinions and Testimony of Dr. Devrim Ikizler (ECF No. 89)**

**GRANTED-IN-PART** and **DENIED-IN-PART.**

CoC's motion is GRANTED with respect to Dr. Ikizler's market value approach and patent-based apportionment approach, and is DENIED as to the design around approach and the feature-based apportionment approach.

F.   **NCR's Motion to Exclude the Opinions and Testimony of Ambreen Salters (ECF No. 97)**

**DENIED**. However, Ms. Salters shall not rely on any part of Mr. Crouse's opinions that have been excluded by the Court.

## II.   MOTIONS IN LIMINE

It is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

**A.   Plaintiff CoC's Motions *in Limine* (ECF No. 91)**

1.   <u>Plaintiff's MIL 1</u>:   References to CoC as a Non-Practicing Entity and Patent Troll

**GRANTED**. The Court will not allow describing CoC as a "patent troll." However, NCR may characterize CoC as a non-practicing entity if there is a legitimate reason to do so.

2.   <u>Plaintiff's MIL 2</u>:   Disparaging Remarks or Arguments Implying that It Is Improper to Assert Patents Without Practicing Them

**GRANTED**.

3.   <u>Plaintiff's MIL 3</u>:   References to Prior Litigations Involving CoC Witnesses

**GRANTED**.

4.   <u>Plaintiff's MIL 4</u>:   References to Notice Letters Sent to Third Parties Other than NCR

**GRANTED**.

5.   <u>Plaintiff's MIL 5</u>:   References to Any Prior Art and Any Theory of Invalidity Not Set Forth in NCR's Final Invalidity Contentions as Narrowed

**GRANTED**.

6.   <u>Plaintiff's MIL 6</u>:   Comparison of the Accused Products to Prior Art

**GRANTED**.

7.   <u>Plaintiff's MIL 7</u>:   References to Forum Shopping, Litigation Abuse, or the Western District of Texas as a Popular Venue for Patent Litigation or as an Improper Venue

**GRANTED**.

8. <u>Plaintiff's MIL 8:</u>   References to NCR's 414 Patents

**DENIED**.

9. <u>Plaintiff's MIL 9:</u>   References to the Summer Intern Weights Document and Any Analysis Contained Therein

**GRANTED**.

10. <u>Plaintiff's MIL 10:</u>   References to Allegations that Individual Claim Elements Were in the Prior Art

**GRANTED**.

11. <u>Plaintiff's MIL 11:</u>   Disparaging References to the PTO and its Examiners

**GRANTED**.

12. <u>Plaintiff's MIL 12:</u>   References to Evidence or Argument that Is Inconsistent with the Court's Claim Constructions

**GRANTED**.

13. <u>Plaintiff's MIL 13:</u>   References to Chatterjee's Untimely Opinions

**GRANTED**.

14. <u>Plaintiff's MIL 14:</u>   References to CoC's Attorney Fee Agreements

**GRANTED**.

B.   **Defendant NCR's First Set of Motions *in Limine* (ECF No. 95)**

1. <u>Defendant's MIL 1:</u>   No Argument, Evidence, or Questions Concerning Presence or Absence of Party's Employees/Executives, e.g., Absent Witnesses or Top Executives

**GRANTED**.

2. <u>Defendant's MIL 2</u>:   No Argument, Evidence, or Questions Concerning Any Allegation NCR Does Not Respect Intellectual Property Generally

**GRANTED**.

3. <u>Defendant's MIL 3</u>:   No Argument, Evidence, or Questions Concerning Any Allegation that NCR Copied CoC's Patented Inventions

**GRANTED**.

4. <u>Defendant's MIL 4</u>:   No Argument, Evidence, or Questions as to Comparisons of Burden of Proof Standards to Other Areas of the Law

**GRANTED**.

5. <u>Defendant's MIL 5</u>:   No Argument, Evidence, or Questions Concerning NCR's Overall Economic Status, Total Revenue/Profits, Revenue /Profits Not Connected to Accused Systems, Total Company Cash, or Ability to Pay for a License

**GRANTED**.

6. <u>Defendant's MIL 6</u>:   No Argument, Evidence, or Questions Regarding the Parties' Relative Size, Financial Position, or Sophistication

**GRANTED**.

7. <u>Defendant's MIL 7</u>:   No Argument, Evidence, or Questions Suggesting a Party's Corporate Representative at Trial Is Obligated to Prepare on Any Particular Topic or Is Charged with the Knowledge of Others within the Company

**GRANTED**.

8. <u>Defendant's MIL 8</u>:   No Extraneous Statement During Closing That Is Unrelated to The Evidence Presented or A Disputed Issue That Is Designed Primarily to Illicit an Emotional Juror Response

**GRANTED**.

9. <u>Defendant's MIL 9</u>:   Any Testimony Not Provided in Deposition Due to A Claim of Attorney Client or Work Product Privilege

**GRANTED**.

10. Defendant's MIL 10:  Any Corporate Testimony That CoC Objected to Providing, Refused to Provide, Or Could Not Provide During Deposition

**GRANTED**.

C. **Defendant NCR's Second Set of Motions *in Limine* (ECF No. 96)**

1. Defendant's MIL 1:  Any Expert Opinions Not Contained in The Expert's Respective Expert Report(s)

**GRANTED**.

2. Defendant's MIL 2:  No Expert Witness Testimony from Individuals Other Than Those Expert Witnesses Who Have Been Properly Designated and Admitted as Such at Trial

**GRANTED**.

3. Defendant's MIL 3:  No Argument, Evidence or Questions to issues to be decided by the Court, such as injunction/post-trial damages, exceptional case/enhanced damages, attorneys' fees, or post and pre-trial interest

**GRANTED**.

4. Defendant's MIL 4:  No Argument, Evidence or Questions relating to any Court rulings on evidence or motions in limine. This motion in limine does not preclude a party from making objections based on the Court's rulings on evidence or motions in limine

**GRANTED**.

5. Defendant's MIL 5:  No Argument, Evidence or Questions argument regarding the costs incurred in prosecution or defense of this lawsuit, except that expert witnesses may be questioned about compensation

**GRANTED**.

6. Defendant's MIL 6:  No Argument, Evidence or Questions relating to jury consultants, shadow juries, or focus groups before or during trial

**GRANTED**.

7. <u>Defendant's MIL 7</u>:   No Argument, Evidence or Questions that NCR had a duty to investigate the patents-in-suit or possible infringement

**DENIED**.

8. <u>Defendant's MIL 8</u>:   No Argument, Evidence or Question that NCR did or did not obtain and/or produce an opinion of counsel

**GRANTED**.

9. <u>Defendant's MIL 9</u>:   No Argument, Evidence or Question that relates to or invokes claim construction issues or otherwise undermines or collaterally attacks the Court's claim constructions, including, for example, presenting arguments or opinions inconsistent with the Court's claim constructions, but the parties may inform the jury of the definitions adopted by this Court

**GRANTED**.

10. <u>Defendant's MIL 10</u>: No Argument, Evidence or Questions relating to any discovery disputes or alleged failure by any party to produce information during discovery, including any suggestion that the parties have not engaged in good faith discovery or reference to the assertion of objections or the assertion of privileges that occurred pre-trial or during discovery

**GRANTED**.

11. <u>Defendant's MIL11</u>:   No Argument, Evidence or Questions that Plaintiff Notified NCR of the '012 Patent Prior to this Suit

**DENIED**.

12. <u>Defendant's MIL 12</u>: No Argument, Evidence or Questions Regarding Indirect Infringement

**GRANTED**.

13. <u>Defendant's MIL 13</u>: No Argument, Evidence or Questions regarding the Doctrine of Equivalents

**GRANTED**.

14. <u>Defendant's MIL 14:</u> No Argument, Evidence or Questions regarding, or otherwise referencing, any discussion among counsel or discussion before the Court during a bench conference or during any hearing outside the presence of the jury

**GRANTED**.

15. <u>Defendant's MIL 15:</u> No Argument, Evidence or Questions by CoC related to a patent examiner being an expert in the field

**GRANTED**.

16. <u>Defendant's MIL 16:</u> No Testimony from CoC's Damages Expert Salters

**DENIED**.

17. <u>Defendant's MIL 17:</u> No Testimony from CoC's Technical Expert Crouse

**DENIED**.

18. <u>Defendant's MIL 18:</u> No Argument, Evidence, or Questions That an Expert Has Consulted for or Worked with the Other Party or Its Employees

**DENIED**.

SIGNED this 8th day of November, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE